# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| x | |
| MARVIN PEARLSTEIN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | CIVIL ACTION NO. 1:13-CV-07060 |
| Plaintiff, ) | HON. THOMAS P. GRIESA |
| vs. ) ) | |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA, ) ) ) ) ) | CLASS ACTION ECF CASE |
| Defendants. x | |
| x | |
| BENYAMIN KOHANIM, Individually and on Behalf of All Others Similarly Situated, ) ) ) | CIVIL ACTION NO. 1:13-CV-07132 (TPG) |
| Plaintiff, ) | |
| vs. ) ) | |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA, ) ) ) ) | |
| Defendants. x | |
| x | |
| VU TRAN, Individually and on Behalf of All Others Similarly Situated, ) ) | CIVIL ACTION NO. 1:13-CV-07972 (TPG) |
| Plaintiff, ) | |
| vs. ) ) | |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA, ) ) ) ) | |
| Defendants. x | |

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF OMAR AHMED FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF CO-LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS

Proposed Lead Plaintiff Omar Ahmed ("Ahmed" or "Movant") respectfully submits this Memorandum of Law in support of his motion for the entry of an order: (1) appointing Ahmed as Lead Plaintiff; (2) approving Ahmed's selection of Morgan & Morgan, P.C. ("Morgan & Morgan") and Newman Ferrara LLP ("Newman Ferrara") as Co-Lead Counsel for the Class (as defined below); and (3) consolidating all related actions.

## I.     INTRODUCTION

Presently pending before this court are three securities class action lawsuits (the "Related Actions") brought against BlackBerry Limited (formerly known as Research In Motion Limited) ("BlackBerry" or the "Company") and various of its officers and directors on behalf of purchasers of BlackBerry securities between September 27, 2012 and September 20, 2013[1], inclusive (the "Class Period").  The Related Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5.

On September 20, 2013 BlackBerry announced that the Company was forced to write down a nearly $1 billion charge related to unsold BlackBerry 10 devices and lay off approximately 4,500 employees, totaling approximately 40% of its total workforce.  On this news, BlackBerry stock plummeted from a closing price of $10.52 per share on September 19, 2013 to a close of $8.73 per share on September 20, 2013, after experiencing an intra-day low of $8.19, on heavy trading volume.  The value of BlackBerry stock continued to slide on heavy trading volume over the next few days as investors digested the bad news, and closed at $8.01 on September 25, 20l3.

---

[1] Although the *Kohanim v BlackBerry Ltd., et al*. 1:13-cv-07132 (TPG) action ends the class period on September 19, 2013, courts have favored using the longest class period for purposes of selecting a lead plaintiff.  *See, e.g*., *In re Doral Fin. Corp. Sec. Litig*., 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("I find that the use of the longer, most inclusive class period ... is proper, as it encompasses more potential class members...").

BlackBerry is alleged to have made materially misleading statements regarding the Company's recovery and revitalization and BlackBerry's business, operations, management, future business prospects, and the intrinsic value of BlackBerry common stock, and/or failed to disclose information necessary to make various statements not materially misleading.  As a result, millions of BlackBerry shares were sold at artificially inflated prices during the Class Period.

Pursuant to the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for the reasons set forth below, Ahmed respectfully submits that he should be appointed Lead Plaintiff on behalf of purchasers of all BlackBerry securities during the Class Period.  As set forth in detail below, Ahmed lost over $210,000, calculated on a Last-In-Last-Out ("LIFO") and First-In-First-Out ("FIFO") basis, on investments in BlackBerry common stock listed on the NASDAQ.

A copy of the PSLRA-required Certification submitted by Ahmed is attached as Exhibit B to the Safirstein Declaration. This Certification sets forth all transactions of Omar Ahmed in BlackBerry during the Class Period. In addition, a chart reflecting the calculation of Ahmed's financial losses in BlackBerry stock during the Class Period is attached as Exhibit C to the Safirstein Declaration.  In light of the significant transactions and losses reflected in these exhibits, Ahmed has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant.  Ahmed also meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.  In short, Ahmed is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, the Court should approve Ahmed's choice of Morgan & Morgan and Newman Ferrara to serve as Co-Lead Counsel on behalf of the Class. Morgan & Morgan and Newman Ferrara are eminently qualified to prosecute this action and have extensive experience in the prosecution of class actions and securities fraud claims such as those asserted in the Action, and will adequately represent the interests of all Class members.

## II.    STATEMENT OF FACTS[2]

BlackBerry is a designer, manufacturer, and marketer of wireless solutions for the worldwide mobile communications market. The Company provides platforms and solutions for access to email, voicemail, instant messaging, short message service, Internet and Intranet-based applications, and browsing through the development of integrated hardware, software, and services. BlackBerry was once a market share leader in the early days of the smartphone market but has struggled in recent years to staunch loss of market share to such rivals as Apple Inc. and Samsung Electronics Co Ltd. Facing a plummeting marketing share, BlackBerry staked the Company's comeback attempt on its Blackberry 10 platform and its recently launched smartphone BlackBerry Z10.

As alleged in the complaints filed in the Related Actions, through Class Period filings, Defendants were able to, among other things, (a) deceive the investing public regarding the BlackBerry 10 smartphone driving the recovery and revitalization of BlackBerry; (b) deceive the investing public regarding BlackBerry's business, operations, management, future business prospects, and the intrinsic value of BlackBerry common stock; and (c) cause Movant and other members of the Class to purchase BlackBerry common stock at artificially inflated prices. Specifically, the Company failed to inform investors that, contrary to Defendants' statements

---

[2] The statement of facts is based on the complaint filed in *Tran v BlackBerry Ltd., et al.* 1:13-CV-07972 (TPG) (S.D.N.Y. Nov. 8, 2013).

touting the Company's new BlackBerry 10 line of smart phones and the financial strength of BlackBerry, the Company was not on the road to recovery and re-emerging as a lead player in the wireless communications industry.

On September 20, 2013 BlackBerry announced that the Company was forced to write down a nearly $1 billion charge related to unsold BlackBerry 10 devices and lay off approximately 4,500 employees, totaling approximately 40% of its total workforce.  On this news, BlackBerry stock plummeted from a closing price of $10.52 per share on September 19, 2013 to a close of $8.73 per share on September 20, 2013, after experiencing an intra-day low of $8.19, on heavy trading volume.  The value of BlackBerry stock continued to slide on heavy trading volume over the next few days as investors digested the bad news, and closed at $8.01 on September 25, 2013.

As a result of Defendants' wrongful acts, false and misleading statements and omissions, and the precipitous decline in the market value of the Company's securities upon disclosure of the truth, Movant and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  OMAR AHMED SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (same).  Section 21D(a)(3)(A)(i) of the PSLRA provides that the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  Next, "not later than 60

days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). Pursuant to the PSLRA, the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that has either filed the complaint or made a motion in response to a notice . . .; in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30; *In re Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 44 (S.D.N.Y. 1998). Ahmed meets each of these requirements and should therefore be appointed Lead Plaintiff.

## 2. This Motion Is Timely

The notice published in this action on October 4, 2013 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from October 4, 2013, or December 3, 2013. *See* Safirstein Declaration ("Safirstein Decl."), Ex. A. This Motion is therefore timely filed.

## 3. Ahmed Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See* 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I); *see also Sofran v. LaBranche & Co., Inc*., 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004). Ahmed lost approximately $210,000 in investments in BlackBerry during the Class Period. *See* Safirstein Decl., Ex. C.

5

To the best of his counsel's knowledge, there are no other qualified applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Ahmed satisfies the PSLRA's prerequisite of having the largest financial interest. *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 4. Ahmed Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Ahmed satisfies these requirements at this stage of the litigation.

### a. Ahmed's Claims are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the

lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

The typicality requirement is met here because Ahmed, who is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as other Class members.  Like all members of the Class, Ahmed: (1) acquired BlackBerry securities during the Class Period, and (2) suffered damages.  *See Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004) (discussing ways in which lead plaintiff movants can meet the typicality requirement). These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the Class' claims, satisfy Rule 23(a)(3)'s typicality requirement.

### b.  Ahmed Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is met if no conflicts exist between the representative's interests and those of the class, and the representative's attorneys are qualified, experienced and generally able to conduct the litigation.  *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Ahmed will fairly and adequately represent the interests of the proposed Class.  No antagonism exists between Ahmed's interests and those of the absent Class members; rather, the interests of Ahmed and the Class members are squarely aligned.  In addition, Ahmed has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).  Ahmed suffered substantial losses due to Defendants' alleged fraud and, therefore, has a sufficient interest in the outcome of this case to

ensure vigorous prosecution of the Action. Accordingly, Ahmed satisfies the adequacy requirement.

## B. THE COURT SHOULD APPROVE AHMED'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u- 4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." *See Cavanaugh*, 306 F.3d at 732-33.

The members of Morgan & Morgan's class action securities litigation group have successfully prosecuted complex securities class actions and have been lead counsel in numerous landmark and precedent-setting class actions. *See* Safirstein Decl., Ex. D. Peter Safirstein ("Safirstein") has extensive experience litigating securities matters having served a prominent role in numerous class action including *In re Initial Public Offering Securities Litigation*, No. 21-92 (S.D.N.Y.), in which his former firm oversaw the efforts of approximately 60 plaintiffs' firms in 310 coordinated securities actions arising from the IPOs during the "high tech bubble." In granting final approval to a $586 million settlement on October 5, 2009, the *IPO* court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop." *See id.*

Safirstein, who heads Morgan & Morgan's New York office, has practiced in complex litigation for over 20 years. He formerly served in the United States Attorneys' Office for the Southern District of Florida and in the United States Attorneys' Office for the Southern District of New York (Securities and Commodities Fraud Unit), as well as in the Enforcement Division of the Securities and Exchange Commission. Safirstein's practice includes Human Rights Litigation and he successfully represented Nigerian children allegedly victimized by Pfizer's

improper medical experiments involving the drug Trovan.   He serves as co-chair of the Securities Subcommittee of the ABA Class Actions and Derivative Suits Committee.

The co-chair of Morgan & Morgan's class action securities litigation group is Christopher Polaszek ("Polaszek"), who has also served a prominent role in numerous securities class actions such as:  *In re Beazer Homes USA, Inc. Secs. Litig.* (N.D. Ga. $30.5 million settlement); *In re Liquidmetal Technologies, Inc.* (M.D. Fla. $7 settlement); *In re Omnivision Techs., Inc. Secs. Litig.* (N.D. Cal. $13.7 settlement); and *In re AFC Enters. Secs. Litig.* (N.D. Ga. $15 million settlement).  Prior to joining Morgan & Morgan, Polaszek served as the managing partner of the Tampa, Florida office of a national Plaintiff's securities class action firm for over five years. Polaszek has also represented consumers in class actions and practiced complex commercial litigation with an emphasis on securities fraud litigation and arbitration. In this regard, in addition to successfully litigating matters in state and federal courts, he has represented numerous clients in securities and commercial litigation arbitration proceedings conducted by the National Association of Securities Dealers, Inc., the New York Stock Exchange, and the American Arbitration Association.  Polaszek is or has been a member of the Federal Bar Association, Tampa Bay Inn of Court, American Bar Association, Association of Trial Lawyers of America, and the Public Investors Arbitration Bar Association.

Morgan & Morgan has the resources required to lead this complex litigation to conclusion.  Morgan & Morgan has more than 200 lawyers, and a support staff of over 1,000 people, with offices in New York, Florida, Georgia, Mississippi, Kentucky, and Tennessee, and has obtained multi-million dollar verdicts in courts throughout the country.  As Co-Lead Counsel, Morgan & Morgan will commit significant resources to this litigation to the benefit of the Class and vigorously litigate this matter to conclusion.

With over five decades of experience at its disposal, Newman Ferrara has evolved into a national practice focused on commercial and complex, multi-party litigation with an emphasis on securities class actions, shareholder class and derivative actions, consumer protection, products liability, civil rights, and employment discrimination. *See* Safirstein Decl., Ex. E. In addition, the firm maintains a well-regarded real estate and commercial litigation practice. Jeffrey M. Norton, the Chair of Newman Ferrara's Class Action and Complex Litigation Practice Group, has served in a leadership capacity in numerous securities and shareholder class actions where plaintiffs or class members won substantial benefits, including *In re Royal Dutch/Shell Transport ERISA Litig.*, (D.N.J.) ($90 million settlement); *In re Veritas Software Corp. Securities Litigation*, Civ. No. 04-831-SLR (D. Del.) ($21.5 million settlement); *In re AIG ERISA Litig.*, 04-CV-9387 (S.D.N.Y.) ($24.5 million settlement); *In re Conagra Foods, Inc. ERISA Litig.*, 8:05-CV-00348 (D. Neb.) (settlement valued over $14 million); *Salvato v. Zale Corp. et al.*, 3:06-CV-1124-D (N.D. Tx.) (settlement valued over $7 million); *Graden v. Conexant Systems, Inc.*, 2:05-CV-00695 (D.N.J.) (settlement valued at over $12 million); and *In re Popular Inc. ERISA Litigation*, 3:09-CV-01552 (D.P.R.) ($8.2 million settlement). In addition to representing plaintiffs in a wide range of civil-litigation matters, Mr. Norton is an Adjunct Professor of Law at Pace University School of Law, where he teaches Mass Torts and Class Action Litigation.

This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation. Accordingly, Ahmed's selection of counsel should be approved.

## C.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Three related securities class actions are presently on file before this Court against Defendants. These actions present substantially similar factual and legal issues, arise from the

same alleged scheme by Defendants, and allege violations of federal securities laws.   The following chart provides a summary of the Related Actions:

| Case Title | Date Filed | Class Period | Defendants |
|---|---|---|---|
| *Pearlstein v BlackBerry Ltd., et al.* 1:13-cv-07060 (TPG) | 10/4/2013 | 9/27/12 - 9/20/13 | BlackBerry Ltd., Thorsten Heins, and Brian Bidulka |
| *Kohanim v BlackBerry Ltd., et al.* 1:13-cv-07132 (TPG) | 10/8/2013 | 9/27/12 - 9/19/13 | BlackBerry Ltd., Thorsten Heins, and Brian Bidulka |
| *Tran v BlackBerry Ltd., et al.* 1:13-cv-07972 (TPG) | 11/8/2013 | 9/27/12 - 9/20/13 | BlackBerry Ltd., Thorsten Heins, and Brian Bidulka |

Each action alleges claims pursuant to §§ l0(b), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, names the same defendants, and stems from the same underlying facts and circumstances.   Because these actions are based on the same facts and involve the same subject matter and the same or similar legal claims, discovery obtained in this lawsuit will undoubtedly be relevant to all of the other enumerated actions, and similar class certification issues will be relevant to these actions.

Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") is proper when actions involve common questions of law and fact.  *See, e.g., Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (Sweet, J.) ("Consolidation is appropriate where actions before the Court involve common questions of law or fact.").   The Court has broad discretion under this Rule to consolidate cases pending within the District.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).   Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by

all concerned.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  Accordingly, consolidation of all related actions is appropriate under Rule 42(a) and the PSLRA, and Ahmed respectfully submits that all related actions should be consolidated.

## IV.    CONCLUSION

For the foregoing reasons, Ahmed respectfully requests that the Court: (1) appoint Ahmed as Lead Plaintiff; (2) approve Ahmed's selection of Morgan & Morgan and Newman Ferrara as Co-Lead Counsel for the Class; and (3) consolidate all related actions.

Dated: December 3, 2013                                Respectfully submitted,

                                                    */s/ Peter Safirstein*
                                                    _____
                                                       Peter Safirstein

                                                    Domenico Minerva
                                                    Elizabeth Metcalf
                                                    **MORGAN & MORGAN, P.C.**
                                                    28 W. 44th St., Suite 2001
                                                    New York, NY  10036
                                                    Telephone: (212) 564-1637
                                                    Facsimile: (212) 564-1807
                                                    Email: psafirstein@MorganSecLaw.com
                                                    Email: dminerva@MorganSecLaw.com
                                                    Email: emetcalf@MorganSecLaw.com

                                                    Jeffrey M. Norton
                                                    **Newman Ferrara LLP**
                                                    1250 Broadway, 27th Floor
                                                    New York, NY 10001
                                                    Telephone: (212) 619-5400
                                                    Facsimile: (212) 619-3090
                                                    Email: jnorton@nfllp.com

                                                    *Attorneys For Movant and*
                                                    *[Proposed] Co-Lead Counsel*

Christopher S. Polaszek
**MORGAN & MORGAN, P.A.**
One Tampa City Center
201 N. Franklin St., 7th Fl.
Tampa, FL 33602
Telephone: (813) 314-6484
Facsimile: (813) 222-2406
Email: cpolaszek@MorganSecLaw.com

*Attorney For Movant*