UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA, <br><br> Defendants. | Civil Action No. 1:13-cv-07060-TPG |
| BENYAMIN KOHANIM, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff(s), <br><br> v. <br><br> BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA, <br><br> Defendants. | Civil Action No. 1:13-cv-07132-TPG |
| VU TRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA, <br><br> Defendants. | Civil Action No. 1:13-cv-07972-TPG |

**MEMORANDUM IN SUPPORT OF THE MOTION OF
THE BLACKBERRY LIMITED INVESTOR GROUP TO CONSOLIDATE RELATED
ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED
LEAD PLAINTIFF'S CHOICE OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL BACKGROUND..........................................................................................3

STATEMENT OF FACTS ......................................................................................................3

ARGUMENT ..........................................................................................................................5

I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED .........................................5

II. THE BLACKBERRY LIMITED INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF..................................................................................................................6

    A.  The Procedural Requirements Pursuant to the PSLRA ............................................6

    B.  The BlackBerry Limited Investor Group is "The Most Adequate Plaintiff"...........7

        1.  The BlackBerry Limited Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff……………………………………7

        2.  The BlackBerry Limited Investor Group Has The Largest Financial Interest..................................................................................................................8

        3.  The BlackBerry Limited Investor Group Satisfies The Requirements Of Rule 23................................................................................................10

            i.  The BlackBerry Limited Investor Group's Claims Are Typical Of The Claims Of All The Class Members.........................................11

            ii. The BlackBerry Limited Investor Group Will Adequately Represent The Class.......................................................................12

III. THE COURT SHOULD APPROVE THE BLACKBERRY LIMITED INVESTOR GROUP'S CHOICE OF COUNSEL ...............................................................................13

CONCLUSION.....................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*In re BankAmerica Corp. Sec. Litig.*,
    350 F.3d 747 (8th Cir. 2003). ........................................................................................13

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...........................................................................................8

*City of Sterling Heights Gen. Employees Ret. Sys. v. Hospira, Inc.*,
    No. 11-8332, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) ..............................7

*Daniels v. City of N.Y.*,
    198 F.R.D. 409 (S.D.N.Y. 2001) ....................................................................................11

*In re Drexel Burnham Lambert Group*,
    960 F.2d 285 (2d Cir. 1992) ...........................................................................................11

*Dura Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005) ..................................................................................................... 8, 9

*Ferrari v. Impath*,
    No. 03-5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ............................ 11, 12

*In re First Union Corp.*,
    157 F. Supp. 2d 638 (W.D.N.C. 2000) .............................................................................7

*Garber v. Randell*,
    477 F.2d 711 (2d Cir. 1973) .............................................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................7, 8, 12

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*
    275 F.R.D. 187 (S.D.N.Y. 2011) ....................................................................................10

*Plumbers & Pipefitters Local No. 562 Pension Fund v. MGIC Inv. Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ..................................................................................1, 2

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997). .....................................................................................5

*Schulman v. Lumenis, Ltd.*,
    No. 02-1989, 2003 U.S. Dist. LEXIS 10348 (S.D.N.Y. June 18, 2003) ...........................7

*Sczensy Trust v. DiCamillo*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ..................................................................................11

*Walker v. Deutsche Bank, AG*,
   No. 04-1921, 2005 U.S. Dist. LEXIS 19776 (S.D.N.Y. Sept. 6, 2005)..............................5

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ..................................................................................11

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ..............................................................................5, 6, 7

*Wilder v. Bernstein*,
   499 F. Supp. 980 (S.D.N.Y. 1980)................................................................................11

## **Statutes and Rules**

15 U.S.C. §78u-4(a)............................................................................................... *passim*

15 U.S.C. §78u-4(e)....................................................................................................8, 9

Fed. R. Civ. P. 23...........................................................................................8, 10, 11, 13

Fed. R. Civ. P. 42(a) ....................................................................................................1, 5

## **PRELIMINARY STATEMENT**

The BlackBerry Limited Investor Group (or "Movants"),[1] a small, cohesive group of five members, submits this memorandum in support of its motion to: (a) consolidate the Actions[2] pursuant to Fed. R. Civ. P. 42(a); (b) appoint the BlackBerry Limited Investor Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (c) approve the BlackBerry Limited Investor Group's selection of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class.

As described in the Consolidated Schedule of Transactions and Losses for the BlackBerry Limited Investor Group, attached to the Kerr Declaration at Exhibit B, the BlackBerry Limited Investor Group has suffered a loss of approximately $337,364.00 as a result of its purchases of shares of BlackBerry Limited ("BlackBerry" or "Company") securities between September 27, 2012 and September 20, 2012, inclusive ("Class Period").[3] To the best of its knowledge, the

---

[1] The BlackBerry Limited Investor Group is compromised of Linda Jui Lin Chang, Batuhan Ulug, Alan Huggins, Yong M. Cho, and Inamul Desai. Though Movants move together as a group, alternatively, each agrees to have the Court consider their losses individually and appoint any of them, individually, should the Court so desire. *See* Declaration Of Brian C. Kerr In Support Of The Motion Of The BlackBerry Limited Investor Group To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Kerr Decl." or "Kerr Declaration"), Exhibit A.

[2] The related securities fraud class actions in this Court include the following cases: *Pearlstein v. BlackBerry Ltd.*, *et al.*, No. 1:13-cv-07060-TPG (S.D.N.Y.; filed on Oct. 4, 2013) ("*Pearlstein* Action"); *Kohanim v. BlackBerry Ltd.*, *et al.*, No. 1:13-cv-07132-TPG (S.D.N.Y.; filed on Oct. 8, 2013) ("*Kohanim* Action"); and *Tran v. BlackBerry Ltd.*, *et al.*, No. 1:13-cv-07972-TPG (S.D.N.Y.; filed on Nov. 8, 2013) ("*Tran* Action") (collectively, the "Action(s)").

[3] The *Kohanim* Action alleges a class period that ends one day earlier (September 19, 2013). At this stage of the proceedings, the longer class period should be used. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) ("[R]ather than ruling on the proper class period, courts usually . . . use the most inclusive class

BlackBerry Limited Investor Group has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, the BlackBerry Limited Investor Group's members' Certifications evidence their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[4] The members of the BlackBerry Limited Investor Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of these Actions.  *See* Kerr Decl., Exhibit A, ¶3 ("Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary, and Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group, a lead plaintiff being a representative party who acts on behalf of other class members in directing the action"); *see also id.*, ¶6 ("Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court. Plaintiff understands that this is not a claim form, and that Plaintiff's ability to share in any recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party."). Moreover, the members of the BlackBerry Limited Investor Group satisfy both the applicable requirements of the PSLRA and

---

period and select as lead plaintiff the movant with the largest financial interest under that period.").

[4] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Copies of the BlackBerry Limited Investor Group's members' Certifications are attached as Exhibit A to the Kerr Declaration.

Fed. R. Civ. P. 23 ("Rule 23"), and the BlackBerry Limited Investor Group is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

This is a federal class action on behalf of purchasers of BlackBerry securities, seeking to pursue remedies under the Exchange Act. The first lawsuit filed against BlackBerry, Thornsten Heins and Brian Bidulka (collectively, "Defendants"), the *Pearlstein* Action, was filed on October 4, 2013. In accordance with the PSLRA, a press release was issued and published on October 4, 2013 through *Marketwired* that a class action had been initiated against Defendants, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than December 3, 2013. *See* Kerr Decl. at Exhibit C. Two other actions, the *Kohanim* Action and the *Tran* Action, were filed on October 8, 2013 and November 8, 2013, respectfully.

The members of the BlackBerry Limited Investor Group are members of the Class (*see* Kerr Decl., Exhibit A) and they have timely moved within the 60-day period following publication of the October 4, 2013 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS

BlackBerry is a designer, manufacturer and marketer of wireless solutions for the worldwide mobile communications market. The Company provides platforms and solutions for access to email, voicemail, instant messaging, short message service, Internet and Intranet-based applications, and browsing through the development of integrated hardware, software, and services. As alleged in the Actions, Defendants published a series of materially false and misleading statements during the Class Period that Defendants knew and/or recklessly disregarded were materially false and misleading at the time of publication, and that omitted to

3

reveal material information necessary to make Defendants' statements, in light of such omissions, not materially false and misleading. Specifically, the Company failed to inform investors that, contrary to Defendants' statements touting the Company's new BlackBerry 10 line of smart phones and the financial strength of BlackBerry, the Company was not on the road to recovery and re-emerging as a lead player in the wireless communications industry. In reality, the BlackBerry 10 was not well-received by the market, and the Company was forced to write down a nearly $1 billion charge related to unsold BlackBerry 10 devices and layoff approximately 4,500 employees, totaling approximately 40% of its total workforce.

Through Class Period filings, Defendants were able to, among other things, (a) deceive the investing public regarding the BlackBerry 10 smartphone driving the recovery and revitalization of BlackBerry; (b) deceive the investing public regarding BlackBerry's business, operations, management, future business prospects, and the intrinsic value of BlackBerry common stock; and (c) cause Movants and other members of the Class to purchase BlackBerry securities at artificially inflated prices. It was not until September 20, 2013 that the Company announced the true state of BlackBerry, its charges and layoffs. BlackBerry issued a press release in which the Company announced its preliminary second quarter fiscal 2014 results. Specifically, BlackBerry disclosed that:

> [The Company] expects to report a primarily non-cash, pre-tux charge against inventory and supply commitments in the second quarter of approximately $930 million to $960 million, which is primarily attributable to BlackBerry ZlO devices. The current quarter will also include a pre-tax restructuring charge in the approximate amount of $72 million reflecting ongoing cost efficiency initiatives.

> As part of this, BlackBerry will implement a workforce reduction of approximately 4,500 positions or approximately 40% of the Company's global workforce resulting in a total workforce of approximately 7,000 full-time global employees.

As a result of the foregoing disclosure, BlackBerry's stock plummeted from a closing price of $10.52 per share on September 19, 2013 to a close of $8.73 per share on Friday, September 20, 2013, after experiencing an intra-day low of $8.19, on heavy trading volume. The value of BlackBerry's stock continued to slide on heavy trading volume over the next few days as investors digested the bad news, and closed at $8.01 on September 25, 2013.  Thus, as a result of Defendants' wrongful acts and omissions, the BlackBerry Limited Investor Group and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Fed. R. Civ. P 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.  *See Walker v. Deutsche Bank, AG*, No. 04-1921, 2005 U.S. Dist. LEXIS 19776, at *6 (S.D.N.Y. Sept. 6, 2005).   Under the Rule, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131

(S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that results from prosecuting related actions separately before two or more judges. *See id*. Accordingly, the Actions should be consolidated.

## II.   THE BLACKBERRY LIMITED INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. §78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the first-filed *Pearlstein* Action published a notice on *Marketwired* on October 4, 2013 (*see* Kerr Decl., Exhibit C). This notice announced that applications for appointment as lead plaintiff had to be made by December 3, 2013. As the PSLRA notes, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA instructs that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—

    (aa) has either filed the complaint or made a motion in response to a notice…

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii).

  **B.** **The BlackBerry Limited Investor Group is "The Most Adequate Plaintiff"**

    **1.** **The BlackBerry Limited Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The BlackBerry Limited Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff. Moreover, the BlackBerry Limited Investor Group has the largest known financial interest in the relief sought by the Class. Further, the members of the BlackBerry Limited Investor Group have shown their willingness to represent the Class by signing sworn Certifications detailing their investments in BlackBerry securities during the Class Period and confirming their willingness to discharge the obligations of class representatives in these Actions. *See* Kerr Decl., Exhibit A.

Small cohesive groups like the BlackBerry Limited Investor Group have routinely been appointed as Lead Plaintiff in securities class actions when they have shown the Court their ability to effectively manage the litigation. *Weltz*, 199 F.R.D. at 133; *see also City of Sterling Heights Gen. Employees Ret. Sys. v. Hospira, Inc.*, No. 11-8332, 2012 U.S. Dist. LEXIS 54081, at *22-*24 (N.D. Ill. Apr. 18, 2012); *In re First Union Corp.*, 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000); *Schulman v. Lumenis, Ltd.*, No. 02-1989, 2003 U.S. Dist. LEXIS 10348, at *21-*22 (S.D.N.Y. June 18, 2003); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42,

7

44-46 (S.D.N.Y. 1998) (holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff").

In addition, the BlackBerry Limited Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resume of proposed Lead Counsel, Brower Piven, is attached as Exhibit D to the Kerr Declaration.

### 2. The BlackBerry Limited Investor Group Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, the BlackBerry Limited Investor Group with losses of $337,364.00 has the largest known financial interest in the relief sought by the Class. *See* Kerr Decl., Exhibit B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively entitled to lead plaintiff status. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…").

Under the PSLRA, damages are calculated based on the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated. *See* 15 U.S.C. §78u-4(e)(1). Under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005), a shareholder can claim the drop in share price as a result of the corrective news, but never more than that amount permitted under the PSLRA. *See* 15 U.S.C. §78u-4(e) ("… shall not exceed …."). The BlackBerry Limited Investor Group calculated its losses by determining how many shares were purchased during the Class Period and then by determining how many of those

shares were held through the partial corrective disclosure on September 20, 2013.  For every calculation, the BlackBerry Limited Investor Group calculated its loss under *Dura* and under the damage cap provided for by 15 U.S.C. §78u-4(e), and based its loss on whichever formula yielded the lower loss calculation.

The *Dura* loss is equal to the number of shares times the price drop, and the statutory damage cap loss is equal to the number of shares multiplied by the difference between the purchase price and the ninety-day average price.  The *Dura* loss is used where the purchase price exceeds the sum of the ninety-day average plus the share price drop, while the statutory cap loss is used where the purchase price is less than the sum of the ninety-day average and the share price drop.  This methodology ensures that the lowest damage estimate, between the *Dura* calculation and the statutory cap calculation, is used when calculating the damages associated with each share purchase.  Where a member of the BlackBerry Limited Investor Group sold shares after the corrective disclosure, but before the end of the ninety-day period, the member calculated the average share price from the day after the partial corrective disclosure until the date of sale, and used this average price in place of the ninety-day average price. *See* 15 U.S.C. §78u-4(e)(2).

To calculate the losses associated with the partial corrective disclosure, the BlackBerry Limited Investor Group compared the purchase price of their shares with the price drop attributable to the partial corrective disclosure, $1.79, and the average share price between September 20, 2013, the date of the partial corrective disclosure, and December 2, 2013 (the date of the most recent trading information), since the ninety-day period will not elapse until after December 3, 2013, which was $7.48.

This same methodology was used to calculate the losses associated with Mr. Desai's purchase of call options. To calculate the losses associated with the partial corrective disclosure, Mr. Desai compared the purchase price of his $11.00 Call Options, with the price drop for these options following the partial corrective disclosure, $0.46, and compared this price drop to the average price for the $11.00 Call Options during the period following the partial corrective disclosure until the expiration of the options on October 19, 2013, which was $0.03.

Any gains or losses from transactions where both the purchase and sale occurred before the partial corrective disclosure were excluded from the loss calculations as mandated by *Dura*. Sales were matched against purchases using a Last-In, First-Out ("LIFO") methodology. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) (noting the preference for the LIFO methodology). Thus, in total, the BlackBerry Limited Investor Group's claimed losses in connection with its motion seeking appointment as Lead Plaintiff are $337,364.00.

### 3. The BlackBerry Limited Investor Group Satisfies The Requirements Of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.").

As detailed below, the BlackBerry Limited Investor Group satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.

### i. The BlackBerry Limited Investor Group's Claims Are Typical Of The Claims Of All The Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.  *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).  The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 992 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-5667, 2004 U.S. Dist. LEXIS 13898, at *18

(S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the claims of the members of the BlackBerry Limited Investor Group are identical to, and non-competing and non-conflicting with the claims of the other Class members. The BlackBerry Limited Investor Group and all of the Class members purchased BlackBerry securities and suffered damages as a result of these purchases due to Defendants' misrepresentations and omissions. Therefore, the BlackBerry Limited Investor Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 50. The BlackBerry Limited Investor Group is not subject to any unique or special defenses. Thus, the BlackBerry Limited Investor Group meets the typicality requirement of Rule 23 because its claims are the same as the claims of the other Class members.

### ii. The BlackBerry Limited Investor Group Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

The BlackBerry Limited Investor Group's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between the members of the BlackBerry Limited Investor Group and the other Class members, but the members of the BlackBerry Limited Investor Group have a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon the very large financial losses each of its members has suffered as a result of the wrongful conduct alleged in these Actions. This motivation,

12

combined with the BlackBerry Limited Investor Group's identical interest with the members of the Class, demonstrates that the BlackBerry Limited Investor Group will vigorously pursue the interests of the Class.  In addition, the BlackBerry Limited Investor Group has selected a law firm to represent it and the Class that is highly experienced in prosecuting securities class actions.

In sum, because of the BlackBerry Limited Investor Group's common interests with the Class members, its clear motivation and ability to vigorously pursue these Actions, and its competent counsel, the adequacy requirement of Rule 23(a)(3) and (4) are met.  Therefore, because the BlackBerry Limited Investor Group not only meets both the typicality and adequacy requirements of Rule 23(a) and has sustained the largest amount of losses from Defendants' alleged wrongdoing, the BlackBerry Limited Investor Group is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and it should be appointed as such to lead theses Actions.

### III.   THE COURT SHOULD APPROVE THE BLACKBERRY LIMITED INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v).  "[T]he Act is explicit on the lead plaintiff's authority to select and retain counsel[.]" *In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th Cir. 2003).  The BlackBerry Limited Investor Group has selected Brower Piven to serve as Lead Counsel.

Brower Piven has not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Kerr Decl., Exhibit D.  This Court may be assured that in the event the BlackBerry Limited

Investor Group's motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the BlackBerry Limited Investor Group respectfully requests that the Court: (a) consolidate the related Actions; (b) appoint the BlackBerry Limited Investor Group to serve as Lead Plaintiff in these Actions; (c) approve the BlackBerry Limited Investor Group's selection of Brower Piven as Lead Counsel; and (d) grant such other and further relief as the Court may deem just and proper.

Dated:   December 3, 2013

BROWER PIVEN
   A Professional Corporation

*/s/ Brian C. Kerr*
David A.P. Brower
Brian C. Kerr
475 Park Avenue South, 33rd Floor
New York, New York 10016
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300
Email: kerr@browerpiven.com
Email: brower@browerpiven.com

BROWER PIVEN
   A Professional Corporation
Charles J. Piven
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300
Email: piven@browerpiven.com

*Counsel for the BlackBerry Limited Investor Group and Proposed Lead Counsel for the Class*