**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE W. DONA (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Fax: (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Movants Todd Cox and Mary Dinzik*
*and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA,  )<br>)<br>)<br>Defendants.  ) | Case: 13-CV-7060-TPG<br><br>HON. THOMAS P. GRIESA |

(caption continued on the following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF TODD COX AND MARY DINZIK TO CONSOLIDATE RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

| | |
|---|---|
| BENYAMIN KOHANIM, Individually And On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>     vs.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA,<br><br>                        Defendants. | Case: 13-CV-7132-TPG<br><br>HON. THOMAS P. GRIESA |
| VU TRAN, Individually And On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>     vs.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA,<br><br>                        Defendants. | Case: 13-CV-7972-TPG<br><br>HON. THOMAS P. GRIESA |

## PRELIMINARY STATEMENT

Movants Todd Cox and Mary Dinzik ("Cox and Dinzik" or "Movants") hereby move this Court: (1) to consolidate various related securities class actions[1] filed against Blackberry Ltd. ("Blackberry" or the "Company") and other defendants; (2) to be appointed Lead Plaintiff in this consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation

---

[1] The related securities class actions include *Kohanim v. Blackberry Ltd., et al.*, 13-CV-7132-TPG (filed October 8, 2013) and *Tran v. Blackberry Ltd., et al.*, 13-CV-7972-TPG (filed November 8, 2013).

Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) to approve Cox and Dinzik's choice of Lead Counsel.

Cox and Dinzik fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Chart attached to the Declaration of Kim E. Miller in Support of the Motion of Marvin Cox and Dinzik to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, Cox and Dinzik have suffered losses of $326,723.41 as a result of their purchases of Blackberry securities from September 27, 2012 to September 20, 2013, inclusive (the "Class Period"). To the best of their knowledge, Cox and Dinzik have sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Cox and Dinzik's Certification demonstrates their intent to serve as Lead Plaintiff in this matter, including their cognizance of the duties of serving in that role. *See* Miller Decl. at Exhibit A. Moreover, Cox and Dinzik satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiff."

Accordingly, Cox and Dinzik respectfully submit this memorandum of law in support of their motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Cox and Dinzik as Lead Plaintiff in this action pursuant to

Section 21D(a)(3)(B) of the Exchange Act, and (3) approving their selection of the law firm of Kahn Swick & Foti, LLC ("KSF"), as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

KSF filed the first lawsuit against Defendants, *Pearlstein v. Blackberry Ltd. et al.*, No. 13-CV-7060-TPG, in the Southern District of New York on October 4, 2013.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on October 4, 2013, KSF published the first notice that a class action had been initiated against Defendants in *Market Wired*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than December 3, 2013.  *See* Miller Decl. at Exhibit C.

Cox and Dinzik are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the October 4, 2013 Notice.

## STATEMENT OF FACTS[2]

Defendant Blackberry is a Canadian corporation with its principal place of business in Waterloo, Ontario, Canada.  The Company is a designer, manufacturer and marketer of wireless solutions for the worldwide mobile communications market.  The Company provides platforms and solutions for access to email, voicemail, instant messaging, short message service, Internet and Intranet-based applications, and browsing through the development of integrated hardware, software, and services.  The Company's shares trade on the NASDAQ stock exchange under the symbol "BBRY".

Throughout the Class Period, Defendants published a series of materially false and misleading statements during the Class Period that Defendants knew and/or recklessly disregarded were materially false and misleading at the time of publication, and that omitted to

---

[2] These facts are derived from the Complaint filed in *Pearlstein v. Blackberry Ltd. et al.*, No. 13-CV-7060-TPG (filed October 4, 2013)

3

reveal material information necessary to make Defendants' statements, in light of such omissions, not materially false and misleading.  Through Class Period filings, Defendants were able to, among other things, (a) deceive the investing public regarding the BlackBerry 10 smartphone driving the recovery and revitalization of BlackBerry; (b) deceive the investing public regarding BlackBerry's business, operations, management, future business prospects, and the intrinsic value of BlackBerry common stock; and (c) cause Plaintiff and other members of the Class to purchase BlackBerry common stock at artificially inflated prices.  Specifically, the Company failed to inform investors that, contrary to Defendants' statements touting the Company's new BlackBerry 10 line of smart phones and the financial strength of BlackBerry, the Company was not on the road to recovery and re-emerging as a lead player in the wireless communications industry. It was not until September 20, 2013 that the Company announced the true state of BlackBerry. In reality, the BlackBerry 10 was not well-received by the market, and the Company was forced to write down a nearly $1 billion charge related to unsold BlackBerry 10 devices and lay off approximately 4,500 employees, totaling approximately 40% of its total workforce.

As a result of the revelation of previously undisclosed true facts, BlackBerry stock plummeted from a closing price of $10.52 per share on September 19, 2013 to a close of $8.73 per share on September 20, 2013, after experiencing an intra-day low of $8.19, on heavy trading volume.  The value of BlackBerry stock continued to slide on heavy trading volume over the next few days as investors digested the bad news, and closed at $8.01 on September 25, 2013.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Cox and Dinzik and other

members of the Class purchasing Blackberry securities for inflated values, thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

### I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact.  The Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[3] provide for consolidation of related actions brought under the federal securities laws.  Court have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons.  *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y 1997).

In this case, the related actions are perfectly suited for consolidation.  The class actions contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's business operations and financial strength during the relevant period.  Furthermore, the Complaints allege nearly identical Class Periods[4] and identical Defendants.  The class actions also involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the S.E.C.  Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by Defendants.  *Glauser v. EVCI Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9,

---

[3] Fed. R. Civ. P. 42(a):  Consolidation.  When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

[4] The Complaint in *Kohanim v. Blackberry Ltd., et al.*, 13-CV-7132-TPG (filed October 8, 2013) alleges a class period that ends one day earlier than the class periods in the other two Complaints.

5

2006) ("While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.'") Accordingly, this Court should consolidate the related actions.

## II.     COX AND DINZIK SHOULD BE APPOINTED LEAD PLAINTIFF.

### A.     The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, Counsel for Cox and Dinzik caused notice to be published in *Market Wired* on October 4, 2013. *See* Miller Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than December 3, 2013. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B.   Cox and Dinzik are "The Most Adequate Plaintiff".

#### 1.   Cox and Dinzik Have Complied With the PLSRA and Should Be Appointed Lead Plaintiff.

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B), expires on December 3, 2013.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on October 4, 2013), Cox and Dinzik timely move this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, Cox and Dinzik have sustained a substantial loss from their investment in Blackberry securities and have shown their willingness to represent the class by signing a Certification detailing their transactions in Blackberry securities during the Class Period.  *See* Miller Decl. Exhibit A.  As demonstrated by their certification, Cox and Dinzik are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  In addition, Cox and Dinzik have selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration.

### 2.     Cox and Dinzik Have the Largest Financial Interest.

During the Class Period, as evidenced by the accompanying signed certification (Miller Decl., Ex. A), Cox and Dinzik purchased Blackberry securities in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby.  In addition, Cox and Dinzik incurred a substantial loss of $326,723.41 on their transactions in Blackberry securities (Miller Decl. Exhibit B).  To the best of their knowledge, Cox and Dinzik thus have the largest financial interest in the relief sought.  Therefore, Cox and Dinzik satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.     Cox and Dinzik Satisfy the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In*

*re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Cox and Dinzik satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

        **i.    Cox and Dinzik's Claims are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Cox and Dinzik's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Cox and Dinzik and all the other Class Members (1) purchased Blackberry securities during the Class Period, (2) purchased Blackberry securities in reliance upon the allegedly materially false and misleading statements issued by Defendants, and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Cox and Dinzik's claims are typical of those of other class

members since their claims and the claims of other class members resulted from the same illegal practices.

### ii. Cox and Dinzik Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, Cox and Dinzik are adequate representatives of the class. As evidenced by the injuries suffered by Cox and Dinzik, who purchased Blackberry securities at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Cox and Dinzik are clearly aligned with the members of the class, and there is no evidence of any antagonism between Cox and Dinzik's interests and those of the other members of the class. Furthermore, Cox and Dinzik have retained competent and experienced counsel to prosecute these claims. Cox and Dinzik's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Cox and Dinzik *prima facie* satisfy the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### III.   THE COURT SHOULD APPROVE COX AND DINZIK'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Cox and Dinzik have selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal

and state courts across the country.  *See* Miller Decl. Exhibit D.  Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## CONCLUSION

For all of the foregoing reasons, Cox and Dinzik respectfully request that this Court: (1) consolidate all related actions, (2) appoint Cox and Dinzik to serve as Lead Plaintiff in this consolidated action; (3) approve Cox and Dinzik's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper

Dated: December 3, 2013                           Respectfully submitted,


                                                        KAHN SWICK & FOTI, LLC


                                                          /s/  Kim E. Miller
                                                        Kim E. Miller (KM-6996)
                                                        Bruce W. Dona (BD-3730)
                                                        250 Park Avenue, Suite 2040
                                                        New York, NY 10177
                                                        Telephone:   (212) 696-3730
                                                        Facsimile:    (504) 455-1498

                                                        And

                                                        Lewis S. Kahn
                                                        206 Covington St.
                                                        Madisonville, LA 70447
                                                        Telephone (504) 455-1400
                                                        Facsimile: (504) 455-1498

                                                        *Counsel for Movants Todd Cox and Mary Dinzik and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

      I hereby certify that this Memorandum of Law was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 3, 2013.

/s/ Kim E. Miller
Kim E. Miller
