**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA,<br><br>        Defendants. | No. 1:13-cv-07060-TPG<br><br>ECF  Case |
| BENYAMIN KOHANIM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA,<br><br>        Defendants. | No. 1:13-cv-07132-TPG<br><br>ECF  Case |
| VU TRAN, Individually and on Behalf of All Other Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS and BRIAN BIDULKA,<br><br>        Defendants. | No. 1:13-cv-07972-TPG<br><br>ECF  Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK KATZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead plaintiff movant Mark Katz ("Katz" or "Movant") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of lead counsel in the above-captioned action.

Pursuant to the PSLRA, the person or group who possesses the largest financial interest in the litigation and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA further provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff. Movant Katz believes that he is the "most adequate plaintiff" as defined by the PSLRA, based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in these related actions. Moreover, Movant otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff for the action and his selection of Glancy Binkow & Goldberg LLP – a firm with substantial expertise and experience in securities class action litigation – should be approved as lead counsel for the Class.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of BlackBerry Limited ("BlackBerry or the "Company") common stock between September 27, 2012 and September 19, 2013, inclusive, (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

BlackBerry – formerly, Research in Motion Limited – is a designer, manufacturer and marketer of wireless solutions for the worldwide mobile communications market. The Company

provides platforms and solutions for access to email, voicemail, instant messaging, short message service, Internet and Intranet-based applications, and browsing through the development of integrated hardware, software, and services. On July 10, 2013, the Company changed its name from Research in Motion Limited ("RIM") to Blackberry Limited.

The Complaints allege that throughout the Class Period Defendants issued a series of materially false and misleading statements or failed disclose material information concerning the Company's business and financial prospects. Specifically, Defendants misrepresented or failed to disclose that the Company was not on the road to recovery and re-emerging as a lead player in the wireless communications industry, contrary to Defendants' statements touting the Company's financial strength and the new BlackBerry 10 line of smart phones.

Then, on September 20, 2013, in a press release announcing the Company's preliminary second quarter fiscal 2014 results, the Company disclosed, among other things, the following: (i) that the Company expected to report a primarily non-cash, pre-tax charge of approximately $930-$960 million against inventory and supply commitments in the second quarter, primarily attributable to BlackBerry ZIO devices; (ii) a pre-tax restructuring charge of approximately $72 million in the current quarter, reflecting ongoing cost efficiency initiatives; and (iii) that the Company will implement a workforce reduction of approximately 4,500 positions -- or approximately 40% of the Company's global workforce --- as part of an approximately 50% reduction in operating expenditures by the end of the first quarter of Fiscal 2015.

As a result of the foregoing disclosures, BlackBerry's stock plummeted from a closing price of $10.52 per share on September 19, 2013, to close at $8.73 per share on September 20, 2013. BlackBerry's stock price continued to slide on heavy trading volume over the next few days, and closed at $8.01 on September 25, 2013.

## II.     PROCEDURAL HISTORY

This action was commenced October 4, 2013, by plaintiff Marvin Pearlstein, and on that day counsel for plaintiff published a notice on *Marketwired* announcing that a securities class action had been initiated against defendants herein. *See* Declaration of Gregory B. Linkh In Support of Motion of Mark Katz for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Linkh Declaration") at Exhibit ("Exh.") A. In addition and subsequent to the *Pearlstein* complaint, two related actions – based on the same events and naming the same defendants as the *Pearlstein* complaint – were filed in this District: *Kohanim v. Blackberry Ltd., et al.,* No.  1:13-cv-07060-TPG (filed October 8, 2013), and *Tran v. Blackberry Ltd., et al*., No. 1:13-cv-07972-TPG (filed November 8, 2013). Each of the related actions is reflected above in the caption of this document.

## III.    ARGUMENT

### A.     The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id*.; *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

Each of the related actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. The *Pearlstein, Kohanim* and *Tran* actions all name the Company and certain of its officers and/or directors as defendants, each alleges the same violations of federal securities laws, and each is based on the same wrongful course of conduct during overlapping putative class periods. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation under Rule 42(a) is

appropriate. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (Consolidation is appropriate where the actions arise out of a common core of facts and legal issues, name overlapping or intertwined defendants, and allege the same fraudulent scheme and course of conduct.).

### B.   Movant Mark Katz Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff (i) will not fairly and adequately protect the interest of the class or (ii) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

4

As set forth herein, Katz satisfies all of these criteria. Movant purchased BlackBerry shares during the putative Class Period and suffered significant financial losses as a result. Movant has complied with all of the PSLRA's requirements to be appointed lead plaintiff; he has, to the best of his knowledge, the largest financial interest in this litigation and otherwise meets the relevant requirements of Federal Rule of Civil Procedure 23, and Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Katz respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.      Movant Is Making a Motion In Response to a PSLRA Notice

On October 4, 2013, plaintiff Marvin Pearlstein commenced this action by filing a class action complaint alleging violations of federal securities laws against BlackBerry and certain of its executive officers. Also on October 4, 2013, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for Pearlstein published a notice of pendency of plaintiff's case on *Marketwired* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of BackBerry securities that they had 60 days from the publication of the October 4, 2013, notice to file a motion to be appointed as lead plaintiff. *See Greebel v. FTP Software, Inc*., 939 F.Supp. 57, 63 (D.Mass. 1996) (Concluding that publication through an electronic wire service satisfies the PSLRA's notice requirement.).

Movant timely files the instant motion pursuant to the October 4, 2013 notice, and within the 60-day period following publication of the notice, and submits herewith Movant's sworn certification attesting that Mark Katz is willing to serve as representative of the class and willing

to provide testimony at deposition and trial, if necessary. *See* Linkh Declaration, Exh. B. Movant therefore satisfies the first PSLRA requirement, by filing a motion in response to a published PSLRA notice.

### 2.    Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). The PSLRA does not provide a specific method for determining a movant's "financial interest," but most courts in this District consider four factors: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the movant's net class-period expenditures, and (4) the approximate losses suffered. *In re KIT Digital, Inc. Sec. Litig.*, No. 12 Civ. 4199 (VM), 2013 WL 1200324, at *2 (S.D.N.Y. March 13, 2013). The fourth factor – approximate losses – is widely considered to be the most important measure. *See Id.*; *Kaplan v. Gelfond,* 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (collecting cases).

Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff. During the Class Period, Movant purchased 98,470 shares of Blackberry, he retained 49,990 of those shares through the end of the Class Period, expended $596,530 and suffered financial losses of $224,334. *See* Linkh Declaration, Exh. C.

Movant is not aware of any other Class member claiming larger financial losses who has filed a complaint or a motion for appointment as lead plaintiff and, consequently, Movant believes he has the largest financial interest in the relief sought by the Class. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.

*See Varghese,* 589 F. Supp. 2d at 396.

### 3.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The third requirement to be appointed lead plaintiff, as set forth in Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA, is satisfied when the lead plaintiff candidate possessing the largest financial interest in the outcome of the litigation makes a preliminary showing that it "otherwise satisf[ies] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a.      Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Id.* at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the putative Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning BlackBerry's business and financial prospects. Movant, like all of the members of the Class, purchased BlackBerry securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Accordingly, Movant's interests are closely aligned with other Class members', and his interests are, therefore, typical of the other members of the Class.

### b.      Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *Id.* Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. In addition, Movant is not aware that any conflict exists between his claims and the other Class members' claims. Movant also sustained significant financial losses from his investments in BlackBerry stock and is, therefore, motivated to pursue the claims in this action. *See* Linkh Declaration, Exh. C.

### B.      The Court Should Approve Lead Plaintiff's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel in the event he is appointed lead plaintiff. Glancy Binkow & Goldberg

LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exh. D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the above-captioned actions, (b) appointing Mark Katz as lead plaintiff, (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: December 3, 2013                    GLANCY BINKOW & GOLDBERG LLP

By:   *s/ Gregory B. Linkh*
Gregory B. Linkh (GL 0477)
Brian P. Murray (BM 9954)
122 East 42nd Street, Suite 2920
New York, New York 10168
Tel: (212) 682-5340
Fax: (310) 201-9160
Email: glinkh@glancylaw.com

-and-

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Proposed Lead Counsel*

## <u>DECLARATION OF SERVICE</u>

I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 3rd day of December, 2013, I caused a true and correct copy of the foregoing document to be served through this court's ECF system.

<u>/s/ Gregory B. Linkh</u>
Gregory B. Linkh