**KAHN SWICK & FOTI, LLC**
KIM E. MILLER (KM-6996)
BRUCE W. DONA (BD-3730)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone:  (212) 696-3730
Fax:  (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone:  (504) 455-1400
Fax:  (504) 455-1498

*Counsel for Todd Cox & Mary Dinzik*
*& Proposed Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated, ) ) ) | Case: 13-CV-7060-TPG |
| Plaintiff, ) ) | HON. THOMAS P. GRIESA |
| vs. ) ) | |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA, ) ) ) ) | |
| Defendants. ) ) | |

(caption continued on the following page)

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF TODD COX AND MARY DINZIK TO CONSOLIDATE RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COMPETING MOVANTS' SELECTION OF LEAD COUNSEL**

|  | )  |  |
| --- | --- | --- |
| BENYAMIN KOHANIM, Individually And On Behalf of All Others Similarly Situated, | )<br>)<br>) | Case: 13-CV-7132-TPG |
|  | ) | HON. THOMAS P. GRIESA |
| Plaintiff, | )<br>) |  |
| vs. | )<br>)<br>) |  |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA, | )<br>)<br>)<br>)<br>) |  |
| Defendants. | )<br>)<br>) |  |
| VU TRAN, Individually And On Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) | Case: 13-CV-7972-TPG |
|  | ) | HON. THOMAS P. GRIESA |
| Plaintiff, | )<br>)<br>) |  |
| vs. | )<br>)<br>) |  |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, and BRIAN BIDULKA, | )<br>)<br>)<br>)<br>) |  |
| Defendants. | )<br>)<br>) |  |

## PRELIMINARY STATEMENT

Movants Todd Cox and Mary Dinzik ("Cox and Dinzik" or "Movants"), a couple who

jointly owned Blackberry Limited shares in a joint account in both of their names, respectfully

submit this Memorandum of points and authorities in further support of their Motion, pursuant to

the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) as amended

by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for

appointment of Movants as Lead Plaintiffs, for approval of their selection of Kahn Swick & Foti,

LLC ("KSF") as Lead Counsel, and in opposition to the competing Lead Plaintiff motions filed by various competing movants.

Movants are presumptively the most adequate plaintiffs, having suffered losses of $367,684.46 that are larger than any other competing movants and parties who are eligible for the role of Lead Plaintiff. Four movants or groups made timely motions for appointment as lead plaintiff. The only competing movant with substantial losses – the Blackberry Limited Investor Group – is a group of five unrelated investors with no pre-litigation relationship. The remaining competing movants have claimed losses that are on their face substantially smaller than the losses of Cox and Dinzik.

Based on the foregoing, and for the reasons discussed herein below, this Court should appoint Movants as Lead Plaintiff in this Action and approve their selection of counsel, KSF, as Lead Counsel for the Class.

## ARGUMENT

### I.  Movants Should Be Appointed Lead Plaintiff

#### A. Movants Meet the Requirements of the PSLRA and Are the "Most Adequate Plaintiff"

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person, or group of persons, that: a) filed the initial complaint, or moved for appointment as Lead Plaintiff; b) *has the largest financial interest in the relief sought by the class*; c) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Corwin,* 2008 WL 123846, *2 (*emphasis added*). The court then, must first determine which member of the class is entitled to this statutory presumption. *Sczesny Trust v. DiCamillo,* 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

Cox and Dinzik suffered losses of $367,684.46 [1] as a result of their purchases of shares of Blackberry Ltd. ("Blackberry" or the "Company").   These losses are larger than the losses suffered by any other movant as shown in the table below:

| MOVANT | PROPOSED LEAD COUNSEL | LARGEST CLAIMED LOSSES |
|---|---|---|
| Cox & Dinzik | KSF | $367,684.46 |
| BLIG | Brower Piven, A Professional Corporation | $337,364.00 [2] |
| Mark Katz | Glancy Binkow & Goldberg, LLC | $224,334.47 |
| Omar Ahmed | Morgan & Morgan, PC | $210,457.89 |

Movant Cox & Dinzik had the highest reported loss among qualified Movants. Therefore, Cox and Dinzik are presumptively the most adequate plaintiff.

Movants are well suited for the role as Lead Plaintiff in this matter.   They have demonstrated their commitment to this litigation, having timely filed their Motion for consolidation, appointment as Lead Plaintiff, and approval of their selection of Lead Counsel.

---

[1]   In their opening Motion, Cox and Dinzik claimed a loss of $326,723.41.  In fact, their loss is actually a bit higher, amounting to approximately $367,684.46. In the opening motion, in an abundance of caution, Counsel for Cox and Dinzik did not include an additional $40,144.05 in losses resulting from the purchase of 20,000 shares on September 20, 2013 and the sale of those 20,000 shares on the same day until Counsel for Cox and Dinzik could verify that these shares were purchased prior to the Company's corrective disclosure and sold after the corrective disclosure and therefore constitute a proper loss under *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336 (2005).  Such verification has since been made.  In addition, the Loss Chart inadvertently excluded 817 shares that appeared on the certification of Cox and Dinzik.  The shares were purchased on August 5, 2013 at $9.44 per share and sold on September 20, 2013 at a price of $8.44 per share, adding another $817.00 in losses.  Moreover, minor computational errors in a movant's loss chart do not disqualify a movant that plainly has the largest financial interest. *See In re Hi-Crush Partner, LP Sec. Litig.*, No. 12-cv-08557, *Memorandum and Order* (S.D.N.Y., Feb. 11, 2013) (finding that a Movant should not be disqualified due to discrepancies in the Movant's loss chart when the underlying trade data submitted by the Movant was accurate and the computational error **undercounted** the Movant's damages)(emphasis added); *see also See In re American Bus. Fin. Servs., Inc.,* No. Civ. A. 04-0265  (E.D. Pa. June 3, 2004); *Ferrari v. Gisch,* 225 F.R.D. 559, 605 (C.D. Cal. 2004).

[2]   BLIG consists of five unrelated individuals with no pre-litigation relationship.

Counsel for Cox and Dinzik also filed the first Complaint in this matter after having conducted a thorough investigation of the facts relating to the case.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movants' certification demonstrates their intent to serve as Lead Plaintiff in this matter, including their cognizance of the duties of serving in that role. Moreover, Movants also satisfy all of the requirements for appointment as Lead Plaintiff under the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. In determining the proper party to serve as Lead Plaintiff, courts have clarified that the PSLRA's focus of the inquiry under this provision is on the typicality requirement of Fed. R. Civ. P. 23(a)(3) and the adequacy requirement of Fed. R. Civ. P. 23(a)(4). *See*, *e.g.*, *In re Oxford Health Plans,* 182 F.R.D. at 49 (holding typicality and adequacy are the only relevant considerations under the PSLRA for selecting Lead Plaintiff).

Cox and Dinzik easily satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23. Cox and Dinzik have interests in common with the Class members, have clear motivation and the ability to vigorously pursue this action, and have competent counsel. Since Cox and Dinzik meet both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), and have sustained the largest losses of all movants otherwise adequate to serve as Lead Plaintiff as a result of the alleged illegal and improper acts of Defendants, they are presumptively the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B. The Competing Movants Cannot Rebut the Presumption that Movants are the Most Adequate Lead Plaintiff and Their Motions Must Fail**

As described above, Movants have the largest losses of any of the other competing Movants, and are both typical and adequate under Fed. R. Civ. P. 23. As such, Movants have made a "prima facie showing that [they] satisfy[y] the requirements of Rule 23," and are "entitled to a rebuttable presumption that [they] should be appointed Lead Plaintiff." *In re*

*Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680799, *3 (E.D.N.Y. 2007).  The PSLRA provides

that this presumption may be rebutted "only upon proof" from a member of the Class that the

presumptive Lead Plaintiff will not fairly and adequately protect the interests of the Class, or is

subject to unique defenses that will render it incapable of adequately representing the Class.  *See*

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).   Because other movants have not and cannot rebut the

presumption that Cox and Dinzik are the most adequate Lead Plaintiff, their motions each fail.

### i.    Movant BLIG Has Losses Below Those of Cox and Dinzik

The Blackberry Limited Investor Group ("BLIG") claims losses of only $337,364.00

which are less than Movants' corrected losses of $367,684.46, and they are therefore not entitled

to presumptive Lead Plaintiff status. Moreover, the largest individual investor in BLIG suffered

claimed losses of only $172,377.00, substantially less than Cox and Dinzik.

Moreover, courts in this district have held that groups of unrelated investors without a

demonstrated pre-litigation relationship should not be appointed lead plaintiffs.  The members of

BLIG have no such pre-litigation relationship.   Rather, they appear to have banded together

solely to seek appointment as lead plaintiff in this case.  *See, e.g., Peters v. Jinkosolar Holding*

*Co.*, No. 11-Civ.-7133, 2012 U.S. Dist. LEXIS 38489, *17 (S.D.N.Y. Mar. 19, 2012) (finding

that "[c]ourts have expressed particular concern when potential lead plaintiff groups appear to

have been 'cobbled together' for the sake of the litigation.") (quotation omitted);  *see also*

*Beckman v. Ener1, Inc.*, 2012 U.S. Dist. LEXIS 19972, *6 (S.D.N.Y. Feb. 15, 2012) (holding

"[t]here is a danger that 'allow[ing] lawyers to designate unrelated plaintiffs as a 'group' and

aggregate their financial stakes would allow and encourage lawyers to direct the litigation,'

which vitiates the PSLRA's attempt to prevent lawyer-driven litigation."); *Davison, et al. v.*

*Ventrus Biosciences, Inc. et al.*, No. 13-CV-3119, *Order* (S.D.N.Y. July, 23, 2013) *quoting Pipefitters*

*Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191 (S.D.N.Y. 2011) (holding

that courts should not appoint a Lead Plaintiff group "where 'the group as a whole shares only this lawsuit in common'" and the court should choose "as lead plaintiff an individual with 'a far greater financial interest in this case than any individual member' of the group").[3]

In contrast, it is proper to appoint a couple as Lead Plaintiff, such as Cox and Dinzik, because of their pre-litigation relationship and the fact that they jointly owned the shares. *See e.g. Beckman* 2012 U.S. Dist. LEXIS 19972, at *12 (finding it appropriate to disaggregate the individual losses of a movant group and determining that a "[married couple who] suffered greater losses than any other contender" had "the largest financial interest in the class action litigation, and thus, [should be] the presumptive lead plaintiff"); *Ventrus,* No. 13-CV-3119, *Order* (appointing a married couple with losses of $210,500.28 instead of a group of unrelated investors whose largest individual claimed losses were $129,326.51). Cox and Dinzik are a couple who jointly owned their Blackberry shares in a joint account in both of their names and therefore have precisely the type of pre-litigation relationship that was contemplated by the allowance of a "group" to serve under the PSLRA as Lead Plaintiff. .

### ii.     Movant Mark Katz Has Losses Well Below Those of Cox and Dinzik

Mark Katz claims losses of $224,334.47. His losses are substantially less than Movants' losses, and he is therefore not entitled to presumptive Lead Plaintiff status.

### iii.     Movant Omar Ahmed Has Losses Well Below Those of Cox and Dinzik

Omar Ahmed claims losses of $210,457.89. His losses are substantially less than Movants' losses, and he is therefore not entitled to presumptive Lead Plaintiff status.

### C. **The Court Should Appoint Movants as Lead Plaintiff & Approve Their Selection of Counsel**

---

[3] Furthermore, the member of the BLIG "group" with the largest individual loss has claims only $172,377.00 in losses – far less than Cox and Dinznik.

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts will generally not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Cox and Dinzik have selected KSF to serve as Lead Counsel for the Class.

KSF has not only prosecuted complex securities fraud actions, but it has also successfully prosecuted many other types of complex class actions. *See* KSF Firm Resume at Dkt. #13-4. Moreover, Movants' counsel has continually invested time and resources in carefully investigating and prosecuting this Action, and this Court may be assured that in the event Movants' motion is granted, KSF will provide the members of the Class with the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Movants respectfully request that this Court: (i) consolidate the related actions and all future related actions; (ii) appoint Movants to serve as Lead Plaintiff in this consolidated Action; (iii) approve Movants' selection of KSF as Lead Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: December 20, 2013                         Respectfully submitted,


                                        **KAHN SWICK & FOTI, LLC**

                                        /s/  Kim E. Miller_____
                                        KIM E. MILLER (KM-6996)
                                        BRUCE W. DONA (BD-3730)
                                        250 Park Avenue, Suite 2040
                                        New York, NY 10177
                                        Telephone:  (212) 696-3730

Fax:  (504) 455-1498

-and-

LEWIS S. KAHN
206 Covington St.
Madisonville, LA 70447
Telephone:  (504) 455-1400
Fax:  (504) 455-1498

*Counsel for Todd Cox & Mary Dinzik &*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum of Law was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 20, 2013.


/s/ Kim E. Miller
Kim E. Miller