N.Y.S.D. Case #
13-cv-7060(TPG)

15-3991
Cox v. BlackBerry Limited

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of August, two thousand sixteen.

Present: ROSEMARY S. POOLER,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges*.

---

TODD COX, MARY DINZIK,

*Plaintiffs-Appellants*,

MARVIN PEARLSTEIN, individually and on behalf of all others similarly situated,

*Plaintiff*,

v. 15-3991

BLACKBERRY LIMITED,
FKA RESEARCH IN MOTION LIMITED,
THORSTEN HEINS, BRIAN BIDULKA,

*Defendants-Appellees*.

---

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED:** August 24, 2016

Appearing for Appellants: David A.P. Brower, Brower Piven, APC (Kim E. Miller, Kahn Swick & Foti, LLC, New York, NY, *on the brief*), New York, NY.

CERTIFIED COPY ISSUED ON 08/24/2016

Appearing for Appellees: Dan Marmalefsky, Morrison & Foerster LLP (Jordan Eth, Joel C. Haims, James J. Besha II, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Plaintiffs Todd Cox and Mary Dinzik appeal from the March 17, 2015 judgment of the United States District Court for the Southern District of New York (Griesa, *J.*), granting defendants' motion to dismiss plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint"), and the November 13, 2015 order of the same court denying reconsideration and denying leave to amend. Plaintiffs sued defendants for violations of Section 10(b) of the Securities Exchange Act of 1934, *see* 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5, *see* 17 C.F.R. § 240.10b-5, alleging that defendants made material misstatements and omitted material information related to the release of the BlackBerry Z10 smartphone. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review *de novo* the district court's judgment granting [d]efendants' motion to dismiss." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99-100 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To state a claim under Rule 10b-5 for misrepresentations, a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007).

"Scienter" in this context means "a mental state embracing intent to deceive, manipulate or defraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks omitted). The Private Securities Litigation Reform Act ("PSLRA") provides that, to survive dismissal, the allegations in the complaint must give rise to a "strong inference of scienter." *Id.* at 323. An inference of scienter is strong "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324. Thus, in analyzing scienter, a court looks not just to inferences favoring the plaintiff, but must also take into account "plausible, nonculpable explanations for the defendant's conduct." *Id*. Although an inference of scienter may arise from "strong circumstantial evidence of conscious misbehavior or recklessness," *ATSI Commc'ns*, 493 F.3d at 99, the recklessness must represent "an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it," *Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000) (alterations and internal quotation marks omitted).

The district court correctly held that the allegations in the Complaint, even when considered holistically, fail to give rise to a strong inference of scienter. The fact that defendants Heins and Bidulka occupied high-ranking positions at BlackBerry and had an incentive for the company to succeed is insufficient to establish scienter. *See S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009) ("[I]t is not sufficient to allege goals that are possessed by virtually all corporate insiders, such as the desire to . . . sustain the appearance of corporate profitability. . . ." (internal quotation marks omitted)). And although the Complaint alleges that Heins and Bidulka monitored the sales and returns of the BlackBerry Z10, the Complaint fails to allege any particularized facts suggesting that defendants actually possessed information contradicting their public statements about the release of the Z10. *See Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) ("Where plaintiffs contend defendants had access to contrary facts, they must specifically identify reports or statements containing this information."). In short, plaintiffs' theory of scienter in the Complaint is that because the release of the Z10 ultimately turned out to be a failure, defendants must have known that it would be a failure and lied about this fact to investors. Such "fraud by hindsight" theories are not permitted under the PSLRA's heightened pleading standards. *Id.* We therefore affirm the district court's dismissal of the Complaint.

Plaintiffs also argue that the district court erred in denying them leave to amend the Complaint. A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be liberally granted, it may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Although we agree with the district court that the Complaint failed to state a plausible claim to relief, the present record is insufficient for us to determine whether the district court properly denied plaintiffs leave to amend. Two significant developments occurred after the district court dismissed the Complaint. First, the Supreme Court issued its decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015), which held that a statement of opinion can be misleading if the statement "omits material facts about the issuer's inquiry into or knowledge concerning a statement of opinion . . . and . . . those facts conflict with what a reasonable investor would take from the statement itself." *Id.* at 1329. This holding altered the standard previously applied by this Circuit that "when a plaintiff asserts a claim based upon a belief or opinion alleged to have been communicated by a defendant, liability lies only to the extent the statement was both objectively false and disbelieved by the defendant at the time it was expressed." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (alterations omitted) (quoting *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011)).

Second, plaintiffs discovered evidence that they contend corroborated an April 2013 report by the research and investment firm Detwiler Fenton. The report stated that customer returns of the Z10 were outpacing sales. Shortly after the report was issued, BlackBerry released a statement that the report was "absolutely without basis," more specifically representing that

"the data we have collected from our retail and carrier partners demonstrates that customers are satisfied with their devices," and that "[r]eturn rate statistics show that we are at or below our forecasts and right in line with the industry." App'x at 68-69. Additionally, in the statement, BlackBerry's Chief Legal Officer asserted that the report was "materially false and misleading," and he "call[ed] upon the appropriate authorities in Canada and the United States to conduct an immediate investigation." App'x at 69. Plaintiffs contend that, after the district court dismissed the Complaint, they discovered through review of the criminal complaint and accompanying affidavit in *United States v. Dunham*, No. 15-7051 (D. Mass. filed Feb. 24, 2015), that a former executive at a wireless retailer "obtained very specific, confidential financial data and information concerning sales and returns of [the Z10] and provided it to [Detwiler Fenton]." App'x at 577. Plaintiffs allege that this new evidence shows that the Detwiler Fenton report was accurate and that this, in turn, shows that "[d]efendants' opinion statements [that the Detwiler Fenton report was false] had no reasonable basis." App'x at 576. Plaintiffs sought leave to amend to include these additional allegations.

The district court denied plaintiffs' request to amend without explanation, stating only that plaintiffs had made the request for the first time in a reply brief in support of their motion for reconsideration and that "[h]aving considered the parties' arguments," the court "[d]enies the motion for reconsideration and the request for leave to amend." Special App'x at 29. Thus, it is unclear from the district court's order whether the district court denied leave to amend because it believed that amendment was futile, or because amendment was not warranted due to plaintiffs' undue delay, undue prejudice to defendants, or some other reason. *See Ruotolo*, 514 F.3d at 191. As noted, whether the district court's decision was based on an interpretation of law, such as futility, or some other consideration affects whether we apply a de novo or abuse-of-discretion standard of review. *See Panther Partners*, 681 F.3d at 119. Because the district court did not explain its basis for denying leave to amend, we vacate the district court's order and remand for the district court to reconsider whether plaintiffs should be granted leave to amend. In considering that question, the district court may wish to order further briefing from the parties. If the district court determines that leave to amend should be denied, it should explain the basis for its decision. We express no view at this time as to whether leave to amend should be granted.

For the foregoing reasons, the judgment of the district court dismissing the Complaint is AFFIRMED. The order of the district court denying plaintiffs' motion for reconsideration and leave to amend is VACATED insofar as it denied leave to amend, and the case is REMANDED for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit