USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

v.

BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEIN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN,

Defendants.

**Case No. 1:13-cv-7060-CM**

**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among (a) Lead Plaintiffs Todd Cox and Mary Dinzik and additional Plaintiffs Yong M. Cho and Batuhan Ulug (collectively, "Plaintiffs"); (b) Defendants BlackBerry Limited ("BlackBerry"), Thorsten Heins, Brian Bidulka, and Steve Zipperstein ("Individual Defendants") (BlackBerry and the Individual Defendants, collectively herein the "Defendants," and Plaintiffs and Defendants, collectively herein the "Parties"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (a "Declaration") for the purpose of expediting voluntary production of documents, witness testimony, and other information by the Parties (the "Production") in the above-captioned action (the "Action").

**RECITALS**

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public information and competitively sensitive information produced by the Parties;

NOW, THEREFORE, in consideration of the mutual covenants and premises set forth herein, the receipt and sufficiency of which are hereby acknowledged, and to facilitate and expedite the production, exchange, and treatment of Production Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Production Material that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1. The Parties shall submit this Order to the Court for approval.

2. The provisions of this Order shall become effective upon entry by the Court; however, all Production Material produced and designated as "Confidential" prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

3. All deadlines stated herein shall be computed pursuant to Rule 6 of the Federal Rules.

**SCOPE OF ORDER**

4. This Order applies to all information, documents, and things exchanged in connection with the Production, including but not limited to documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Production Material").

**DESIGNATING PRODUCTION MATERIAL**

5. Any Party producing Production Material (a "Producing Person") may designate such Production Material as "Confidential Material" if such Producing Person believes in good

faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Production Material constitutes or includes information that is not generally available to the public and that the Producing Person would not want to be made public in the ordinary course of his, her or its activities, and that contains any individual Producing Person's personal financial information; current commercially sensitive information; compensation information about the Producing Person's employees unless publicly disclosed; information related to the Producing Person's contractual relationships; information that is subject by law or by contract to a legally protected right of privacy; information that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; information that the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party; or information that is of such a nature that disclosure to persons other than those listed in Paragraph 9 would create a substantial risk of economic injury that could not be avoided by less restrictive means.

6. Manner of Designation: Where reasonably practicable, any Confidential Material shall be designated by the Producing Person as such by marking every such page "Confidential." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Confidential" by informing any person who receives such material, including persons who do not directly receive materials from the Producing Person ("Receiving Person"), in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as "Confidential."

7. Inadvertent Failure To Designate: A Party's failure to designate any Production Material as "Confidential" shall not be deemed a waiver of that Party's later claim that such Production Material should be treated as Confidential Material or is entitled to another designation pursuant to this Order ("Misdesignated Material") at any time thereafter. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Person, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of such Production Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Person(s) shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Upon the Producing Person's identification of such Misdesignated Material to the Receiving Person, pending the provision of such replacement copies, the Receiving Person shall treat the Misdesignated Material as Confidential Material in accordance with the request of the Producing Person, provided that the Producing Person provides such replacement copies within ten (10) business days of the identification of the Misdesignated Material. If requested by the Producing Person, a Receiving Person shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.

## USE AND DISCLOSURE OF PRODUCTION MATERIAL

8. General Limitations On Use and Disclosure of All Production Material: All Production Material, whether or not designated as Confidential Material, shall be used by the Receiving Persons solely for the purposes of the Production, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any

other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

9. Persons Who May Have Access to Confidential Material: Confidential Material, and any all information contained therein, shall be given, shown, made available, or communicated only to the following:

a. Plaintiffs, the Individual Defendants, or BlackBerry's current officers and directors;

b. Employees of Plaintiffs or Defendants to whom disclosure is reasonably necessary for the purpose of the Production;

c. In-house counsel for Plaintiffs or Defendants and staff working under the express direction of such counsel;

d. Outside counsel for Plaintiffs or Defendants in this Action and staff working under the express direction of such counsel;

e. Outside experts and consultants (and their respective staff) that are specifically retained by the signatories to this Order as consultants or experts for the purpose of the Production, and who have signed a Declaration in the form provided as Exhibit A;

f. Any person who is the author, addressee or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position (unless the person indicates that he or she did not have access to the document);

g. Trial witnesses;

h. Deposition witnesses after being advised of the existence of this Order and provided with a copy;

i. For purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Confidential Material is determined by counsel in good faith (i) to be necessary to the anticipated subject matter of testimony and (ii) that doing so would not cause competitive harm, provided, however, that such Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign a Declaration in the form provided as Exhibit A;

j. Any adverse witness during the course of a deposition or interview where counsel questioning the witness reasonably and in good faith believes that: (i) questioning the witness regarding the document is appropriate and (ii) doing so would not cause competitive harm;

k. Outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action and who have signed a Declaration in the form provided as Exhibit A hereto;

l. Mediators, arbitrators, or discovery masters retained by the Parties or assigned by this Court, provided such person first signs a Declaration in the form provided as Exhibit A;

m. Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

n. The Court, its officers and clerical staff in any judicial proceeding that may result from this Action; and

o. Any other person or entity that the Producing Party agrees, in writing, to allow access so long as such person or entity has signed a Declaration in the form provided as Exhibit A hereto.

10. Confidential Material to Be Disclosed Only In Accordance With Paragraph 9: Except as otherwise expressly provided herein, Confidential Material and the substantive information contained therein shall not be given, shown, made available to, disclosed, or communicated in any way except to those people set forth in Paragraph 9 herein.

11. A Producing Party may designate Confidential Discovery Material as "Attorneys' Eyes Only" if, in the Producing Party's good faith belief, production of such Discovery Material will violate a privacy or other common law, statutory, contractual, or Constitutional protection or right of a Person who is the subject of the Discovery Material. It is intended that the designation of Discovery Material as "Attorneys' Eyes Only" Discovery Material will only be in highly unusual or exceptional circumstances and only where the Confidential Designation provided in this Order will not otherwise sufficiently protect the privacy or other common law, statutory, contractual, or Constitutional protection or right of a person who is the subject of the Discovery Material. In such case, the "Attorneys' Eyes Only" Discovery Material may only be reviewed by counsel of record in this Action for a Party, the Court, the Magistrate Judge assigned to this Action, or other designee of the Court, unless or until the Parties, the Court, Magistrate Judge or other designee of the Court determines how such "Attorneys' Eyes Only" Discovery Material shall be used in the Action. Until such time as the Parties, the Court, Magistrate Judge or other designee of the Court determines how such "Attorneys' Eyes Only" Discovery Material shall be used in the Action, "Attorneys' Eyes Only" Discovery Material may only be used by counsel of

record for the Parties to prepare for trial and may be used at an interview, deposition or trial examination of the person who is the subject of the "Attorneys' Eyes Only" Discovery Material, at an interview, deposition or trial examination of the author of the "Attorney's Eyes Only" Discovery Material or original recipient of the "Attorneys' Eyes Only" Discovery Material, or to dispute the designation of the Discovery Material as "Attorney's Eyes Only" Discovery Material before the Court, the Magistrate Judge or other designee of the Court. The provisions of this Order related to the designation and use of Confidential Material shall otherwise govern the "Attorneys' Eyes Only" Discovery Material, including, but not limited to the provisions of this Order governing challenges to designations of Discovery Material unless or until the Parties, the Court, Magistrate Judge or other designee of the Court determines how such "Attorneys' Eyes Only" Discovery Material shall be used in the Action.

12. Prerequisite to Disclosure of Confidential Material: Confidential Material shall not be disclosed to any person required hereunder to execute a Declaration in order to receive Confidential Material until such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as Exhibit A hereto. Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Confidential Material. Such executed Declaration shall not be subject to disclosure under the Federal Rules unless a showing of good cause is made and the Court so orders.

13. Use by Additional Parties: Except as otherwise provided in this Order, in the event that additional persons or entities become Parties to the Action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential Material produced by or obtained from any other Producing Party until said party has executed and filed with the Court a copy of this Stipulation.

14. Non-Party Productions: The Parties agree that any non-Party from whom discovery is sought in this Action may obtain the protections of this Stipulation by giving written notice to the Parties that it intends to be bound by the provisions of this Stipulation and designating that its provision of discovery is subject to the Stipulation. The subpoenaing or requesting party shall advise non-Parties from whom they seek documents of the existence of this Stipulation and their right to obtain its protections. To the extent that any non-Party produces Discovery Material in this Action that contains Confidential Discovery Material of a Party to this Action, that Party may designate such Discovery Material as "Confidential" for purposes of this Stipulation by delivering written notice of such designation to the Parties at or before receipt by any counsel for the Parties of the non-Party's production of such Discovery Material.

15. Non-Waiver of Rights: Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

16. Late Designation of Production Material: The failure to designate particular Production Material as "Confidential" at the time of production shall not operate to waive a Producing Person's right to later so designate such Production Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Production Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has

been made, however, any Production Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

17. Unauthorized Disclosure of Confidential Material: In the event of a disclosure by a Receiving Person of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof. In the event of the above-described unauthorized disclosure by a Receiving Person who is not a Party to the Action, the Party recipients who provided the non-Party Receiving Person the Confidential Material shall, upon learning of the disclosure, immediately notify the Producing Person of the unauthorized disclosure of Confidential Material. The Party recipients of Confidential Material shall hold primary responsibility for unauthorized disclosures by Receiving Persons who are under their control, including but not limited to Receiving Persons who are employees, agents, and contractors of the Party recipients.

18. Manner of Objecting to Designation of Confidential Material: If any Receiving Person (i) objects to the designation of any Confidential Material or (ii) seeks to disclose

Confidential Material to a person not specified in Paragraph 9 because outside counsel for the Receiving Person has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this Action, the Receiving Person shall first raise the objection (the "Objection") or request for disclosure (the "Request for Disclosure") with the Producing Person in writing (the "Notice") and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. In the case of a Request for Disclosure, the Receiving Person shall furnish to outside counsel for the Producing Person, in writing, the identity of the person to whom disclosure is to be made (the "Noticed Person") and the Confidential Material proposed to be disclosed. No designation shall be changed and no Confidential Material shall be disclosed to the Noticed Person until after the expiration of a five (5) day period commencing upon the date of the Notice. If, within five (5) days of the date of the Notice, the Producing Party objects in writing and with an explanation of the basis for such objection, the Producing Party and Requesting Party shall then have three (3) additional days after an objection is raised to use good faith efforts to reach an agreement regarding the challenged designation or proposed disclosure. If agreement cannot be reached, the Receiving Party may apply to the Court for relief within five (5) days after the expiration of the above referenced three (3) business day period and the burden of proof shall rest with the Producing Party. Until the Court rules on such issue or the Producing Person agrees in writing to withdraw the challenged designation or allow disclosure to the Noticed Person, the Confidential Material shall continue to be treated as Confidential. Upon motion, the Court may order the removal of the "Confidential" designation from any Production Material so designated subject to the provisions of this Order. With respect to any material that ceases to be designated "Confidential," the Producing Person shall, at its expense, provide to each Party to whom the material has been provided additional copies of such material with the challenged confidentiality designations removed.

19. Timing of Objections to Confidential Material: A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Production Materials as "Confidential" during the discovery period shall not be a waiver of that Person's right to object.

20. Inadvertent Production of Privileged Production Material: If Production Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege ("Protected Materials") is produced by a Producing Person, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Production Material is privileged or otherwise protected from disclosure, and the Receiving Person may not argue that the party producing the protected information failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived. If production of Protected Materials is made by a Producing Person, upon request of the Producing Person, the Receiving Person shall promptly return to the Producing Person that Production Material (and all copies thereof) within its possession, custody, or control as to which the claim of privilege has been made. In addition, the Receiving Person shall destroy all notes or work product reflecting the contents of such Production Material made after notification of the claim of privilege, and shall not use such Production Material, or the information contained therein, for any purpose in this Action or in any other proceeding; provided that, in the event the Receiving Person objects to any such privilege claim, counsel for the Receiving Person shall be permitted, in lieu of destroying any notes or work product reflecting the contents of such Production Material, to set aside such materials in a secure place and manner that prevents (or, if applicable, redact such

materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the Receiving Person and Producing Person resolve the privilege claim or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of a Party or non-Party to contest, or change the manner in which such Party or non-Party may contest, any privilege claim to the extent and in the manner permitted by law. Pursuant to Federal Rule of Evidence 502(d), the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding.

21. Use of Non-Confidential Material: To the extent that any Party has any document or information that: (i) either is or becomes generally or publicly available and that did not become generally or publicly available by being disclosed by the Receiving Person in breach of this Order; (ii) was available or became available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) was independently developed by such Party without violating its obligations hereunder; (iv) is published or became publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party; (v) the Producing Person notifies the Receiving Person in writing such document or information is not Confidential Material; or (vi) is determined by a court of competent jurisdiction to not be entitled to the protections of Confidential Material (collectively "Non-Confidential Material"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial, or otherwise in connection with this Action. Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to this Action.

22. Confidential Material Filed With the Court: In filing materials containing "Confidential" information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such "Confidential" information ("Confidential Court Submission"), the Parties shall seek the Court's permission to make such filing under seal, consistent with applicable Court rules and procedures, and publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

23. Obligations Following Conclusion of Proceedings: The provisions of this Order shall continue with respect to any "Confidential" information until expressly released by the Producing Party and shall survive the conclusion of a final order or judgment in the Action. Within sixty (60) days of the later of (i) entry of a final order or judgment in this Action, or (ii) following any appeal of a final order and judgment, determination by the highest court to consider such appeal to affirm such final order and judgment, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Production Material, and all copies or notes thereof in the possession of any person, except that: (i) counsel may retain for its records its work product and a copy of court filings and (ii) a Receiving Person may retain Production Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided however, that such retained documents shall continue to be treated as provided in this Order. If a Receiving Person chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Person shall, if requested, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent

that the information in the Confidential Material remains confidential, the terms of this Order shall remain binding.

24. Amendment of Confidentiality Agreement and Stipulated Protective Order: This Order may be altered or modified only by written agreement of all Parties to the Action and So Ordered by the Court. Each of the Parties expressly reserves its right to seek further amendment to this Order to the extent that a Producing Party determines that information requires additional, different, or heightened protection.

25. Request For Disclosure of Confidential Material In Other Proceedings: Any Receiving Person may disclose Confidential Material if such disclosure is pursuant to legal compulsion or required by a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order, and notice is given by the Receiving Person to the Producing Person of any such requirement (except in connection with any regulatory examination) within five (5) business days of any such requirement so that the Producing Person may seek a protective order or other appropriate remedy. Such notification shall include a copy of the subpoena or court order. The Receiving Person must promptly notify in writing the entity that caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. If the Producing Person timely seeks a protective order, the Receiving Person served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" before a determination by the body from which the subpoena or order issued, unless the Party has obtained the Producing Person's permission. The Producing Person shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this Action to disobey a lawful directive from

another duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction. In the event that such protective order or other remedy is not obtained, or the Producing Person waives compliance with the provisions of this Order, the Receiving Person shall furnish only that portion of the Confidential Material which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded that Confidential Material. Notwithstanding the foregoing, no Receiving Person shall be obligated to provide the Producing Person any notice of any anticipated disclosure if such notice is prohibited by law.

26. Storage of Confidential Materials: All information which has been designated as "Confidential" by the Producing Person, and any and all reproductions of that information, must be retained in the custody of the counsel for the Producing Person, except that independent experts who execute a Declaration, in the form provided as Exhibit A hereto, are authorized to view such information under the terms described in paragraph 9 of this Order and may retain custody of the copies for the pendency of this Action such as are necessary for their participation in this litigation.

27. Use of Confidential Materials By Producing Person: Nothing in this Order: (i) affects the right of any Producing Person to use or disclose its own Confidential Material in any way; or (ii) prevents the disclosure of Confidential Material by any Party with the express written consent of the Producing Party that designated the material as "Confidential."

28. Objections to Discovery: Nothing in this Order shall be deemed to prevent a Party or non-Party from objecting to discovery or seeking additional or further limitations on the use or disclosure of information in discovery.

29. Obligations of Parties: Nothing in this Order shall relieve a Party of its obligations under the Federal Rules, the Local Rules, or any future stipulations and orders.

30. Advice of Counsel: Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with the Action, and in the course thereof, relying on examination of Confidential Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

31. Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior confidentiality agreements with respect to Production Material.

32. Severability: To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

33. Enforcement: The provisions of this Order constitute an Order of this Court, and violation of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard on this Order.

34. Court-Ordered Addendum:

**THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER**

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court

does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

35. Authority: By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

By:______________________________

Date: _______________

**KAHN SWICK & FOTI, LLC**
Kim E. Miller
J. Ryan Lopatka
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr.
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiffs and the Class*

By: [signature]

Date: 5/29/18

**MORRISON & FOERSTER LLP**
Joel C. Haims
James J. Beha II
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: 212-468-7900

Dan Marmalefsky
707 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 892-5200
Fax: (213) 892-5454
Email: dmarmalefsky@mofo com

*Counsel for Defendants*

By:______________________________

Date: _______________

**BROWER PIVEN**
**A Professional Corporation**
David A.P. Brower
136 Madison Avenue 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Additional Plaintiffs Yong M. Cho, Batuhan Ulug and the Class*

**SO ORDERED:**

__________________________________

HON. COLLEEN McMAHON

DATED: May _____, 2018

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, ______________________________________________ declare under penalty of perjury (this "Declaration") that:

1. My address is ______________________________________________

2. My present employer is ______________________________________

3. My present occupation or job description is _______________________

___________________________________________________________

4. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order for Discovery (the "Order") relating to this Action *Marvin Pearlstein v. BlackBerry Limited,* Docket No. 1:13-cv-7060-CM (the "Action"), as specified in the signature pages of the Order. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Confidential Material for any purpose other than this Action, and will not disclose or cause Confidential Material to be disclosed to anyone not expressly permitted by the Order to receive Confidential Material. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Confidential Material, whether at home or at work, all copies of any Confidential Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Confidential Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving Confidential Material (a) I may be receiving material non-public information about companies that issue securities. And (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Date: ________________20 ___

Signature:

________________________________________

Print Name and Title if any:

________________________________________

________________________________________

By: *Kim E. Miller*

Date: 5/29/18

**KAHN SWICK & FOTI, LLC**
Kim E. Miller
J. Ryan Lopatka
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

Lewis S. Kahn
Craig J. Geraci, Jr.
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiffs and the Class*

By: [signature]

Date: 5/29/18

**BROWER PIVEN**
**A Professional Corporation**
David A.P. Brower
136 Madison Avenue 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Additional Plaintiffs Yong M. Cho, Batuhan Ulug and the Class*

By: *James Beha II*

Date: 5/29/18

**MORRISON & FOERSTER LLP**
Joel C. Haims
James J. Beha II
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: 212-468-7900

Dan Marmalefsky
707 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 892-5200
Fax: (213) 892-5454
Email: dmarmalefsky@mofo.com

*Counsel for Defendants*

**SO ORDERED:**

*Colleen McMahon*

HON. COLLEEN McMAHON

DATED: ~~May~~ June 18, 2018