**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated, | No. 13 Civ. 7060 (CM) (Consolidated) |
| Plaintiff, | **ECF CASE** |
| - against - | ORAL ARGUMENT REQUESTED |
| BLACKBERRY LIMITED, THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, | |
| Defendants. | |

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWERS

MORRISON & FOERSTER LLP

250 West 55th Street
New York, New York 10019
(212) 468-8000

*Attorneys for Defendants*

ny-1334110

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 3

I.    PLAINTIFFS FAIL TO SHOW UNDUE DELAY, BAD FAITH OR DILATORY
      MOTIVE. ................................................................................................................ 3

II.   PLAINTIFFS FAIL TO DEMONSTRATE THAT AMENDMENT WOULD BE
      FUTILE. ................................................................................................................. 4

      A.    Plaintiffs Cannot Show Prejudice, as Required to Establish Futility of an
            Amendment to Assert a New Affirmative Defense. ............................................ 4

      B.    Plaintiffs Fail to Show There is No Substantial Question of Law or
            Disputed Fact that Might Allow the Proposed Defense to Succeed. ..................... 5

            1.    The Fact that the Final Judgment Dismissing Cho and Ulug's
                  Claims Was Entered in this Action—Not a Prior Action—is
                  Irrelevant. ............................................................................................. 5

            2.    Lead Plaintiffs' Notice of Appeal Did Not Appeal the Judgment
                  Dismissing Cho and Ulug's Individual Claims. .......................................... 6

            3.    Defendants Do Not Seek to Assert *Res Judicata* or Collateral
                  Estoppel Against Cox or Dinzik. ............................................................. 9

CONCLUSION.................................................................................................................. 10

ny-1334110

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bennett v. Spoor Behrins Campbell & Young, Inc.*,
  124 F.R.D. 562 (S.D.N.Y. 1989) ...............................................................................................5

*County Vanlines Inc. v. Experian Info. Solutions, Inc.*,
  205 F.R.D. 148 (S.D.N.Y. 2002) ..............................................................................................4

*Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*,
  407 F. Supp. 2d 541 (S.D.N.Y. 2006)........................................................................................4

*FCA US, LLC v. Spitzer Autoworld Akron, LLC*,
  887 F.3d 278 (6th Cir. 2018) .................................................................................................2, 6

*In re Initial Public Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) ..............................................................................................7

*Landry v. Price Waterhouse Chartered Accountants*,
  123 F.R.D. 474 (S.D.N.Y. 1989) ..............................................................................................5

*Levine v. Merrill Lynch*,
  Nos. 09 Civ. 304 (PGG), 09 Civ. 672 (PGG) 2009 WL 10691070 (S.D.N.Y.
  Dec. 22, 2009)...................................................................................................................1, 4, 5

*Marcus v. Sullivan*,
  926 F.2d 604 (7th Cir. 1991) .....................................................................................................2

*Massie v. United States Dep't of Housing and Urban Development*,
  620 F.3d 340 (3d Cir. 2010)......................................................................................................7

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000).......................................................................................................1

*Murphy v. Snyder*,
  No. CV 10-1513 (JS) (AKT), 2013 WL 934603 (E.D.N.Y. Mar. 8, 2013).............................4

*Nat'l Ass'n of Broadcasters v. FCC*,
  554 F.2d 1118 (D.C. Cir. 1976).................................................................................................6

*Pearlstein v. BlackBerry Ltd.*,
  93 F. Supp. 3d 233 (S.D.N.Y. 2015).......................................................................................10

*Pearlstein v. BlackBerry Ltd.*,
  No. 13-CV-7060 (TPG), 2017 WL 4082306 (S.D.N.Y. Sept. 13, 2017) ................................3

*Rezzonico v. H&R Block, Inc.*,
    182 F.3d 144 (2d Cir. 1999)........................................................................................6

*United States v. Wallace*,
    573 F.3d 82 (1st Cir. 2009).......................................................................................10

**Other Authorities**

Fed. R. App. P. 3(c)(3)...............................................................................................2, 7

Fed. R. Civ. P. 8(c) .......................................................................................................10

Fed. R. Civ. P. 15(a)(1)...............................................................................................1, 3

Local Civil Rule 6.3 .......................................................................................................9

-iii-

**INTRODUCTION**

Defendants seek leave to amend their answers to assert a defense based on the preclusive effect of the prior rulings in this case, in particular the district court order and judgment dismissing Plaintiffs' claims and the Court of Appeals' decision affirming that dismissal (the "Proposed Defense"). Amendment is freely granted and ***must*** be granted "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). Plaintiffs provide no basis to deny Defendants' requested amendment.

***First***, Plaintiffs cannot show undue delay, bad faith, dilatory motive, or undue prejudice. While Plaintiffs argue that amendment should be denied for undue delay, they do not even attempt to identify any prejudice from the purported delay. Seeking to amend less than two weeks after Fed. Rule Civ. P. 15(a)(1)'s deadline for amendment as a matter of course is not undue delay.

***Second***, while Plaintiffs argue that amendment should be denied as futile, they fail to address the proper standard for determining futility of an amendment to assert a new affirmative defense. Plaintiffs bear the "burden of demonstrating that there are no questions of fact or substantial questions of law that might allow [the proposed] defense to succeed." *Levine v. Merrill Lynch*, Nos. 09 Civ. 304 (PGG), 09 Civ. 672 (PGG) 2009 WL 10691070, at *4 (S.D.N.Y. Dec. 22, 2009). They cannot do so. And to establish futility of an amendment to raise a new affirmative defense, they must also show that they would be prejudiced by the inclusion of the defense. *Id.* Again, they have not even attempted to show prejudice.

***Third***, Plaintiffs' argument that the doctrines of *res judicata* and collateral estoppel apply only to re-litigation of claims or issues in a "subsequent action" is both inaccurate and irrelevant.

While Defendants disagree with Plaintiffs' position, the Proposed Defense also asserts preclusion under the law-of-the-case doctrine, which plainly applies to subsequent litigation in the same action.

*Finally*, the fact that Lead Plaintiffs Todd Cox and Mary Dinzik appealed the dismissal order on behalf of the class cannot save the individual claims of Cho and Ulug, who chose to litigate their claims individually and then never appealed the order dismissing their claims.

Plaintiffs' heavy reliance on the 1993 Amendment to Fed. R. App. P. 3(c)(3) ("Rule 3(c)(3)") is misplaced. Rule 3(c)(3) sets forth the pleading standard for adequate notice of the identity of the appellant in a notice of appeal of class claims. But the pleading standard for a notice of appeal is irrelevant here. Cho and Ulug did not appear on the notice of appeal *because they did not appeal*. Plaintiffs' reliance on Rule 3(c)(3) ignores the actual question on this motion—the effect of two plaintiffs' failure to join an appeal brought by their co-plaintiffs. Plaintiffs provide no legal or logical basis to alter the well-established rule: "a party that fails to appeal an issue waive[s] his right to raise the[] issue[] before the district court on remand . . . even when co-parties successfully appeal on related issues." *FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 286 (6th Cir. 2018).

The status of Cox and Dinzik as court-appointed Lead Plaintiffs makes no difference. Rather than defer to Cox and Dinzik as Lead Plaintiffs to litigate on their behalf, Cho and Ulug affirmatively chose to act as separate plaintiffs and assert individual claims. They are not absent class members. Indeed, because their individual claims have been finally adjudicated, Cho and Ulug are not members of the putative class at all. *See Marcus v. Sullivan*, 926 F.2d 604, 615 (7th Cir. 1991). They cannot rely on Lead Plaintiffs' appeal on behalf of the putative class.

2

## ARGUMENT

Amendment "is granted liberally, and a court may deny leave to amend in only a narrow set of circumstances including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-7060 (TPG), 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008)).

### I.   PLAINTIFFS FAIL TO SHOW UNDUE DELAY, BAD FAITH OR DILATORY MOTIVE.

Plaintiffs do not—and could not—argue that amendment should be denied based on bad faith or dilatory motive.  Plaintiffs' half-hearted assertion of undue delay fails as a matter of law because Plaintiffs do not even attempt to establish prejudice.  (*See* Plaintiffs' Memorandum in Opposition to Defendants' Motion for Leave to Amend their Answers, dated July 20, 2018 (ECF No. 142) ("Pls. Br.") at 13-14.)  As Cox and Dinzik themselves argued when seeking leave to amend and "'[a]s the Second Circuit has recognized, [m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'"[1]  (ECF No. 76 (quoting *Ellis v. Wyclef Jean & Sony Music Holdings, Inc.*, 2011 U.S. Dist. LEXIS 146700, at *26 (S.D.N.Y. Dec. 16, 2011).)

Defendants first sought consent to their proposed amendments only thirty-four days after they first answered the Second Amended Complaint and less than two weeks after Rule 15(a)(1)'s deadline for amendment as a matter of course.  There is no basis to find undue

---

[1] Plaintiffs' delay argument is ironic, given that Cox and Dinzik moved to amend the amended complaint for the first time in a reply brief in support of their reconsideration motion, filed six weeks after the Court entered Judgment dismissing their claims and over two months after the public news reports that provided the basis for the requested amendment.  (*See* ECF No. 59.)

delay under these circumstances.  Incredibly, Plaintiffs argue that "Courts in this Circuit have *consistently* found undue delay" and denied motions to assert new affirmative defenses under similar circumstances.  (Pls.' Br. at 13 (emphasis added).)  Of course, that's not true.  Plaintiffs fail to identify a single decision where a court denied amendment based on a two-week delay without any showing of prejudice.[2]

## II.     PLAINTIFFS FAIL TO DEMONSTRATE THAT AMENDMENT WOULD BE FUTILE.

Plaintiffs argue that amendment would be futile, but ignore the governing legal standard for establishing futility of an amendment to assert a new affirmative defense: Plaintiffs must establish that the Proposed Defense "is subject to a motion to strike under Fed. R. Civ. P. 12(f)." *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006).  In other words, Plaintiffs must "establish that (1) there is 'no question of fact that might allow the defense to succeed'; (2) there is 'no substantial question of law that might allow the defense to succeed'; *and* (3) 'the plaintiff [would] be prejudiced by the inclusion of the defense.'"  *Levine*, 2009 WL 10691070 at *1 (emphasis added) (quoting *Specialty Minerals, Inc. v. Pluess Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005)).  Plaintiffs do not—and cannot—meet the high standard for establishing futility here.

### A.     Plaintiffs Cannot Show Prejudice, as Required to Establish Futility of an Amendment to Assert a New Affirmative Defense.

Plaintiffs do not event attempt to identify any undue prejudice from Defendants' assertion of the Proposed Defense.  The Court can and should reject Plaintiffs' futility argument and grant leave to amend on this basis alone.  *See County Vanlines Inc. v. Experian Info. Solutions, Inc.*,

---

[2] Plaintiffs' primary authority for this incredible statement is *Murphy v. Snyder*, No. CV 10-1513 (JS) (AKT), 2013 WL 934603 (E.D.N.Y. Mar. 8, 2013) (denying motion to vacate default judgments and reinstate answers that had been stricken as a sanction for repeated "willful" and "bad faith" discovery violations over a period of several months).

205 F.R.D. 148, 153 (S.D.N.Y. 2002) ("absent a showing of prejudice, the motion to strike must

be denied"); *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 564 (S.D.N.Y.

1989) ("Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its

defense, when the possibility of a meritorious defense exists, the Court must, absent a showing of

prejudice or injury to plaintiff, deny the motion to strike the affirmative defense.").

### B. Plaintiffs Fail to Show There is No Substantial Question of Law or Disputed Fact that Might Allow the Proposed Defense to Succeed.

"Defendants are not, at this stage, required to prove their affirmative defenses."[3]  *Levine*,

2009 WL 10691070, at \*4.  Rather, Plaintiffs bear the "burden of demonstrating that there are no

questions of fact or substantial questions of law that might allow [the proposed] defense to

succeed." *Id.* at \*4.  Plaintiffs fail to show that there is no substantial question of law or disputed

fact that might allow the Proposed Defense to succeed.

### 1. The Fact that the Final Judgment Dismissing Cho and Ulug's Claims Was Entered in this Action—Not a Prior Action—is Irrelevant.

Judgment was entered against Plaintiffs Ulug and Cho on March 17, 2015 (ECF No. 55),

and became final when they did not appeal.  Plaintiffs argue that *res judicata* and collateral

estoppel only bar re-litigation of claims or issues in "subsequent" actions, not the action in which

the original judgment or ruling was made.  (Pls. Br. at 3.)  Defendants disagree under the unusual

circumstances here, where Cho and Ulug seek to pursue "subsequent litigation" in the same

---

[3] Beyond merely saying that "Plaintiffs disagree" (Pls. Br. at 2-3 n.3), Plaintiffs offer no legal
authority for any contrary statement of the standard governing their futility argument.  Instead,
they simply ask the Court to ignore the standard.  Plaintiffs ask the Court to address the
underlying merits of the Proposed Defense now rather than doing so "on a theoretical basis in the
context of class certification."  (*Id.*)  Neither at this time, under the governing standard set forth
above, nor at class certification is the Court tasked with deciding the underlying merits of the
Proposed Defense. *See Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474,
476 (S.D.N.Y. 1989) ("[W]hether these defenses will be successful is of no matter.").

action in which "a final judgment on the merits" has been "rendered [against them]." *Rezzonico*

*v. H&R Block, Inc.*, 182 F.3d 144, 148-49 (2d Cir. 1999).  But the parties' disagreement is

merely academic.

Whether the preclusive effect of the prior Judgment is analyzed under doctrines of *res*

*judicata*, collateral estoppel, or law-of-the-case—all of which Defendants expressly identify as

bases for their Proposed Defense (*see*, *e.g.*, Ex. A at 33)[4]—is irrelevant at this stage.  There is no

question that the law-of-the-case doctrine precludes a party who failed to appeal a judgment

against it from continuing to litigate the issue in the same action.  *See FCA US, LLC*, 887 F.3d at

286 (6th Cir. 2018) ("[U]nder the doctrine of law-of-the-case, a party that fails to appeal an issue

waive[s] his right to raise the[] issue[] before the district court on remand.")

### 2.      Lead Plaintiffs' Notice of Appeal Did Not Appeal the Judgment Dismissing Cho and Ulug's Individual Claims.

Under well-established law, Cho and Ulug's failure to appeal the Judgment dismissing

their individual claims precludes them from later pursuit of those claims, regardless of the fact

that their co-plaintiffs successfully appealed.  *See, e.g.*, *Nat'l Ass'n of Broadcasters v. FCC*, 554

F.2d 1118, 1124 (D.C. Cir. 1976) ("where less than all of the several co-parties appeal from an

adverse judgment, a reversal as to the parties appealing does not necessitate or justify a reversal

as to the parties not appealing."); *FCA US*, 887 F.3d at 286 ("a party that fails to appeal an issue

waive[s] his right to raise the[] issue[]. . . even when co-parties successfully appeal on related

issues.").  The fact that Lead Plaintiffs Cox and Dinzik, after their appointment, filed an

Amended Complaint asserting claims on behalf of a putative class does not affect the analysis of

---

[4] Exhibits A through H are attached to the Declaration of James J. Beha II in Support of
Defendants' Motion for Leave to Amend Their Answers (ECF No. 141); Exhibits I and J are
attached to Declaration of James J. Beha II in Further Support of Defendants' Motion for Leave
to Amend Their Answers, filed herewith.

the individual claims Cho and Ulug asserted.  *See, e.g., In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 122 (S.D.N.Y. 2002) ("In order to maintain a class action, Plaintiffs must first establish that they have a valid claim with respect to the shares that they purchased.").  Plaintiffs argue that Lead Plaintiffs Cox and Dinzik's appeal of the class claims they alone asserted means that the normal rules do not apply to Cho and Ulug's individual claims.  That argument fails.

*First*, Plaintiffs' reliance on Fed. R. App. P. 3(c)(3) is entirely misplaced.  On its face, Rule 3(c)(3) concerns the sufficiency of a notice of appeal: "[i]n a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as a representative of the class."  But whether their notice was sufficient to permit Cox and Dinzik to appeal on behalf of the putative class is not the question here.  The notice Cox and Dinzik filed did not—and could not—provide sufficient notice that Cho and Ulug were appealing the dismissal of their individually asserted claims ***because Cho and Ulug did not notice any appeal***.  And not only did they not file a notice, or join in the one Cox and Dinzik filed, Cho and Ulug never appeared in the Second Circuit proceedings.

As Plaintiffs' recognize, "***[t]he 1993 Amendment [to FRAP 3(c)(3)] was intended . . . to alleviate the inadvertent loss of the right to appeal*** . . ."[5]  (Pls. Br. at 4 (quoting *Billino v. Citibank, N.A.*, 123 F.3d 723, 726 (2d Cir. 1997) (emphasis and alterations in Pls Br.).  But Cho and Ulug do not contend that they were "inadvertently" omitted from the notice, or that they believed the notice filed by Cox and Dinzik was sufficient as to their separately pleaded claims.

---

[5] The Third Circuit's decision in *Massie v. United States Dep't of Housing and Urban Development*, on which Plaintiffs also rely, confirms this understanding of Rule 3(c)(3).  620 F.3d 340 (3d Cir. 2010) (cited in Pls. Br. at 5).  In *Massie*, the Third Circuit found that a notice of appeal identifying by name only one of five named plaintiffs, followed by "et al.," was sufficient under Rule 3(c)(3) to notice an appeal as to all of the named plaintiffs and the class claims—*i.e.* that the other named plaintiffs had not inadvertently lost their appellate rights by expressly listing only a single plaintiff's name in the notice.

To the contrary, Cho and Ulug have testified that they did not even know there was an adverse decision to appeal.  They did not appear (or seek to appear) in the appellate proceedings.  The question here is the legal effect of the undisputed fact that Cho and Ulug failed to appeal.  Rule 3's provisions governing the proper form of a notice of appeal says nothing about that question.

To the extent that Plaintiffs address the question at all, they simply conclude, without any legal support or analysis, that "Additional Plaintiffs, like all other members of the putative Class, were not required to individually appeal to preserve their claims" and "Lead Plaintiffs properly appealed on behalf of the entire Class, including plaintiffs Cho and Ulug."  (Pls. Br. at 4.)  Plaintiffs' unsupported and conclusory assertions cannot meet their burden to demonstrate the absence of a substantial question of law, as required to establish futility and defeat amendment.

*Second*, the fact that the Court appointed Cox and Dinzik as Lead Plaintiffs under the PSLRA does not affect the treatment of Cho and Ulug's individual claims.  Plaintiffs argue that Cox and Dinzik were "the 'only' persons 'entitled to speak for the class.'"  (Pls. Br. at 7.)  Agreed.  But that fact simply further highlights that Cho and Ulug—who were ***not*** entitled to speak for the class—affirmatively asserted their own individual claims in the Amended Complaint, claims which the Court dismissed and on which it entered Judgment.  After the Court appointed Cox and Dinzik as Lead Plaintiffs, Cho and Ulug could have deferred to the Lead Plaintiffs to protect their rights, as other Lead Plaintiff applicants and the absent class members did.  But Cho and Ulug consciously elected not to do so.  Instead, they affirmatively chose to assert individual claims as "Additional Plaintiffs."

Having chosen to pursue individual claims in this action, Cho and Ulug bore the responsibility to pursue their claims.  They took no steps of any kind to challenge the Judgment

dismissing their claims.[6]  Indeed, they failed even to take sufficient steps to learn that their

claims had been dismissed for more than two years after the Judgment dismissing their claims

was entered.[7]  Under these circumstances, and as their sworn testimony dictates, Cho and Ulug

cannot and do not plausibly argue that their failure to appeal the Judgment against them was in

reliance on the Lead Plaintiffs' notice of appeal.

*Third*, while Cho and Ulug's failure to appeal is dispositive in any event, the Second

Circuit affirmed the dismissal of the Amended Complaint in which Cho and Ulug presented their

individual claims.  Plaintiffs try to sidestep this inconvenient, further dispositive fact by claiming

Cho and Ulug were parties to the reconsideration motion.  (Pls. Br. at 7.)  Not so.  That motion

and the memorandum of law that accompanied it were made by "Lead Plaintiffs," a fact fully

consistent with Cho's and Ulug's sworn testimony that they were completely unaware of the

motion either when it was made or when it was decided.  The notice of motion expressly states it

is brought by "Lead Plaintiffs, Todd Cox and Mary Dinzik."  (ECF No. 56 at 1 ("Lead Plaintiffs,

Todd Cox and Mary Dinzik, respectfully move this Court for reconsideration of its March 13,

2015 Opinion and Order . . .").)  Cox and Dinzik's moving brief similarly states, "Lead

Plaintiffs respectfully submit this motion for reconsideration . . ."  (ECF No. 57 at 1.)

### 3.  Defendants Do Not Seek to Assert *Res Judicata* or Collateral Estoppel Against Cox or Dinzik.

Because Defendants believe the Judgment dismissing the claims of Cho and Ulug

---

[6] Ex. I [Cho Tr.] at 172:22-173:3 ("Q. Did you have any involvement in the lawsuit between March 2015, which is when the district court dismissed the action, and September 2017, when the Second Amended Complaint was filed?  A: No."); Ex. J [Ulug Tr.] at 135:4-137:4.

[7] Ex. J [Ulug Tr.] at 137:8-14 ("Q. Okay. When did you learn that your complaint had been dismissed?  A. I think over the last week, you know.  I looked at the timeline and reviewed documentation, and as I was gathering things, that is when I became aware like in the last week or so."); Ex. I [Cho Tr.] at 193:11-16 ("Q. As you sit here today, do you know whether or not you were told or learned in 2015 that the case had been dismissed by the trial Court at that time? MS. CHAN: Objection.  A. At that time, no.").

supports defenses of *res judicata* and collateral estoppel, which must be pleaded as affirmative defenses under Rule 8(c), Defendants seek to amend their answers to assert the Proposed Defense. Defendants agree, however, that Cox and Dinzik prosecuted an appeal, and thus do not assert *res judicata* or collateral estoppel as to them. Accordingly, Plaintiffs' argument about the application of those doctrines to Cox and Dinzik is irrelevant. (*See* Pls.' Br. at 12-13.)

That said, Defendants remain entitled to argue that certain aspects of Judge Griesa's dismissal order, which the Second Circuit affirmed, are law-of-the-case as to all plaintiffs. For example, Judge Griesa correctly determined that certain alleged misstatements were protected from liability under the PSLRA safe harbor for forward-looking statements. *See Pearlstein v. BlackBerry Ltd.*, 93 F. Supp. 3d 233, 241 (S.D.N.Y. 2015) ("Some of defendants' statements 'looked forward' and indicated future performance, but they were accompanied by cautionary language qualifying them for safe harbor under the PLSRA."). The Second Circuit did not disturb that determination. And the application of the safe harbor is wholly unrelated to any new allegation or legal theory raised in the Second Amended Complaint. As a result, Defendants maintain—and reserve the right to argue—that determination is now binding law-of-the-case.

In any event, the law-of-the-case doctrine is not an affirmative defense that can be waived if not pleaded in an answer. *Cf. United States v. Wallace*, 573 F.3d 82, 90 n. 6 (1st Cir. 2009) (holding failure to raise law-of-case argument in the district court did not waive the argument and noting that waiver of law-of-the-case "would impose a burden on us to reconsider issues already decided"). Thus, Defendants maintain the right to argue law-of-the-case at an appropriate stage in the litigation.

## CONCLUSION

Defendants respectfully request that the Court grant them leave to amend their answers.

ny-1334110

Dated:   July 25, 2018                          /s/ James J. Beha II
         New York, New York

                                                MORRISON & FOERSTER LLP

                                                Dan Marmalefsky (admitted *pro hac vice*)
                                                707 Wilshire Boulevard
                                                Los Angeles, California 90017
                                                (213) 892-5200

                                                Joel C. Haims
                                                James J. Beha II
                                                250 West 55th Street
                                                New York, New York 10019
                                                (212) 468-8000

                                                *Attorneys for Defendants*