MORRISON | FOERSTER

707 WILSHIRE BOULEVARD
LOS ANGELES
CALIFORNIA 90017-3543

TELEPHONE: 213.892.5200
FACSIMILE: 213.892.5454

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 13, 2018

Writer's Direct Contact
+1 (213) 892.5809
dmarmalefsky@mofo.com

Hon. Katharine H. Parker
United States District Magistrate Judge
Southern District of New York
500 Pearl St., Room 750
New York, New York 10007

Re:    *Pearlstein v. BlackBerry Ltd.*, No. 13 Civ. 7060 (TPG) (S.D.N.Y.)

Dear Judge Parker:

      We write in response to Plaintiffs' September 13, 2018 pre-motion letter seeking Your Honor's "expedited assistance" to adjourn the deposition of BlackBerry's expert, Lucy P. Allen, scheduled for Monday, September 17, 2018, and to adjourn the briefing schedule in connection with Plaintiffs' class certification motion. The parties' disagreement regarding Plaintiffs' request for documents "sufficient to identify the financial/employment arrangement between" Ms. Allen and her employer, National Economic Research Associates, Inc. ("NERA"), is not good cause to postpone a long-scheduled deposition, much less to extend the briefing schedule for class certification. Plaintiffs should take the deposition as scheduled on Monday, and thereafter raise any objection in the proper manner on a full record.

      Chief Judge McMahon set the briefing schedule for Plaintiffs' class certification motion almost five month ago, on April 20, 2018. That schedule generously set a deadline for Plaintiffs' reply brief of October 5, 2018, almost two months after Defendants' filed their opposition on August 10. Plaintiffs' last-minute request to adjourn Ms. Allen's deposition is a contrived pretext to delay final briefing and decision on that motion. There is no basis to alter the schedule Judge McMahon set months ago. Plaintiffs' request should be denied.

      As the context of Ms. Allen's expert opinion and deposition makes clear, her compensation at NERA has nothing to do with whether a class should be certified. To certify a class, Plaintiffs seek to rely on the "fraud-on-the-market theory" giving rise to a rebuttable class-wide presumption of reliance, under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). (ECF No. 130 at 10-11.) To invoke the presumption, Plaintiffs submitted the expert report of Steven Feinstein. Under *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014), defendants can rebut the *Basic* presumption by showing that the misstatements alleged in the complaint did not impact the company's stock price (i.e., did not have "price impact"). In this case, Plaintiffs allege misstatements on four different dates during the class period (March 28, April 12, June 28 and August 12, 2013). Plaintiffs' own expert's event studies show there was no statistically-significant increase in BlackBerry's stock price on three of those dates, and Plaintiffs' expert agrees that the increase on the fourth date was not

MORRISON | FOERSTER

September 13, 2018
Page Two

caused by the alleged misstatement. With their opposition brief, Defendants submitted the expert report of Ms. Allen concluding that none of the alleged misstatements had price impact. In reaching this opinion, Ms. Allen confirmed Plaintiffs' own analysis showing that there was no statistically significant price increase as a result of any of the alleged misstatements. She also performed a detailed review of market analyst reports at the time of the alleged misstatements, demonstrating that market analysts did not view the alleged misstatements as material to their valuations of the company's stock. Finally, she reviewed the company's statements and market analysts' reaction on September 20, 2013 – the date when Plaintiffs claim the truth was revealed, BlackBerry's stock price fell, and the class period ends. Ms. Allen concluded that the drop in the company's stock price on September 20, 2013 did not show the earlier alleged misstatements had "price impact" at the time they were made because the September 20 statements were unrelated to the earlier alleged misstatements and none of the market analysts discussing the September 20 disclosures drew any connection to the earlier alleged misstatements. In short, Ms. Allen analyzed public records concerning trading in BlackBerry shares and analyst reports produced months ago by the parties and performed various calculations as part of an event study to reach her expert opinion that the alleged misstatements had no price impact.

In their letter, Plaintiffs provide a misleading account of the course of events over the last several weeks related to discovery as to Ms. Allen to argue that BlackBerry has engaged in dilatory tactics or failed to comply with its discovery obligations. Plaintiffs are wrong. For an accurate account of this history, we refer the Court to our email to Plaintiffs sent earlier today, attached to Plaintiffs' submission as Exhibit D. But that history is largely irrelevant. There is no dispute that Plaintiffs have received, among other things, Ms. Allen's model for her event study, all of the inputs into that study, all documents that Ms. Allen considered or relied on in forming her opinions –including all of the analyst reports. Indeed, Plaintiffs have accepted Ms. Allen's production as fully compliant with all of their discovery requests, with the exception of **one** request: for documents "sufficient to identify the financial/employment arrangement between" Ms. Allen and NERA.

Plaintiffs received the documents that are actually relevant to their examination of Ms. Allen—her model and all of the documents on which she relied or that she considered in reaching her opinion—on August 31, the short deadline Plaintiffs set for a response to the subpoena they first served on August 16. Thus, Plaintiffs have had for weeks all of the documents necessary to evaluate Ms. Allen's opinions and prepare for Ms. Allen's deposition. Plaintiffs then waited over a week to raise any issues with Ms. Allen's production.[1] After the parties met and conferred, Ms. Allen promptly produced a small

---

[1] Plaintiffs claim it took them so long because they had to "review the over 42,000 pages of documents that were produced or identified . . ." But over **26,000** of those 42,000 pages were documents that Plaintiffs had produced earlier on behalf of their expert, which Ms. Allen then identified as documents she relied on. Virtually all of the others were produced by the accelerated August 31 date that plaintiffs had requested. Of

ny-1344704

MORRISON | FOERSTER

September 13, 2018
Page Three

number of additional documents earlier this week—consisting entirely of (a) lists of other matters in which Ms. Allen has testified beyond the four years for which disclosure of such information is required by Rule 26; and (b) prior publications by Ms. Allen on matters unrelated to her testimony, such as asbestos-related litigation. Not only is any "delay" in receiving that limited number of documents not cause to postpone proceedings—in fact, the documents all are publicly available and Plaintiffs could have obtained them in minutes through a simple internet search.

Plaintiffs' application comes down to this one disputed request: one business day before Ms. Allen's deposition, Plaintiffs seek to adjourn the deposition and to alter the Court's schedule for class certification because Ms. Allen has not produced documents "sufficient to identify the financial/employment arrangement between" her and NERA. Plaintiffs have not shown that they are entitled to these highly personal documents—which go far beyond the compensation "to be paid" to Ms. Allen for her report and testimony. Rule 26(a)(2)(B)(vi). But, in any event, Plaintiffs cannot and do not even attempt to show why the details of Ms. Allen's financial relationship with NERA would possibly be relevant to the deposition, to the Court's evaluation of Ms. Allen's opinion, or to class certification. Ms. Allen disclosed the rate of compensation for her work in this matter as the rules require.[2] Further details about Ms. Allen's employment or compensation are not relevant.

Plaintiffs fail to provide good cause to cancel the deposition at the last minute. Certainly, Plaintiffs fail to explain why they are unable to take the deposition as scheduled without documents "sufficient to identify the financial/employment arrangement between" Ms. Allen and NERA. Plaintiffs have all of the materials they need to question Ms. Allen about the substance of her opinions; and Ms. Allen and all of the parties have made arrangements to proceed with a deposition on Monday (including counsel for BlackBerry who have made non-refundable travel arrangements to come from the West Coast to attend the deposition in New York on September 17—the only date this coming week mutually available to counsel and Ms. Allen). In the unlikely event that the Court, on a proper motion record, later finds that Plaintiffs are entitled to documents related to Ms. Allen's "financial/employment arrangement' with NERA and that Plaintiffs are entitled to ask Ms. Allen a few questions about such documents, then arrangements can be made to resume the deposition to permit brief questioning concerning those documents.

The Court should deny Plaintiffs' application; Ms. Allen's deposition should go forward on Monday, September 17, as scheduled.

---

course, Plaintiffs did not need a week to review their own expert's documents before raising purported concerns with Ms. Allen's production.

[2] Plaintiffs argue that Ms. Allen's compensation disclosure is insufficient; but Plaintiffs' expert disclosed his compensation in exactly the same manner. See ECF No. 131-1(Feinstein Report) at ¶ 16 ("My firm is being compensated at a rate of $895 per hour for my work.").

ny-1344704

MORRISON | FOERSTER

September 13, 2018
Page Four

                                                              Respectfully submitted,

                                                              /s/ Dan Marmalefsky
                                                              Dan Marmalefsky

cc:    All counsel of record (via ECF)

ny-1344704