UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN,<br><br>Defendants. | No. 1:13-CV-7060-CM-KHP |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR THE ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) WITH ONTARIO WITNESSES**

Plaintiffs respectfully submit this memorandum in support of their motion for the issuance of a request for international judicial assistance ("Letter Rogatory") from the Ontario Superior Court of Justice for oral examinations ("depositions") of Ontario residents James Yersh, Charles Kearns, Carlo Chiarello, Rick Costanzo, Edel Ebbs, and Tory Luelo (collectively, the "Ontario Witnesses").

**PRELIMINARY STATEMENT**

In this Action, Plaintiffs assert claims for securities fraud under Section 10(b) (and Rule 10b-5 promulgated thereunder) and Section 20(a) of the Securities Exchange Act of 1934 against BlackBerry Limited ("BlackBerry" or the "Company") and its former executive officers Thorsten Heins, Brian Bidulka, and Steve Zipperstein (collectively with BlackBerry, "Defendants"). Plaintiffs respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781 (b)(2), for the issuance of a Request

for International Judicial Assistance ("Letter Rogatory") to obtain testimonial and documentary evidence from James Yersh, Charles Kearns, Carlo Chiarello, Rick Costanzo, Edel Ebbs, and Tory Luelo (collectively, the "Ontario Witnesses") for use in the above-captioned matter. By virtue of their roles at BlackBerry Limited, the Ontario Witnesses were each in a position to have direct knowledge of material facts relevant in this Action, including, among other things, the Company's accounting practices during the relevant time period; sales, returns, and marketing information related to the BlackBerry 10 smartphones; and Defendants' false and misleading representations to investors.

Counsel for Defendants, Morrison & Foerster, LLP ("Defense Counsel"), has not yet represented whether Defense Counsel will provide legal representation for the Ontario Witnesses in connection with this matter and, if so, whether the Ontario Witnesses will consent to service through Defense Counsel. Plaintiffs have not spoken with the Ontario Witnesses, and may never be able to do so except through formal service of process. Given the fact discovery end date of October 31, 2019, Plaintiffs must commence the letters rogatory process immediately in order to depose these individuals by October 31, 2019.

Because the Ontario Witnesses are located in Canada and cannot be compelled to testify in the United States absent the issuance of a Letter Rogatory, this request is the only feasible means for Plaintiffs to obtain the highly relevant evidence within the possession of the Ontario Witnesses.

## FACTUAL AND PROCEDURAL OVERVIEW

Discovery in this Action commenced in-earnest after the initial pretrial conference held before the Honorable Chief Judge Colleen McMahon on April 20, 2018. Since that time, Plaintiffs have worked diligently to move forward, including having a dedicated team of lawyers continuously reviewing and analyzing Defendants' rolling document productions while also

addressing the complex discovery disputes with motion practice where necessary and attending regular discovery conferences. On January 29, 2019, the Court extended the discovery deadline to October 31, 2019, and gave Plaintiffs permission to submit a motion for international judicial assistance. Despite the fact that Defendants have recently produced nearly a million Bates-stamped pages of documents that Plaintiffs still need to review and that there are pending discovery disputes over critical documents relevant to the Ontario Witnesses, Plaintiffs must move forward with this request for international judicial assistance with the Ontario Witnesses to allow the Ontario courts time to offer such judicial assistance.

## ARGUMENT

**I.  APPLICABLE LEGAL STANDARD FOR THE ISSUANCE OF LETTERS ROGATORY**

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1781(b)(2), courts routinely issue letters rogatory where "the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) (granting motion for the issuance of letters rogatory to allow plaintiff to take third party discovery in Canada); *Netherby Ltd., v. Jones Apparel Grp., Inc.*, 2005 U.S. Dist. LEXIS 9769, at *5 (S.D.N.Y. May 18, 2005) (same).

Plaintiffs are entitled to letters rogatory to "conduct discovery that may uncover relevant evidence." *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *2. "In determining whether to issue a letter of request, 'courts apply the discovery principles contained within the Federal Rule of Civil Procedure 26.'" *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 U.S. Dist. LEXIS 99151, at *8-9 (S.D.N.Y. June 12, 2018) (quoting *Joseph v. Gnutti Carlo S.p.A.*, 2016 U.S. Dist. LEXIS 96721, at *3 (S.D.N.Y. July 25, 2016). "Such principles include 'whether the movant makes a reasonable

3

showing that the evidence sought may be material or may lead to the discovery of material evidence,' and consideration of 'breadth, relevance, and the availability of the information sought from other sources.'" *Id*. at *9 (quoting *Lantheus*, 841 F. Supp. 2d at 776-77). "Although the 'party seeking the application of the Hague Convention procedures…bears the burden of persuasion,' that burden is not a heavy one." *Id*. (quoting *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 435 (E.D.N.Y. 2008)) (and citing *Joseph*, 2016 U.S. Dist. LEXIS 96721, at *3 (noting that "relevance for the purposes of discovery, is an extremely broad concept.").

**II.   THE ISSUANCE OF LETTERS ROGATORY IS PROPER BECAUSE THE INFORMATION SOUGHT IS RELEVANT AND MATERIAL TO THE ACTION**

Plaintiffs respectfully submit that the Letter Rogatory should be issued because each of the Ontario Witnesses held distinct, relevant positions at BlackBerry during the relevant time period that pertain to material issues in this Action. The Ontario Witnesses are all former high-level BlackBerry employees that are well-positioned to have knowledge regarding BlackBerry's accounting, BlackBerry's sales and distribution channels, and Defendants' false and misleading public statements during the relevant time period.

**A.   James Yersh**

James Yersh served as the Senior Vice President and Controller at BlackBerry from 2008 to November of 2013, after which time he served as BlackBerry's Chief Financial Officer ("CFO") through October of 2016. Defendants have disclosed to Plaintiffs that Mr. Yersh is likely to be in possession of discoverable information. Moreover, according to Plaintiffs' review of documents, James Yersh was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, sales, returns and accounting. This is evidenced by, *inter alia*, his responsibilities and communications regarding BlackBerry 10 device pricing, discounting, inventory and revenue recognition accounting. As directed to James Yersh, therefore, the requests seek relevant testimony

with respect to such topics as: (i) BlackBerry's internal controls; (ii) internal and external audits of BlackBerry's financial statements; (iii) internal and external opinions regarding BlackBerry's recognition of revenue related to sales and returns of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, sales and returns.

### B.  Charles Kearns

Charles Kearns served as the Senior Director of Accounting at BlackBerry from 2009 to November of 2013, after which time he served as BlackBerry's Interim Controller through May of 2014. Defendants have disclosed to Plaintiffs that Mr. Kearns is likely to be in possession of discoverable information. Moreover, according to Plaintiffs' review of documents, Charles Kearns was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, sales, returns and accounting. This is evidenced by, *inter alia*, his responsibilities and communications regarding BlackBerry 10 device pricing, discounting, inventory and revenue recognition accounting. As directed to Charles Kearns, therefore, the requests seek relevant testimony with respect to such topics as: (i) BlackBerry's internal controls; (ii) internal and external audits of BlackBerry's financial statements; (iii) internal and external opinions regarding BlackBerry's recognition of revenue related to sales and returns of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, sales and returns.

### C.  Carlo Chiarello

Carlo Chiarello served as the Executive Vice President of BlackBerry's Handset Division during the Class Period from 2012 to January of 2014. Defendants have disclosed to Plaintiffs that Mr. Chiarello is likely to be in possession of discoverable information. Moreover, according to Plaintiffs' review of documents, Carlo Chiarello was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, sales, returns and accounting. This is evidenced by, *inter alia*, his responsibilities and communications regarding BlackBerry 10 device pricing,

discounting, inventory and revenue recognition accounting. As directed to Carlo Chiarello, therefore, the requests seek relevant testimony with respect to such topics as: (i) BlackBerry's internal controls; (ii) internal and external audits of BlackBerry's financial statements; (iii) internal and external opinions regarding BlackBerry's recognition of revenue related to sales and returns of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, sales and returns.

### D.   Rick Costanzo

Rick Costanzo served as the Executive Vice President of Global Sales and Regional Marketing at BlackBerry during the Class Period from June 2012 to late 2013. Defendants have disclosed to Plaintiffs that Mr. Costanzo is likely to be in possession of discoverable information. Moreover, according to Plaintiffs' preliminary review of documents, Rick Costanzo was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, sales, and pricing. This is evidenced by, *inter alia*, his responsibilities and communications regarding BlackBerry 10 device pricing, discounting, inventory and revenue recognition accounting. As directed to Rick Costanzo, therefore, the requests seek relevant testimony with respect to such topics as: (i) BlackBerry's internal controls; (ii) internal and external audits of BlackBerry's financial statements; (iii) internal and external opinions regarding BlackBerry's recognition of revenue related to sales and returns of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, sales and returns.

### E.   Edel Ebbs

Edel Ebbs served as the Executive Vice President of Executive Operations & Corporate Strategy from 2012 to December of 2013. According to Plaintiffs' preliminary review of documents, Edel Ebbs was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, discounting, sales and returns. This is evidenced by, *inter alia*, her responsibilities regarding BlackBerry's communications with the media and investors vis-à-vis

6

BlackBerry 10 device inventory levels, discounting, sales and returns. As directed to Edel Ebbs, therefore, the requests seek relevant testimony with respect to such topics as: (i) the Individual Defendants' knowledge regarding BlackBerry 10 device inventory levels, discounting, sales and returns; (ii) the Individual Defendants' communications with the media and investors regarding BlackBerry 10 device inventory levels, discounting, sales and returns; (iii) media and investor sentiment regarding the success and/or failure of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, discounting, sales and returns.

### F. Tory Luelo

Tory Luelo served as the Senior Manager of Global Revenue & Acquisitions at BlackBerry from 2010 to June of 2014, after which time she served as BlackBerry's Director of Revenue through February of 2015. According to Plaintiffs' preliminary review of documents, Tory Luelo was in a position to have direct knowledge of the details of BlackBerry 10 device inventory levels, sales, returns, discounting and accounting. This is evidenced by, *inter alia*, her responsibilities and communications regarding BlackBerry 10 device pricing, discounting, inventory and revenue recognition accounting. Ms. Luelo was directly involved in the drafting of accounting memos addressing revenue recognition and/or fixed and determinable pricing. As directed to Tory Luelo, therefore, the requests seek relevant testimony with respect to such topics as: (i) BlackBerry's internal controls; (ii) internal and external audits of BlackBerry's financial statements; (iii) internal and external opinions regarding BlackBerry's recognition of revenue related to sales and returns of BlackBerry 10 devices; and (iv) BlackBerry 10 device inventory levels, sales and returns.

### III. THE ISSUANCE OF LETTERS ROGATORY IS NECESSARY TO OBTAIN DISCOVERY FROM THE ONTARIO WITNESSES WITHOUT JUDICIAL INTERVENTION

Defense Counsel has not indicated whether they represent the Ontario Witnesses or whether Defense Counsel would be authorized to accept service on their behalf. Because the deadline to complete fact discovery is October 31, 2019 and it may take an extended period of time to receive Canadian judicial assistance to take these depositions, Plaintiffs must commence the letters rogatory process now and simultaneously pursue efforts to obtain voluntary cooperation from these witnesses. Because the Ontario Witnesses are located in Canada and cannot be compelled to testify in the United States absent the issuance of a Letter Rogatory, this request is necessary to obtain the highly relevant evidence within the possession of the Ontario Witnesses.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion for the issuance of a Letter Rogatory to the appropriate authorities in Canada to obtain testimonial evidence necessary in the interests of justice in connection with the above-captioned matter.

DATED: January 31, 2019                      Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn (*admitted PHV*)
Craig J. Geraci, Jr. (*admitted PHV*)
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs
and the Class*


**BROWER PIVEN**
   A Professional Corporation
David A.P. Brower
136 Madison Avenue 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Additional Plaintiffs Yong M.
Cho and Batuhan Ulug and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on January 31, 2019.

                                        */s/ Kim E. Miller*
                                        Kim E. Miller