



250 Park Avenue, Suite 2040
New York, NY 10177

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

Kim E. Miller
Partner – Admitted in NY & CA
Direct: 212.696.3730
kim.miller@ksfcounsel.com

NEW ORLEANS
**NEW YORK**
SAN FRANCISCO

January 31, 2019

*via ECF and Overnight Delivery*

Hon. Katharine H. Parker
United States District Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pear St., Room 750
New York, New York 10007

      **Re:**    *Pearlstein v. BlackBerry Limited, et al.*, No. 1:13-cv-7060-CM-KHP (S.D.N.Y.)

Dear Judge Parker:

    Attached please find courtesy copies of Plaintiffs':

1. *Notice of Motion for the Issuance of a Request for International Judicial Assistance (Letter Rogatory) with Ontario Witnesses* (Dkt. No. 263), including a *Proposed Order* (Dkt. No. 263-1);

2. *Memorandum of Law in Support of Plaintiffs' Motion for the Issuance of a Request for International Judicial Assistance (Letter Rogatory) with Ontario Witnesses* (Dkt. No. 264); and

3. *Declaration of Kim E. Miller in Support of Plaintiffs' Motion for the Issuance of a Request for International Judicial Assistance (Letter Rogatory) with Ontario Witnesses* (Dkt. No. 265), including Exhibit A, the *Request for International Judicial Assistance (Letter Rogatory) from the Ontario Superior Court of Justice for Oral Examinations (Depositions) of James Yersh, Charles Kearns, Carlo Chiarello, Rick Costanzo, Edel Ebbs, and Tory Luelo* (Dkt. No. 265-1).

As discussed with Your Honor during the conference on January 28, 2019, this Motion relates solely to six (6) former BlackBerry employees whom Plaintiffs believe currently reside in Ontario, Canada (the "Ontario Witnesses"). Plaintiffs may make a separate motion related to one or more additional foreign witnesses not residing in Ontario.



Hon. Katharine H. Parker -2- January 31, 2019

      Plaintiffs note that the depositions of each of the Ontario Witnesses are likely to implicate information in documents that are subject to pending privilege disputes.[1] Thus, while we wish to move the deposition process forward expeditiously, Plaintiffs believe they may be prejudiced by taking the deposition(s) of any of the Ontario Witnesses prior to resolution of those disputes and having had the opportunity to review any subject documents the Court may order Defendants produce. Plaintiffs believe it is highly unlikely the Canadian courts will permit Plaintiffs to re-depose any of its citizens and, having discussed this issue with Defendants during last week's meet-and-confer, Defendants have, not surprisingly, indicated they would strongly object to a second deposition of any witnesses. Plaintiffs too would prefer conducting a single deposition of any of the witnesses in this Action once in possession of all the relevant documents.

      Should the Court have any questions, Plaintiffs stand ready to promptly respond.

Respectfully submitted,

*/s/ Kim E. Miller*
Kim E. Miller

Cc:     All Counsel of Record (*via ECF only*)

---

[1] One or more of the Ontario Witnesses appear(s) in numerous privilege log entries Plaintiffs specifically challenged in their motions to compel (*e.g.*, privilege log entries ## 149, 150, 155, 159, 163, 178, 183, 211, 263, 264, 268, 283), as well as many more that relate to Defendant Steve Zipperstein. *See generally* Exhibits A and B to the Declaration of Kim E. Miller in Support of Motions to Compel (Dkt. No. 216-1; Dkt. No. 216-2).