**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARVIN PEARLSTEIN, Individually and On
Behalf of All Others Similarly Situated

Plaintiffs,

-against-

BLACKBERRY LIMITED, THORSTEN HEINS,
BRIAN BIDULKA, and STEVE ZIPPERSTEIN,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/19

No: 2:13-cv-07060 (CM) (KHP)

## MEMORANDUM DECISION AND ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING THE CLAIMS OF "ADDITIONAL PLAINTIFFS" CHO AND ULUG AS AGAINST ALL DEFENDANTS

McMahon, C.J.:

Defendants Blackberry Limited ("Blackberry") and certain of its executives, Thorsten

Heins, Brian Bidulka, and Steve Zipperstein (collectively, the "Defendants") move for judgment

on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to two members of the

putative class of plaintiffs, Yong M. Cho and Batuhan Ulug (the "Additional Plaintiffs").

Messers Cho and Ulug, represented by David A.P. Brower, were among those who vied for the

position of Lead Plaintiff in this action pursuant to the Private Securities Litigation Reform Act

(PSLRA), 15 U.S.C. § 78u-4. (Dkt. Nos. 8, 9.) They were not selected; their claims were folded

into a consolidated amended complaint filed on behalf of all putative class members by the

designated lead plaintiffs. However, the text of that consolidated amended complaint identifies

Cho and Ulug (and no other party) as "Additional Plaintiffs;" and the attorney who represented

them in their quest for lead plaintiff status, Brower, appears on the consolidated amended

1

pleading, as well as many subsequent motion papers in the district court, as "Counsel for Additional Plaintiffs Yon M. Cho and Batuhan Ulug and the Class."[1]

The Consolidated Amended Complaint was dismissed with prejudice by my late colleague, The Hon. Thomas P. Griesa, and both reconsideration and leave to amend were denied. (Dkt. Nos. 55, 62.) Lead Plaintiffs filed an appeal from these decisions on behalf of themselves "and all others similarly situated." The notice of appeal did not specifically mention Cho and Ulug, and while Brower signed the notice and the appeal briefs, he did so as "Additional Counsel for Lead Plaintiffs and the Class."

Although it affirmed dismissal of the consolidated amended complaint, the Second Circuit vacated Judge Griesa's order denying leave to amend and remanded the case to permit the filing of an amended complaint. Judge Griesa having died in the meantime, the matter was reassigned to me; I denied a motion to dismiss the second consolidated amended complaint. (Dkt. No. 115.)

Now Defendants argue that – whatever the fate of the rest of the class – at least the claims of Cho and Ulug must be dismissed. They reason that because Cho and Ulug – who originally vied for the position of Lead Plaintiff – identified themselves as "additional plaintiffs" on the Consolidated Amended Complaint, represented by their own counsel, they were not "represented" by Lead Plaintiff and so were required either to file a separate notice of appeal from Judge Griesa's order of dismissal or to add their names to the notice filed by the Lead Plaintiffs in some way that indicated their intent to appeal. (Dkt. No. 63.) Having failed to do so, Defendants contend that they are bound by Judge Griesa's final order of dismissal and are barred, both from participating in this action as members of the class and from asserting claims

---

[1] Possibly due to some accommodation that Mr. Brower was able to negotiate with counsel for Lead Plaintiffs – a not uncommon occurrence in securities fraud class actions brought pursuant to the PSLRA.

against Zipperstein, who was not a party defendant during the litigation over the Consolidated Amended Complaint.

I sent Defendants' motion to dismiss the claims of Chu and Ulug to The Hon. Katharine H. Parker, U.S.M.J., for consideration in the first instance. (Dkt. No. 252.)

I have received and reviewed Judge Parker's exceptionally thorough Report and Recommendation (Dkt. No. 338; the "R&R"). The learned Magistrate Judge recommends that this Court grant Defendants' motion and dismiss the claims of Cho and Ulug – essentially, that I bar them from participating in this case as members of the class – and that, under principles of former adjudication, I extend that bar to claims against the newly-joined Defendant.

I have also reviewed the objections filed by Cho and Ulug and the response thereto from Defendants.

While it seems that Federal Rule of Appellate Procedure 3(c)(3) should make this an easy question to answer, it turns out to be anything but. After thorough review, and with not a few misgivings, I conclude that the learned Magistrate Judge is correct. I thus accept the Report and adopt it as the opinion of the Court – with the following additions, which are addressed to the objections.

## Statement of Facts

To the Magistrate Judge's statement of facts, I add only the following (some of which appears in Judge Parker's Report, but I extract it here so that all of these facts can be easily referenced):

While the consolidated amended complaint that was the subject of litigation before Judge Griesa and the Second Circuit bears the caption, "Marvin Pearlstein, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. Blackberry Limited, f/k/a Research in Motion

3

Limited, Thorstein Heins and Brian Bidulka, Defendants," the first paragraph of the CAC

identifies Cox and Dinzik as Lead Plaintiffs and specifically lists Cho and Ulug as Additional

Plaintiffs. (Dkt. No. 42 ¶ 1).

All the claims asserted in the CAC were common to all members of the class; no claims

were peculiar to Cho and Ulug. (Dkt. No. 42.)

The CAC was signed by Kim Miller of Kahn Swick & Foti, who had been appointed as

Lead Counsel for the Class. Under Ms. Miller's signature was the name of Cho and Ulug's

attorney, David Brower of Brower Piven, P.C., identified as "Counsel for Additional Plaintiffs

Yong M. Cho and Batuhan Ulug and the Class." (*Id.* at 64.)

Mr. Brower signed all of the following documents that were filed with the district court

prior to the appeal to the Second Circuit as "Counsel for Additional Plaintiffs Yong M. Cho and

Batuhan Ulug and the Class": the Consolidated Amended Complaint filed June 2, 2014 (Dkt.

No. 42); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the

Consolidated Amended Complaint, filed September 5, 2014 (Dkt. No. 49); Plaintiff's Motion for

Reconsideration of the Court's March 13, 2015 Order Granting Defendants' Motion to Dismiss,

as well as Plaintiff's memorandum of law in further support of that motion, filed March 31, 2015

(Dkt. Nos. 56, 57); Plaintiff's Memorandum of Law in Further Support of Their Motion for

Reconsideration, filed April 27, 2015 (Dkt. No. 59); and the proposed Second Amended

Complaint attached to that reply brief (Dkt. No. 59-1).

The Notice of Appeal did not contain the names of either Cho or Ulug.

Mr. Brower signed the Notice of Appeal as "Additional Counsel for Lead Plaintiffs and

the Class;" unlike in the district court, his signature block did not identify Cho and/or Ulug as his

clients.

## Standards on Review from a Report and Recommendation

When reviewing a magistrate's Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may make "specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of a magistrate judge's recommended disposition. FED. R. CIV. P. 72(b)(2). If a party makes a timely objection, the court reviews those portions of the report and recommendation to which objection is made *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

The standard of review on a motion for judgment on the pleadings under Rule 12(c) is whether "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir.1995). Dismissal under Rule 12(c) "'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.' " *Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*, No. 10-cv-8752 (BSJ) (THK), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011) (quoting *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)). The standard for assessing a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (citations omitted). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

5

## Conclusions of Law

Federal Rule of Appellate Procedure 3(c)(3) provides that a notice of appeal filed in a class action (even before a class is certified) is sufficient to protect the interests of the entire class as long as it is filed by any single person who is "qualified to bring the appeal as representative of the class." That rule – passed by the Rules Enabling Committee specifically to ameliorate the impact of the Supreme Court's holding in *Torres v. Oakland Scavenger Co.,* 487 U.S. 312 (1988) – should supply the answer in this case. In a PSLRA case, the Lead Plaintiffs designated by the court pursuant to that statute's unique litigation procedures– and only the Lead Plaintiffs – are "qualified to bring [an] appeal as representatives of the class." Therefore, a notice of appeal filed by Lead Plaintiffs on behalf of themselves and "all others similarly situated" should have protected the claims of all members of the class from finality – including, one would think, Cho and Ulug, who were indubitably members of the class.

However, as Judge Parker's extended discussion makes clear, things aren't always what they seem. When an individual who falls within a putative class definition chooses to appear in a class action his own name and by his own attorney – at least in the Second Circuit – he ceases to be "represented" by the Lead Plaintiffs (in a PSLRA case) or by a named plaintiff or other designated class representative. And in such a circumstance, class action status notwithstanding, the person – the "Additional Plaintiff," to use the moniker applied to Cho and Ulug by their attorney – must either file a notice of appeal or indicate somewhere in the caption or in the body of the notice of appeal that they are appealing parties who intend to be bound by the results of the appeal.

The Second Circuit has not had occasion to address the precise situation that confronts this court. Nonetheless, as the learned Magistrate Judge's Report discusses thoroughly, our Court of

Appeals has opined (albeit, unfortunately, in a footnote), that the use of the words "et al" in a

notice of appeal file by a class representative does not "clearly express" the intention of other

named parties – as opposed to absent class members – to join in the appeal. *Cohen v. UBS*

*Financial Services, Inc.*, 799 F.3d 174, 177 n.3 (2d Cir. 2015). *Cohen* is well analyzed by

Magistrate Judge Parker; in it Judge Jacobs expressly stated that Cohen's notice of appeal was

filed only in his individual and representative capacity, and that the others who had chosen to

participate in the lawsuit under their own names were not represented by Cohen or encompassed

by a notice filed solely by him;[2]

> We reject Cohen's assertion that the other named plaintiffs below joined his appeal. The
> caption on the notice of appeal....sufficed to give notice that Cohen was appealing
> individually and as a class representative, Fed. R. App. P. 3(c)(3), but did not clearly
> express any other named plaintiff's intent to join the appeal, id. 3(c)(4). *Torres v.*
> *Oakland Scavenger Co.*, 487 U.S. 312, 108 S. Ct. 2405, 101 L.Ed. 2d 285 (1988); see
> also *Gusler v. City of Long Beach*, 700 F. 3d 646, 650 (2d Cir. 2012).

---

[2] *Cohen* is a very confusing decision in all respects. The case was filed in California and transferred to New York,
where my former colleague, The Hon. Barbara S. Jones, had already stayed an identical case brought under federal
and New York law against UBS in favor of arbitration. At some point, four other individuals became named
plaintiffs (two as representative plaintiffs and two as individuals – it is not clear when, although there were
apparently a total of four complaints (an original and three amended complaints) filed prior to the case's being
transferred to New York. At some point, Cohen dropped his FLSA collective action claims and elected to pursue
only his claims under California law, *see Cohen v. UBS Fin. Servs., Inc.*, No. 12-cv-2147 (BSJ), 2012 WL 6041634,
at *5 (S.D.N.Y. Dec. 4, 2012). It does not appear that the other four named plaintiffs did the same. The appellate
decision makes no mention of this at all; in fact, the panel states that Cohen was pursuing both class and collective
claims, which Judge Jones insisted was not the case. The salient language about the appellate rule appears in a
footnote; the reader has no idea how or why the issue was raised, or whether the statement in the footnote (itself a
slender reed on which to hang the disposition of a case) is anything other than dictum. And there is not a word in the
opinion about the fact that Fed. R. App. P. 3(c)(3) does not by its terms apply to collective (as opposed to a class)
actions. In addition to the fact that the rule specifically refers to class actions only, it provides that an appeal can be
filed by any one person who is "authorized" to appeal as a class representative. But a named plaintiff in a collective
action speaks only for himself and is not "authorized" to do anything on behalf of anyone; every individual who
wishes to participate in a collective action must affirmatively "opt into" the litigation, at which point he, too,
becomes a named party represented as an individual by counsel for the collective. *See* 29 U.S.C. § 216(b). The fact
that the other named plaintiffs in *Cohen* were pursuing opt in claims under the FLSA, while Cohen was not, surely
meant that they had to file their own notices of appeal, if only to preserve the FLSA claims that Cohen had expressly
abandoned in the district court. All of this bespeaks caution when trying to apply *Cohen* to this or any other case.
Nonetheless, I cannot conclude that the learned Magistrate Judge was wrong to hang her conclusion on the Cohen
footnote.

7

*Gusler v. City of Long Beach*, 700 F.3d 646 (2d Cir. 2012) – the case cited in the *Cohen* footnote – was not a class action, and so technically is not relevant here (because Rule 3(c)(3) is not implicated except in class actions). However, as Judge Parker noted, *Gusler* does speak usefully to the case at bar. For in *Gusler*, the Circuit held that "the notice of appeal is sufficient . . . if—and only if—it is *manifest from the notice as a whole* that the party wishes to appeal," *id.* at 649 (Emphasis added). In this case, it would be difficult to conclude "from the notice as a whole" that Cho and Ulug were signing onto the appeal filed by Lead Plaintiffs. The principal piece of evidence against that proposition is the fact that their attorney – who had signed all papers in the district court as "counsel for Additional Plaintiffs Yong M. Cho and Batuhan Ulug and the Class" – dropped his clients' names from the signature block on the notice of appeal and from the Lead Plaintiffs' briefs to the Court of Appeals. Instead, Mr. Brower represented on the notice of appeal that he was "Additional Counsel for Lead Plaintiffs and the Class" (Dkt. No. 63.), and on the briefs to the Second Circuit, Mr. Brower identified himself as "Counsel for Plaintiffs-Appellants Todd Cox and Mary Dinzik." (*See, e.g.*, *Cox v. Blackberry Limited, et al.*, No. 15-3991, Dkt. No. 35). Those facts alone render Cho's and Ulug's reliance on the "all others similarly situated" language to protect their interests unpersuasive.[3]

It is indubitable that Lead Plaintiffs' appeal would have covered Cho and Ulug's claims if only they had not been specifically named as Additional Plaintiffs. One wonders why it was necessary to insert their names into the pleading; they asserted no claims separate from those of the rest of the class and their interests would have been fully protected by the parties selected by Judge Griesa as being most capable of representing the interests of all class members. But I see

---

[3] While what happened after the appeal is not strictly relevant, it is, to say the least, noteworthy that, once the case went back to the district court, Mr. Brower resumed his earlier practice of signing papers as "Counsel for Additional Plaintiffs Cho and Ulug and the Class" – not "Additional Counsel for Lead Plaintiffs and the Class." (*See, e.g.*, Dkt. No. 84, Second Amended Complaint, at 91.)

8

no error in Magistrate Judge Parker's conclusion that the unique litigation procedures of the

PSLRA (1) have no impact on the Federal Rules of Appellate Procedure, and (2) do not prevent

others who are not Lead Plaintiffs from deciding that they prefer to protect their own interests.

On its face, that is precisely what Cho and Ulug decided to do.

I also appreciate that the result might be different elsewhere. In *Massie v. U.S. Dept. of*

*Housing and Urban Development*, 620 F.3d 340 (3d Cir. 2010), for example, a notice of appeal

from an order granting defendants' motion for summary judgment identified the plaintiffs-

appellants as "Jean Massie, *et al.*," even though the original case caption named six individual

plaintiffs, each of whom had been certified as a class representative by the district court. *Id.* at

347-8. Noticing the change in the case caption, the Third Circuit directed the parties to brief the

issue of "who is, or are, the proper appellant or appellants in this case." *Id.* at 347. The Third

Circuit concluded that the "et al" notice had preserved the appellate rights of all class members --

including the five named and certified class representatives whose names did not appear on the

notice of appeal -- because Jean Massie was "one person qualified to bring the appeal" on

behalf of the entire class, and the entire class included all of the named plaintiffs. *Id.* at 349.

The court also observed that such a notice would have been sufficient even in an "uncertified

class action on appeal." *Id.*

However, Magistrate Judge Parker and I sit in the Second Circuit, and we are bound by

what appears to be that court's narrow reading of Fed. R. App. P. 3(c)(3).

The objections of Cho and Ulug are, therefore, overruled. The recommendation in the

Report is accepted and Defendants' motion to dismiss the claims of Ulug and Cho on the ground

that Judge Griesa's order was final as to them, notwithstanding the fact that all other putative

class members were given permission to file an amended complaint, is GRANTED. So, for the

9

reasons stated in the Report, is the motion seeking a declaration that Cho and Ulug cannot assert claims against Defendant Zipperstein in the Second Amended Complaint.

This constitutes the written opinion and order of the court.

The Clerk of Court should close the motion at Docket Number 245.

Dated: September 20, 2019

_____

Chief Judge

BY ECF TO ALL PARTIES