**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated

Plaintiffs,

-against-

BLACKBERRY LIMITED, THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN,

Defendants.

No: 2:13-cv-07060 (CM) (KHP)

**ORDER DENYING MOTION FOR RECONSIDERATION OF THE SEPTEMBER 24, 2019 ORDER**

McMahon, C.J.:

On September 24, 2019, this Court entered an order accepting Magistrate Judge Parker's Report and Recommendation (Dkt. No. 338; the "R&R") with respect to Defendants' motion on the pleadings and dismissing the claims of "Additional Plaintiffs" Yong M. Cho and Batuhan Ulug. *Pearlstein v. Blackberry Ltd. et al.*, No. 13-cv-7060, 2019 WL 4673757 (S.D.N.Y. Sept. 24, 2019) (Dkt. No. 367; the "Dismissal Order"). Over two months later, Additional Plaintiffs moved this Court to reconsider the Dismissal Order under Federal Rule of Civil Procedure 54(b) and Local Rule 6.3. (Dkt. No. 409.)

**BACKGROUND**

The Dismissal Order affirmed Judge Parker's determination that Judge Griesa's prior orders granting the Defendants' first motion to dismiss (Dkt. Nos. 55, 62) constituted a final judgment as to the Additional Plaintiffs, because they failed to add their names to Lead Plaintiff's timely notice of appeal of those orders (Dkt. No. 63). Relying in part on a footnote in *Cohen v. UBS Financial Services, Inc.*, 799 F.3d 174 (2d Cir. 2015), as well as the language of Federal Rule of Appellate Procedure 3, this Court concluded that Cho and Ulug – whose attorney had signed all papers in the district court as "counsel for Additional Plaintiffs" – had decided "to protect their own interests" by not joining the Lead Plaintiffs' notice of appeal. (Dismissal Order, at *5.)

In *Cohen*, the Second Circuit determined that a notice filed on behalf of "Eliot Cohen, *et al.*" did not "clearly express any other *named* plaintiff's intent to join the appeal." *Cohen*, 799 F.3d at 177 n.3. Therefore, the court ruled that Cohen was only representing himself in the appellate proceeding. The Dismissal Order cites *Cohen* for the proposition that named plaintiffs like Cho and Ulug can only preserve their rights to appeal through a notice of appeal that bears their names.

1

In their motion for reconsideration, Additional Plaintiffs argue that "the origin and focus of [*Cohen*] footnote 3" has nothing to do with the formal contents of notices of appeal, but rather the fact that Cohen lacked standing to bring claims still available to his co-named plaintiffs. (Dkt. No. 410, Br. at 2-3.) For support, Cho and Ulug cite their recent "deep investigation into what actually occurred in *Cohen*," which required their counsel for to contact Eliot Cohen's appellate counsel and track down a recording of the January 30, 2015 oral argument. (*Id.* at 2.) According to Cho and Ulug, the record on appeal shows that Cohen raised time-barred state law claims before the Second Circuit, and argued in support of his standing that his co-named plaintiff, who was not time-barred, had joined Cohen's notice of appeal. (*Id.* at 3-4.)

It is the view of the Additional Plaintiffs that this record demonstrates that footnote 3 in *Cohen* does not impose any particular requirements for notices of appeal in class and collective actions. They claim that if the Court reads the footnote as the Second Circuirt intended it to be read, *Cohen* is inapplicable here, because the Additional Plaintiffs and the Lead Plaintiffs bring identical claims under the same federal law. (*Id.* at 4.)

For the following reasons, the motion for reconsideration is denied.

## LEGAL STANDARD

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000) (internal citations and quotation marks omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). To these ends, a request for reconsideration under Local Rule 6.3 must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

Because the federal rules do not specify a deadline for filing a motion for reconsideration, this Court's rule committee enacted Local Rule 6.3, which is intended to "'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*quoting Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). Under Local Rule 6.3,

> "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's

2

determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."

A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y.2002).

## DISCUSSION

Before addressing the merits of the motion, I must determine whether it is timely under Local Rule 6.3. This Court entered the Dismissal Order on September 24, but did not enter judgment until December 16. (Dkt. No. 413.) Therefore, I consider the pending Motion to be timely as a motion for reconsideration of an order resulting in judgment.

Because it offers no grounds to disturb the findings of fact or conclusions of law in the Dismissal Order, the motion for reconsideration is denied.

First, Cho and Ulug concede that there has been no intervening change in controlling law that warrants reconsideration. Again, Judge Parker discussed *Cohen* thoroughly in the R&R, and this Court did the same in the Dismissal Order. Therefore, Additional Plaintiffs cannot argue that this Court "overlooked 'matters . . . that might reasonably be expected to alter' its prior conclusion." *Freeman v. River Manor Corp.*, No. 17-cv-5162, 2019 WL 3578432, at *2 (E.D.N.Y. Aug. 5, 2019) (quoting *Shrader v. CSX Transp. Corp.*, 70 F.3d 255, 257 (2d Cir. 1995). Additional Plaintiffs have known, as least since Judge Parker cited *Cohen* in the R&R, that the procedural history of that case might be relevant to its arguments. Their "failure to do [their] due diligence" earlier with respect to *Cohen* – a case that only offers partial grounds for this Court's rulings – is not grounds for reconsideration. *Lennon v. Suffolk Transp. Serv., Inc.*, No. 14-4999 (LDW) (ARL), 2015 WL 6985477, at *2 (E.D.N.Y. Nov. 6, 2015).

Moreover, Cho and Ulug cite no case where a court granted reconsideration based on case law addressed in its prior order. In *Freeman*, the district court reaffirmed its dismissal and denying motion for reconsideration despite being presented with facts "only available deep in the bowels of the docket. 2019 WL 3578432, at *3. And in *Shrader*, the Second Circuit held only that the lower court had not abused its discretion when granting reconsideration based on legislative history and additional case law not previously presented to the court. 70 F.3d at 257.

Second, the Motion presents this Court with no new evidence to justify reconsideration. For evidence to be considered "newly available," it must be "evidence that was truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 Fed. Appx. 76, 81 (2d Cir.2012) (internal quotation marks omitted). A motion to reconsider is not an opportunity "to put forward additional arguments which the movant could have made, but neglected to make before judgment." *Goldstein v. New York*, No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) (internal quotation marks omitted). The pending Motion

offers additional details of the procedural posture and oral argument in *Cohen* in an attempt to explain why that case does not control here. But those distinctions, which are neither new nor evidence in this case, are nothing more than "additional legal arguments that could have been made" in response to the motion on the pleadings. *Id.* Accordingly, the post-dismissal investigation provides no grounds for reconsideration.

Finally, Additional Plaintiffs fail to identify any "clear error or manifest injustice" resulting from the Dismissal Order. (*See* Br. at 12-13.) As my former colleague, Judge Scheindlin, noted when denying reconsideration in *Wultz v. Bank of China Ltd.*, 56 F. Supp. 3d 276 (S.D.N.Y. 2014), the mere fact that plaintiffs have "devoted time and resources" to litigating their case does not mean that courts must grant their requests for reconsideration to avoid manifest injustice. *Id.* at 279. Nor do recycled arguments based on previously-presented case law establish clear error or manifest injustice. *See Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 184 (S.D.N.Y. 2016).

## CONCLUSION

This constitutes the written opinion and order of the court.

The Clerk of Court should close the motion at Docket Number 409.

SO ORDERED.

Dated: December 19, 2019

Chief Judge

BY ECF TO ALL PARTIES

4