UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, <br><br> Defendants. | Case No. 1:13-CV-7060-CM-KHP |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF NOTICE OF PENDENCY OF CLASS ACTION**

Upon consideration of Class Representatives and Lead Plaintiffs Todd Cox and Mary Dinzik's ("Plaintiffs'") Unopposed Motion for Approval of Notice of Pendency of Class Action, IT IS HEREBY ORDERED:

1. The motion is GRANTED.

2. The proposed form and content of the Notice of Pendency of Class Action (the "Notice") (*see* Miller Decl., Ex. A) comports with the mandate of Federal Rule of Civil Procedure 23(c)(2)(B), in that it plainly states the nature of the action, the definition of the Class certified, the Class's claims, issues or defenses, and advises each member of the Class that: (i) the Court will exclude from the Class any member who requests exclusion by a specified date; (ii) the judgement, whether favorable or not, will include all members who do not request exclusion; and (iii) any member who does not request exclusion may, if the member desires, enter an appearance through counsel. The form and substance of the Notice is therefore approved.

3. The proposed form and content of the Summary Notice of Pendency of Class Action (the "Summary Notice") (*see* Miller Decl., Ex. B) is also approved.

4. The proposed form and content of the Postcard Notice of Pendency of Class Action (the "Postcard Notice") (*see* Miller Decl., Ex. C) is also approved.

5. The method and schedule set forth by Lead Plaintiffs for distributing the Notice, Summary Notice, and Postcard Notice to members of the Class meets the requirements of Rule 23 and due process, constitutes the best method practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

6. The Court approves the retention of JND Legal Administration as the Notice Administrator.

7. No later than ten (10) business days after entry of this Order, Defendants shall use their best efforts to provide or cause to be provided to the Notice Administrator, in electronic form (at no cost to Class Representatives, Co-Class Counsel, or the Notice Administrator), any and all reasonably available shareholder records (consisting of the shareholder names and addresses) identifying all purchasers of Blackberry Limited ("BlackBerry") common stock at any time during the Class Period.

8. The Administrator shall cause the Postcard Notice to be mailed, by first-class mail, postage prepaid, no later than twenty (20) business days from entry of this Order (the "Mailing Date"), to potential Class Members at the addresses set forth in the records provided by Defendants pursuant to paragraph 7 above, or who may otherwise be identified with reasonable effort. The Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who purchased or otherwise acquired BlackBerry common stock during the Class Period. Such nominees shall, within ten (10) calendar days of receipt of the

Postcard Notice, either (a) request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) provide a list of the names and the last known addresses of each person or entity for whom or which such nominee purchased common stock during the relevant period to the Notice Administrator. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

9. Contemporaneously with the mailing of the Postcard Notice, the Administrator shall cause a copy of the Notice to be posted on the website designated for the Action, www.BlackBerryUSSecuritiesLitigation.com, from which Class Members may download copies of the Notice.

10. The Administrator shall cause a copy of the Summary Notice to be published on three (3) separate occasions over a national business-oriented wire service, five (5) business days apart, with the first transmittal occurring within ten (10) calendar days of the Mailing Date.

11. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first-class mail, postmarked no later than sixty (60) calendar days after the Mailing Date (the "Exclusion Date"), to the address designated in the

Notice. Such request for exclusion shall clearly state that the Class Member "request[s] exclusion from the Class in *Pearlstein et al. v. BlackBerry Ltd. et al.*, No. 1:13-cv-7060" and must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of BlackBerry common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the period from March 28, 2013 through and including September 20, 2013 (the "Class Period"), as well as the dates and prices of each such purchase/acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides all the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than the Exclusion Date.

13. No later than fifteen (15) business days after the Exclusion Date, Class Counsel shall file an affidavit or declaration with the Court providing proof of mailing of the Postcard Notice, posting of the Notice on the website designated for the Action, and publication of the Summary Notice and setting forth a list of all persons and entities who have requested exclusion from the Class.

14. This Order may be modified by the Court upon motion by either or both Parties, for good cause shown.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                           **HON. COLLEEN MCMAHON**
                                           **UNITED STATES DISTRICT JUDGE**