UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARVIN PEARLSTEIN, Individually And On Behalf of All Others Similarly Situated,

                        Plaintiff,

-against-

BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN,

                        Defendants.

No. 13 Civ. 7060 (CM) (KHP)
(Consolidated)

## ORDER DENYING DEFENDANT STEVE ZIPPERSTEIN'S MOTION FOR RECONSIDERATION

McMahon, J.:

Defendant Steve Zipperstein filed a motion for reconsideration of this Court's decision and order denying the Defendants' motion for summary judgment. (Dkt. No. 574).[1] Zipperstein submits that the Court overlooked evidence and should have granted summary judgment as to him. Zipperstein asks that the Court "agree that there is insufficient evidence for Plaintiffs to prove scienter" and grant judgment in his favor. (Dkt. No. 575, at 1).

Zipperstein is seeking reconsideration of the Court's denial of the Defendants' motion for summary judgment, specifically on the ground that "the evidence cannot support a finding that Mr. Zipperstein" acted with scienter. The motion is denied.

Reconsideration is appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

---

[1] Under Rule V(E)(5) of my Individual Practices and Procedures, I review motions for reconsideration when they arrive and decide whether a response is required. In this case, the motion can be denied *sua sponte* and no responsive papers are required.

1

*Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

Zipperstein's motion fails to satisfy the standard for granting reconsideration. The Court has already explained in its decision that scienter is a question for the jury in this case. (*See* Dkt. No. 573, at 18-19); *see also In re Celestica Inc. Sec. Litig.*, 2014 WL 4160216, at *10 ("The fact-intensive nature of a scienter inquiry often militates against granting judgment as a matter of law"). The question of whether Zipperstein acted with scienter is a material issue of fact that is disputed. (*See e.g.*, Dkt. No. 547 ¶¶ 151, 153, 154). While Zipperstein claims that the Court "overlooked" evidence that shows he is a distinguished professional who acted in good faith and not with scienter, the Court did not overlook this evidence. Unfortunately for Zipperstein, there is evidence that goes the other way. For example, Plaintiffs point to evidence that Zipperstein drafted Blackberry's denial of the Detwiler report (*see* Dkt. No. 546-22), which included statements that return rates of the Z10 devices were below forecasts, but Plaintiffs contend that Zipperstein knew the statements were untrue because he had previously received a presentation that the global return rate for the Z10 was higher than that of the Blackberry 7, above target levels, and "trending" upward. (*See e.g.*, Dkt. No. 547 at ¶ 151 (citing Pl. Ex. 182, BBPearlstein_00859742)).

The jury will make the ultimate determination on scienter.

This constitutes the opinion and order of the court. It is a written opinion.

The Clerk is directed to close the motion at Docket Number 574.

Dated: January 25, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL