UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN PEARLSTEIN, Individually and
On Behalf of All Others Similarly Situated,

      Plaintiff,

vs.            Case No. 1:13-CV-7060-CM-KHP

BLACKBERRY LIMITED (formerly known as
RESEARCH IN MOTION LIMITED),
THORSTEN HEINS, BRIAN BIDULKA,
and STEVE ZIPPERSTEIN,

      Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 16: TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE DRAFT APPLIED VALUE POWERPOINT**

Lead Plaintiffs Todd Cox and Mary Dinzik ("Plaintiffs") respectfully submit this memorandum in opposition to Defendants' Motion in Limine to Exclude Evidence or Argument Regarding the Draft Applied Value PowerPoint.[1]

## I.     INTRODUCTION

Defendants seek to exclude a highly-relevant business record that was prepared for, sent to, and produced by BlackBerry. While the document may be prejudicial to BlackBerry in the sense that it hurts its case, because it supports Plaintiffs' argument that BlackBerry engaged in "channel stuffing,"[2] it is neither *unfairly* prejudicial nor otherwise objectionable and should not be excluded.

## II.    ARGUMENT

The Applied Value presentation is a forecasting analysis study that was prepared for BlackBerry by Applied Value, a global management consultancy firm,[3] to "hopefully . . . lead to better practices in the future." Miller Decl. Ex. A at PX-552-1. The document was emailed from Ryan Huff at Applied Value to BlackBerry's Manager of Sales Operations, Stuart Portz, and Director of Demand Management, Greg Spira on July 3, 2013. *Id.* The Applied Value presentation details how Applied Value conducted a "deep dive analysis into BlackBerry's forecasting accuracy and its associated costs to get a better understanding of the current situation," concluding that there was a "high percentage of error in forecasting." *Id.* at PX-552-4-5. The Applied Value presentation observed that BlackBerry's "sales incentive structure is fundamentally broken and

---

[1] A copy of the Applied Value presentation, labeled PX-552-2-58, is attached as Exhibit A to the accompanying declaration of Kim E. Miller ("Miller Declaration").

[2] GAAP identifies "[s]ignificant increases in or excess levels of inventory in a distribution channel (sometimes referred to as 'channel stuffing')" as a factor that would preclude a "reasonable" or "reliable" estimate of returns or price adjustments. *See* ASC 605-10-S9.

[3] https://appliedvaluegroup.com/ (last visited Mar. 9, 2022).

1

promotes channel stuffing" that, as a consequence, "Blackberry [wa]s stuffing the sales channels and volume is being forced on customers when they really don't need it," and that this issue surrounding forecasting error was "not a surprise" to BlackBerry personnel. *Id.* at PX-552-48-49, 48.

      Defendants incorrectly argue that there will be no witness at trial to authenticate the Applied Value presentation. In fact, certain documents produced by BlackBerry connect two trial witnesses to the Applied Value presentation. First, an email dated June 28, 2013, from Ryan Huff of Applied Value, the apparent creator of the Applied Value presentation, references a presentation with a "Forecasting Accuracy piece" (presumably referring to the Applied Value presentation), which is forwarded to John Powell and others that day.[4] Mr. Powell is listed on Defendants' witness list as a witness that will appear live at trial. *See* ECF No. 599-10. Second, on July 10, 2013, a few weeks after the Applied Value presentation was made, Carlos Chiarello writes in an email to several people: "My recommendation given that forecasting has not been accurate is that the remaining quarters be committed no higher than 5M per quarter…no clue on how or what any of Jennifer's items with Applied Value help come into play."[5] Mr. Chiarello is also expected listed on Defendants' witness list to appear live at trial. *See* ECF No. 599-10. Thus, there are two trial witnesses who can be questioned about Applied Value and the Applied Value presentation.

      Next, Defendants argue the document is inadmissible hearsay. Not so. First, the document is admissible as a party admission because it is "is offered against an opposing party and . . . is one the party manifested that it adopted or believed to be true." FRE 801(d)(2)(B). Significantly,

---

[4] A copy of this document, Bates-numbered BBPearlstein_00118170-71, is attached as Exhibit B to the Miller Declaration."

[5] A copy of this document, Bates-numbered BBPearlstein_01034873-74, is attached as Exhibit C to the Miller Declaration.

because "the rationale for admitting such statements is rooted in 'the adversary system, rather than satisfaction of the conditions of the hearsay rule, . . . "[t]he Advisory Committee . . . recommends 'generous treatment of this avenue to admissibility.'" *In re GM Ignition Switch Litig.*, 14-MD-2543, 2015 U.S. Dist. LEXIS 169598, at *119 (citing *Shering Corp. v. Pfizer Inc.*, 189 F.3d 218, 238 (2d Cir. 19999) (Sotomayor, J.)). Thus, ''[a]doption or acquiescence may be manifested in any appropriate manner.'" *Id.* (citing *United States v. Stafford*, 422 F. App'x 63, 65 (2d Cir. 2011)). Such circumstances can include, *inter alia*, an entity's adoption of a report's recommendations or "disseminati[on] [of] the report when 'it contains statements that pertain in some way to the organization or company.'" *King v. Wang*, 14-cv-7694, 2021 U.S. Dist. LEXIS 218243, at * 33 (S.D.N.Y. Nov. 9, 2021). Further, "[g]iven the theory of admission — that, by adopting the statement, the party has, in essence, made the statement its own — an adoptive admission may be admissible against a party even if [as Defendants argue] it contains a second level of hearsay." *GM Ignition*, 2015 U.S. Dist. LEXIS 169598, at *120.

    The emails above demonstrate – and Plaintiffs believe Mr. Chiarello's and/or Mr. Powell's testimony will support – that Blackberry adopted the Applied Value presentation by disseminating it and/or adopting some or all of its recommendations. In this regard, it is important to note that "the party offering a document as an adoptive admission need not show that the adopting party manifested a belief in each and every statement in the document . . . 'that fact goes to the weight of the evidence rather than its admissibility.'" GM Ignition, 2015 U.S. Dist. LEXIS 169598, at *121-22 (citation omitted).

    In addition, the Applied Value presentation is admissible under FRE 803(3) because it reflects BlackBerry's "then-existing state of mind" – *i.e.*, its awareness of forecasting errors and channel stuffing.

because "the rationale for admitting such statements is rooted in 'the adversary system, rather than satisfaction of the conditions of the hearsay rule, . . . "[t]he Advisory Committee . . . recommends 'generous treatment of this avenue to admissibility.'" *In re GM Ignition Switch Litig.*, 14-MD-2543, 2015 U.S. Dist. LEXIS 169598, at *119 (citing *Shering Corp. v. Pfizer Inc.*, 189 F.3d 218, 238 (2d Cir. 19999) (Sotomayor, J.)). Thus, ''[a]doption or acquiescence may be manifested in any appropriate manner.'" *Id.* (citing *United States v. Stafford*, 422 F. App'x 63, 65 (2d Cir. 2011)). Such circumstances can include, *inter alia*, an entity's adoption of a report's recommendations or "disseminati[on] [of] the report when 'it contains statements that pertain in some way to the organization or company.'" *King v. Wang*, 14-cv-7694, 2021 U.S. Dist. LEXIS 218243, at * 33 (S.D.N.Y. Nov. 9, 2021). Further, "[g]iven the theory of admission — that, by adopting the statement, the party has, in essence, made the statement its own — an adoptive admission may be admissible against a party even if [as Defendants argue] it contains a second level of hearsay." *GM Ignition*, 2015 U.S. Dist. LEXIS 169598, at *120.

The emails above demonstrate – and Plaintiffs believe Mr. Chiarello's and/or Mr. Powell's testimony will support – that Blackberry adopted the Applied Value presentation by disseminating it and/or adopting some or all of its recommendations. In this regard, it is important to note that "the party offering a document as an adoptive admission need not show that the adopting party manifested a belief in each and every statement in the document . . . 'that fact goes to the weight of the evidence rather than its admissibility.'" GM Ignition, 2015 U.S. Dist. LEXIS 169598, at *121-22 (citation omitted).

In addition, the Applied Value presentation is admissible under FRE 803(3) because it reflects BlackBerry's "then-existing state of mind" – *i.e.*, its awareness of forecasting errors and channel stuffing.

3

Finally, while Defendants repeatedly characterize the Applied Value presentation as a "draft," the actual title of the document, as reflected in the "Attachments" line of the cover email, is "Forecasting Costs Final Presentation_7-3-3013_FINAL.pptx." Miller Decl. Ex. A at PX-552-1. At any rate, even if were a draft, this would not render it inadmissible. Rather, its "preliminary and allegedly incomplete nature . . . goes to weight, not admissibility." *United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F.Supp. 2d 122, 144 (S.D.N.Y. 2015) (McMahon, J.) (citations omitted) (regarding draft memorandum).[6]

### III. CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion in Limine to Exclude Evidence or Argument Regarding the Draft Applied Value PowerPoint.

DATED: March 10, 2022

**KAHN SWICK & FOTI, LLC**

/s/ *Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted PHV)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn (admitted PHV)
Craig J. Geraci, Jr. (admitted PHV)
1100 Poydras St. Ste. 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

---

[6] Defendants also argue that the Applied Value Presentation "covers time periods and products not at issue in this litigation." Dkt. No. 652 at 3. That does not mean the entire document is inadmissible, of course. Any non-relevant portions can be redacted, or this can be addressed in an instruction to the jury.

4

*Lead Counsel for Lead Plaintiffs and Class Counsel*

**BROWER PIVEN**
**A Professional Corporation**
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Telephone: (212) 501-9000
Facsimile: (212) 501-0300
Email: brower@browerpiven.com

*Additional Counsel for Lead Plaintiffs and the Class*

**BECK REDDEN LLP**
David J. Beck (admitted PHV)
Fields Alexander (admitted PHV)
1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
Email: dbeck@beckredden.com
Email: falexander@beckredden.com

*Additional Trial Counsel for Lead Plaintiffs and the Class*