**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | )    **Case No. 1:13-CV-7060-CM** ) |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, | ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION OF SETTLEMENT

Kim E. Miller
J. Ryan Lopatka
**KAHN SWICK & FOTI, LLC**
250 Park Avenue, 7th Floor
New York, NY 10177
Tel.: (212) 696-3730

*Lead Counsel for Lead Plaintiffs Todd Cox*
*and Mary Dinzik and Co-Class Counsel*


David A.P. Brower
**BROWER PIVEN**
 **A Professional Corporation**
136 Madison Avenue, 5th Floor
New York, NY 10016
Tel: (212) 501-9000

*Additional Counsel for Lead Plaintiffs*
*Todd Cox and Mary Dinzik and*
*Co-Class Counsel*

Dan Marmalefsky
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 892-5200

Jordan Eth
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105
(415) 268-7000

James J. Beha II
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000

*Attorneys for Defendant BlackBerry*
*Limited*

This Stipulation of Settlement ("Stipulation") is entered into this 7th day of June, 2022 by Lead Plaintiffs Todd Cox and Mary Dinzik ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and each of the Class Members, and defendant BlackBerry Limited ("BlackBerry" or the "Company") (collectively, the "Settling Parties") and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims (as defined below) upon and subject to the terms and conditions herein.

WHEREAS, the first complaint in this Action was filed on October 4, 2013 (ECF No. 1);

WHEREAS, on March 25, 2014, the Court appointed Todd Cox and Mary Dinzik as Lead Plaintiffs and approved Lead Plaintiffs' chosen counsel Kahn Swick & Foti, LLC ("KSF") as Lead Counsel (ECF No. 36);

WHEREAS, on June 2, 2014, Plaintiffs filed the first consolidated amended complaint ("FAC") asserting claims against BlackBerry, Thorsten Heins, and Brian Bidulka (ECF No. 42);

WHEREAS, the Court granted Defendants' motion to dismiss on March 13, 2015 (ECF No. 54);

WHEREAS, Plaintiffs appealed the Court's Order of dismissal (and its denial of Plaintiffs' motion for reconsideration) to the Second Circuit, and on August 24, 2016, the Second Circuit affirmed the Court's dismissal of the FAC, but vacated the Court's order denying Plaintiffs' motion for reconsideration and leave to amend, and remanded the case (ECF No. 64);

WHEREAS, on September 29, 2017, Plaintiffs filed a second consolidated amended complaint (the "Complaint") (ECF No. 84), asserting claims against BlackBerry, Thorsten Heins, and Brian Bidulka, and, for the first time, asserting a claim against Steve Zipperstein;

WHEREAS, on December 13, 2017, the Action was reassigned to the Honorable Judge

Colleen McMahon;

WHEREAS, the Court denied Defendants' motion to dismiss the Complaint on March 19, 2018 (ECF No. 115);

WHEREAS, Plaintiffs filed a motion for class certification on May 11, 2018 (ECF No. 129), on January 4, 2019, the Court placed the Action on the suspense calendar (ECF No. 247), and on June 13, 2019, the Court directed Plaintiffs to "re-file their moving papers after the Second Circuit issues its decision" in "*In Re Goldman Sachs Group Inc. Sec. Litig.*, No. 18-2557 (2d Cir.)" (ECF No. 304);

WHEREAS, on June 8, 2020, Plaintiffs filed their renewed motion for class certification (ECF No. 463), and on January 26, 2021, the Court entered an Order granting Plaintiffs' motion for class certification (ECF No. 488);

WHEREAS, Defendants moved for summary judgment on April 19, 2021 (ECF No. 506), and the Court entered an Order denying Defendants' motion on January 3, 2022, but barring claims based on misstatements not identified in the Complaint under the statute of repose (ECF No. 573);

WHEREAS, on August 13, 2021, Plaintiffs moved for an order approving the Notice of Pendency of Class Action pursuant to Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure (ECF No. 563); the Court granted Plaintiffs' motion on September 10, 2021 (ECF No. 569); and Plaintiffs subsequently provided the Class with notice of the Action as directed in the Court's order;

WHEREAS, Plaintiffs and Defendants agreed to engage in private mediation before former United States District Judge Layn R. Phillips; exchanged mediation statements that were also submitted to Judge Phillips; and, on May 6, 2021, engaged in a mediation session before

Judge Phillips.   At the mediation session, Plaintiffs and Defendants engaged in vigorous settlement negotiations with Judge Phillips' assistance, but were not able to reach agreement.

WHEREAS, on March 3, 2022, the Court entered an order informing the Parties that jury selection was scheduled to commence on April 7, 2022, and setting the Final Pre-Trial Conference for March 14, 2022 (ECF No. 604);

WHEREAS, the Court held the Final Pre-Trial Conference on March 14, 2022;

WHEREAS, following the Final Pre-Trial Conference, Plaintiffs and Defendants continued to discuss the possible resolution of the Action through settlement with the assistance of Judge Phillips and his staff;

WHEREAS, Judge Phillips issued a mediator's proposal on April 5, 2022;

WHEREAS, Plaintiffs and Defendants accepted the mediator's proposal to settle the Action on April 6, 2022, and the Court entered an Order granting the joint request to adjourn the trial that same day (ECF No. 814);

WHEREAS, this Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Settling Parties;

WHEREAS, BlackBerry denies each and all of the claims, contentions, and allegations made by Plaintiffs in the Action; denies that any Defendant violated the federal securities laws or any other laws, or otherwise misled investors as alleged in the Action; denies all charges of wrongdoing or liability against Defendants arising out of any of the conduct, statements, acts, or omissions alleged in the Action; and denies that any Class Member has suffered damages resulting from the conduct alleged in the Action;

WHEREAS, the Settling Parties have agreed to enter this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest

3

finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendant BlackBerry or any other Released Defendant Party with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Plaintiffs and Defendant BlackBerry, by and through their undersigned counsel, that the Action and the Released Claims shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.    DEFINITIONS

As used in the Stipulation, the following terms have the meanings specified below:

### *The Parties*

1.1     "Additional Trial Counsel" means Beck Redden LLP;

1.2     "Beck Redden" means Beck Redden LLP and its predecessors and successors;

1.3     "Brower Piven" means Brower Piven, A Professional Corporation and its predecessors and successors;

1.4     "Class Representatives" means Lead Plaintiffs Todd Cox and Mary Dinzik;

1.5     "Co-Class Counsel" means KSF and Brower Piven;

1.6     "Company" or "BlackBerry" means BlackBerry Limited and its predecessors and successors;

1.7     "Defendants" means BlackBerry, Thorsten Heins, Brian Bidulka, and Steve Zipperstein;

1.8     "Individual Defendants" means Thorsten Heins, Brian Bidulka, and Steve Zipperstein;

1.9     "KSF" means Kahn Swick & Foti, LLC and its predecessors and successors;

4

1.10    "Lead Counsel" means KSF;

1.11    "Lead Plaintiffs" means Todd Cox and Mary Dinzik;

1.12    "Parties" means Plaintiffs (on behalf of themselves and the Class Members), and Defendants;

1.13    "Plaintiffs' Counsel" means KSF, Brower Piven, and Beck Redden;

1.14    "Plaintiffs" means Lead Plaintiffs.

<em>Additional Defined Terms</em>

1.15    "Action" means the above-captioned case;

1.16    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation;

1.17    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe;

1.18    "Claims Administrator" means the independent claims administrator selected by Lead Counsel and approved by the Court, who shall supervise and administer the notice procedure as well as the processing of claims as set forth more fully below;

1.19    "Claim Form" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.20    "Class" means: All those who purchased or otherwise acquired the common stock of BlackBerry Limited on the NASDAQ (ticker symbol "BBRY") in a Covered Transaction between March 28, 2013 and September 20, 2013 (the "Class Period"), and were damaged thereby, excluding any Person who purchased BlackBerry common stock from March 28, 2013 through April 10, 2013 and who sold all of their position prior to April 11, 2013, and excluding Defendants, officers, and directors of Defendants, members of their immediate families and their

legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest;

    1.21   "Class Member" means a Person who falls within the definition of the Class;

    1.22   "Class Notice and Administration Fund" shall have the meaning set forth in ¶ 2.10 of this Stipulation;

    1.23   "Class Period" means the period of time from March 28, 2013, through September 20, 2013, inclusive;

    1.24   "Contribution Claims" means all statutory or common law claims, rights, demands, suits, matters, issues, or causes of action by any Person against Defendants, or by BlackBerry against any Person other than any Individual Defendant or other Person whose liability will be extinguished by this Settlement, arising under federal, state, local, foreign, or any other law, rule, or regulation, however styled, whether for indemnification, contribution, claims over, or otherwise, that are based upon, arise out of, or are related to Released Claims;

    1.25   "Covered Transaction" means: (i) a purchase of BlackBerry common stock in the United States; or (ii) a purchase of BlackBerry common stock on the NASDAQ stock exchange;

    1.26   "Court" means the United States District Court for the Southern District of New York;

    1.27   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of the Stipulation have occurred;

    1.28   "Escrow Account" means an interest-bearing account maintained by the Escrow Agent;

    1.29   "Escrow Agent" means KSF;

1.30    "Exhibits" means all the exhibits to this Stipulation, including Exhibit A, Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit B, and Exhibit C;

1.31    "Fee and Expense Application" shall have the meaning set forth in ¶ 6.1 of this Stipulation;

1.32    "Fee and Expense Award" shall have the meaning set forth in ¶ 5.2 of this Stipulation;

1.33    "Final" means, with respect to the Judgment, when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed (including to the extent that the time to appeal has been extended in a manner provided for in the Federal Rules of Civil Procedure) without any appeal having been taken, unless the date to take such an appeal shall have been extended by Court order; (iii) if a motion to alter or amend the Judgment is timely filed, the motion is denied; and (iv) if an appeal is taken, either (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired, or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or payments to Plaintiffs or the Plan of Allocation;

1.34    "Final Approval Hearing" or "Settlement Hearing" shall have the meaning set forth in ¶ 3.2 of this Stipulation;

1.35    "Judgment" means the final order and judgment approving the Settlement and dismissing the Action with prejudice, to be entered by the Court substantially in the form attached hereto as Exhibit B;

1.36    "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (d) of ¶ 5.2 of this Stipulation;

1.37    "Notice" shall have the meaning set forth in ¶ 3.1 of this Stipulation;

1.38    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any entity, including any business or legal entity, and, as to each of the foregoing, their spouses, heirs, predecessors, successors, representatives, or assignees;

1.39    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be proposed by Lead Counsel and approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of the items set forth in ¶ 5.2(a)-(d) herein;

1.40    "Preliminary Approval Order" means the preliminary order issued by the Court for emailing, mailing, and publication as defined in ¶ 3.1 herein and substantially in the form of Exhibit A hereto;

1.41    "Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, liabilities, suits, debts, obligations, damages, judgments, matters, issues, and causes of action of any nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether class and/or individual in nature that have been or could have

been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendant Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, including but not limited to the allegations, transactions, facts, matters, occurrences, disclosures, statements, filings, representations, events, or omissions that Plaintiffs or any other Class Member asserted in the Complaint, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of BlackBerry securities, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other Class Period statements by BlackBerry or any Defendant based upon or arising out of any facts, matters, allegations, transactions, events, disclosures, statements, acts, or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement;

1.42    "Released Defendant Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action by the Released Defendant Parties or any of them against any of the Released Plaintiffs' Parties, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action (except for claims to enforce the Settlement);

1.43    "Released Defendant Parties" means Defendant BlackBerry, its present and future direct and indirect parent entities, parent corporations, sister corporations, subsidiaries, related entities and affiliates, and, as applicable, its respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers (including the Individual Defendants), directors, managers, managing directors, supervisors, employees, contractors, servants, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, receivers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, assignors, legatees, devisees, estates, settlors, beneficiaries, heirs, executors, successors-in-interest, administrators, and any controlling person thereof;

1.44    "Released Plaintiffs' Parties" means each and all of the Plaintiffs and members of the Class, and, as applicable, their respective family members, and their respective past, present and future general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof;

1.45    "Settlement" means the settlement embodied in this Stipulation;

1.46    "Settlement Amount" means the sum of One-Hundred and Sixty-Five Million U.S. Dollars ($165,000,000) in cash;

1.47   "Settlement Fund" means the Settlement Amount, deposited, or to be deposited into the Escrow Account, pursuant to ¶ 2.2 of this Stipulation, plus all interest earned thereon pursuant to ¶¶ 2.2, 2.3, and 2.6 of this Stipulation;

1.48   "Settling Parties" mean Plaintiffs and BlackBerry;

1.49   "Stipulation" shall have the meaning set forth in the introductory paragraph of this document;

1.50   "Taxes" means all federal, state and/or local taxes of any kind (including any estimated taxes, interest or penalties thereon) on any income earned by the Settlement Fund, including without limitation any taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes;

1.51   "Tax Expenses" means any expenses and costs incurred in connection with determining the amount of, and paying, any Taxes (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) tax returns);

1.52   "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Plaintiffs, members of the Class, or any Defendant does not know or suspect to exist in his, her or its favor at the time of their release of the Released Claims or the Released Defendant Claims, and including, without limitation, those which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement or the releases, or that might have affected his, her, or its decision not to object to this Settlement, or not to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation,

those claims in which some or all of the facts composing the claim may be unsuspected or undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each of the other Released Plaintiffs' Parties shall be deemed to have waived, and by operation of the Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiffs and BlackBerry acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## II.   THE SETTLEMENT

### A.   The Class

2.1     For purposes of this Stipulation and the Settlement, the Class is defined in paragraph 1.20 above.

### B.   The Settlement Fund

2.2     In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Defendant Parties, Defendant BlackBerry agrees to deposit the Settlement Amount by placing it in an interest-bearing escrow account set up by the Escrow Agent. Defendant BlackBerry shall cause the escrow account to be funded in an amount of $1,000,000 (the "Initial Payment") within ten (10) business days after all of the following have occurred: (i) preliminary approval of this Settlement by the Court, (ii) a fully executed Settlement

Agreement, and (iii) the provision by the Escrow Agent of all required funding information, including without limitation wire instructions, verbal confirmation of such instructions, and a Form W-9 with a tax identification number. Defendant BlackBerry shall cause the escrow account to be funded with the remainder of the Settlement Amount ($164,000,000) by no later than the later of (i) September 6, 2022, or (ii) the date on which the Initial Payment is due under the terms identified above.

2.3     Other than BlackBerry's obligation to deposit the Settlement Amount in the Escrow Account, under no circumstances will any of the Released Defendant Parties have any obligation to make any payment pursuant to this Settlement for any reason whatsoever, including, without limitation, as compensation to any Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Class Member or Plaintiffs' Counsel.  The Released Defendant Parties will have no responsibility for, or liability or obligation whatsoever to anyone with respect to: the Settlement Fund, the Escrow Account, the Claims Administrator, any transaction executed or approved by the Escrow Agent, the maintenance, administration, investment, or distribution of the Settlement Fund or the Net Settlement Fund, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, the administration of the Settlement, or any losses incurred in connection with such matters.

2.4     The interest from this Escrow Account will accrue to the benefit of the Class if the Court approves the Settlement. But, if the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the interest and Settlement Amount will be returned to Defendant BlackBerry less any amounts actually expended for Notice and administration, within thirty (30) business days pursuant to ¶ 7.3 below.

2.5     This is not a claims-made settlement. Defendant BlackBerry will have no ability to recapture any of the Settlement Amount unless the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason.

2.6     The Released Defendant Parties shall have no responsibility for or incur any liability with respect to the management, investment, or distribution of the Settlement Fund or Net Settlement Fund or for any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund.

### C.     The Escrow Agent

2.7     The Escrow Agent shall invest the Settlement Fund, or any portion thereof, in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or its agencies and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

2.8     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by Court order. Upon Final Approval of the Settlement and completion of the claims processing, the Escrow Agent shall distribute the Net Settlement Fund (as defined below) in accordance with the Court-approved Plan of Allocation without further order of the Court.

2.9     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute transactions on behalf of the Class Members that are consistent with the terms of the Stipulation.

2.10    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. No portion of the Settlement Fund shall be disbursed except as provided in this Stipulation, as

provided by an order of the Court, or with written agreement with undersigned counsel to Defendant BlackBerry.

2.11    Upon payment to the Escrow Agent of the Initial Payment provided for in paragraph 2.2., Lead Counsel may establish a "Class Notice and Administration Fund" from the Settlement Fund. No further disbursements shall be made from the Settlement Fund, except by the joint direction of counsel for BlackBerry and Lead Counsel, or with the approval of the Court. The Class Notice and Administration Fund may be used by Lead Counsel, without prior approval of the Court, only to pay the Claims Administrator for costs and expenses reasonably and actually incurred in connection with providing notice to the Class (including any reimbursement of banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficiaries who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation), locating Class Members, assisting with the filing of claims, preparing any tax returns necessary for the settlement fund, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any. The Class Notice and Administration Fund also may be invested and earn interest as provided for in ¶ 2.6 of this Stipulation.

2.12    The Released Defendant Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Escrow Agent, or any designees or agents thereof; the Class Notice and Administration Fund; the administration of, distribution of, or disbursement from the Class Notice and Administration Fund; the Settlement Fund; the administration of, distribution of, or disbursement from the Settlement Fund; the Net

Settlement Fund; the administration of, distribution of, or disbursement from the Net Settlement Fund; or the payment of Taxes.

### D.   Taxes

2.13     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund at all times as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.14     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.14 of this Stipulation.

2.15     All Taxes and Tax Expenses shall be paid out of the Settlement Fund exclusively. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes

and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). The Settling Parties hereto agree to cooperate with the Claims Administrator, the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 2.12 to 2.14 of this Stipulation.

2.16    For the purpose of ¶¶ 2.12 to 2.14 of this Stipulation, references to the Settlement Fund shall include the Settlement Fund, the Class Notice and Administration Fund, and the Net Settlement Fund, and shall also include any earnings on each of the foregoing.

2.17    In no event shall the Released Defendant Parties have any responsibility for or liability with respect to any Taxes or Tax Expenses.

### E.    Effect of Termination or Lack of Effectiveness of Settlement

2.18    In the event that the Effective Date does not occur or the Settlement is terminated or does not become effective for any reason, the Settlement Fund and the Class Notice and Administration Fund and the Net Settlement Fund (in each case, including accrued interest), less administration expenses actually incurred in connection with the Settlement provided for herein, plus accrued interest shall be refunded to BlackBerry and/or to other parties at BlackBerry's direction as provided in ¶ 7.3 of this Stipulation, below, within seven (7) business days of the occurrence of such event. At the request of Defendant BlackBerry, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to BlackBerry.

## III.    PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

3.1    Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and file a motion requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the Notice of Pendency and Proposed Settlement of Class Action

(the "Notice") substantially in the form of Exhibit A-1 hereto, the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and the Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto, and the Postcard Notice (the "Postcard Notice") substantially in the form of Exhibit A-4 hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (as defined below), and the date of the Settlement Hearing (as defined below). Plaintiffs shall provide BlackBerry with a reasonable opportunity to review and comment upon the motion for preliminary approval before it is filed.

3.2     Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Settlement Hearing") at which hearing Plaintiffs will seek final Court approval of the Settlement and entry of the Judgment. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, as provided for in ¶¶ 3.1 and 6.1 to 6.4 of this Stipulation. The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

(a)     Preliminarily approve this Stipulation and the Settlement as fair, just, reasonable, and adequate;

(b)     Approve the form of the Notice to be posted on the Settlement website described in subparagraph (h) below and the Postcard Notice for mailing to Members of the Class for whom no email address is available, which shall direct Class Members to the Settlement website for Notice and Claim Form;

(c)     Approve the form of the Claim Form to be posted on the Settlement website described in subparagraph (h) below;

(d)     Approve the form of Summary Notice for publication and for emailing to Members of the Class for whom an email address is available, which shall direct Class Members to the Settlement website for Notice and Proof of Claim Form;

(e)     Direct Lead Counsel to cause to be mailed the Postcard Notice to those Persons in the Class who can be identified through reasonable effort (or for Class Members whose email addresses can reasonably be ascertained, emailed a link to the Settlement website containing the Notice and Proof of Claim) on or before the date specified in the Preliminary Approval Order;

(f)     Direct nominees who purchased or otherwise acquired common stock of BlackBerry on the NASDAQ for the benefit of Class Members between March 28, 2013 and September 20, 2013, inclusive, to send the Postcard Notice to all such Class Members within ten (10) days after receipt of the Notice or send a list of the names, email address, and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice, and authorize the Claims Administrator to reimburse such nominees at no more than the rates provided in the Notice for sending such information;

(g)     Direct Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires on or before the dates specified in the Preliminary Approval Order, and to place a copy of the Notice, Claim Form, Complaint, Stipulation (including Exhibits), and other Settlement-related documents on a Settlement-specific page of a website maintained by the Claims Administrator, on or before the date specified in the Preliminary Approval Order;

(h)     Provide that Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein, and provide the Claims Administrator with all requested documentation;

(i)     Find that the notice given pursuant to subparagraphs (c)-(h) above constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(j)     Schedule the Settlement Hearing to be held by the Court to consider and determine whether the Settlement should be approved as fair, reasonable, and adequate, and whether the Judgment approving the Settlement should be entered;

(k)     Provide that any Class Member who so desires may exercise the right to exclude themselves from the Settlement but only if they comply with the requirements for so doing as set forth in the Notice;

(l)     Provide that at or after the Settlement Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(m)     Provide that at or after the Settlement Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Plaintiffs' Counsel out of the Settlement Fund;

(n)     Provide that pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Defendant Parties;

(o)     Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Plaintiffs' Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be

considered by the Court at the Settlement Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Notice; and

(p)     Provide that the Settlement Hearing may be continued or adjourned by Order of the Court without further notice to the Class.

## IV.    RELEASES

4.1     Upon the Effective Date, as defined in ¶ 7.1 of this Stipulation, Plaintiffs and each of the Class Members who have not opted out of the Settlement in accordance with the procedures provided in the Notice, on behalf of themselves, their respective present and former parent entities, subsidiaries, divisions, and affiliates, the present and former employees, officers, directors, advisors, partners, and agents of each of them, and the predecessors, heirs, executors, administrators, trusts, family members, successors and assigns of each of them, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Defendant Parties, or any of them, whether or not such Class Member executes and delivers a Claim Form or participates in the Settlement Fund.

4.2     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), asserting any of the Released Claims against any of the Released Defendant Parties.

4.3     Plaintiffs, for themselves and on behalf of all Class Members, expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now know or believe to be true with respect to the subject matter of the Released Claims or otherwise, but upon the Effective Date, Plaintiffs expressly shall have, and each Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver of Released Claims that are Unknown Claims was separately bargained for and a key element of the Settlement of which this release is a part.

4.4     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Parties from the Released Defendant Claims, except for those claims brought to enforce the Settlement.

4.5     The Individual Defendants and Plaintiffs have entered into an agreement (the "Individual Defendants Agreement"), dated June 7, 2022, under which, among other things, the Individual Defendants confirm that, upon the Effective Date, the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Parties from the Released Defendant Claims,

except for those claims brought to enforce the Settlement, pursuant to ¶ 4.4 above.  The Individual Defendants Agreement shall be made available to the Court for *in camera* review upon the Court's request.

      4.6     Upon the Effective Date, the terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that the Judgment shall provide that Contribution Claims shall be permanently barred, extinguished, discharged, satisfied, and unenforceable.

## V.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUND

      5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members under the supervision of Lead Counsel and pursuant to the Preliminary Approval Order entered by the Court.

      5.2     Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

        (a)     to pay, consistent with ¶ 2.10, all the costs and expenses reasonably and actually incurred in connection with providing Notice, locating Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claim Forms, and pay escrow fees and costs, if any;

        (b)     to pay Taxes and Tax Expenses;

        (c)     to pay Plaintiffs' Counsel's attorneys' fees and expenses, and, after the Effective Date, to pay Plaintiffs for their time and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award");

        (d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶ 5.3-5.7 below) and the Plan of Allocation and any other applicable order of the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation and the Plan of Allocation, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶ 5.4 through 5.9 below.

5.4     Any Person falling within the definition of the Class may be excluded from the Settlement by submitting to the Claims Administrator a request for exclusion which complies with the requirements set forth in the Notice and is postmarked no later than fourteen (14) days prior to the date of the Settlement Hearing. Any Person who submits a valid and timely request for exclusion (and does not subsequently revoke this request for exclusion) shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation (including the releases herein) or the Judgment. However, a Class Member may submit a written revocation of a request for exclusion within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, and may receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Claim Form, as set forth in ¶ 5.6 below, within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court.

5.5     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, signed under penalty of perjury and supported by such documents as are specified in the Claim Form and as are reasonably available to the Authorized Claimant. A Claim Form shall be deemed submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

5.6     Claims Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposed to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶ 5.6 below.

5.7     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required under ¶ 5.5 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

5.8     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to counsel for Defendants, for approval by the Court. No discovery shall be allowed in connection with the processing of Claims Forms. All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund but otherwise shall be bound by all of the terms of this Stipulation, including the terms of the Final Judgment to be entered in the Action and the releases provided therein, and will be barred and enjoined from bringing any action against the Released Defendant's Parties or concerning any or all of the Released Claims.

5.9     All Class Members who fail to timely submit a Claim Form within ninety (90) days after the mailing of the Notice, or such other period as may be ordered by the Court, shall be

forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.10    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of such Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among and distributed to Authorized Claimants in an equitable and economic fashion or used to pay any outstanding amounts due to the Claims Administrator. Should any balance remain, Plaintiffs will propose to the Court for its approval an appropriate 501(c)(3) non-profit organization(s) beneficiary.

5.11    No Person shall have any claim against Plaintiffs' Counsel, the Claims Administrator, or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or Settlement of the Action (including the releases contained in the Stipulation), or any other orders entered pursuant to the Stipulation.

5.13    Defendant BlackBerry will take no position with respect to the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement.

5.14    The Released Defendant Parties shall not have any responsibility for or incur any liability with respect to: any act, omission, or determination of or by the Claims Administrator, or any designees or agents thereof; any act, omission, or determination of or by any other entity designated by Lead Counsel as referenced in ¶ 5.10 of this Stipulation; the Plan of Allocation; or the administration of the Plan of Allocation, except that Defendant BlackBerry shall be responsible for providing required notice under the Class Action Fairness Act of 2005, if any, at its own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.

## VI.    ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEYS' EXPENSES AND PLAINTIFFS' EXPENSES

6.1    Plaintiffs' Counsel may submit an application or applications for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of litigation expenses, including the fees of any experts, consultants, and investigators incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees and expenses accrued at the same rate and for the same periods as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Application"). Plaintiffs may also submit an application for compensation for their time and expenses in connection with the prosecution of the Action. Such Fee and Expense Application shall seek an award of attorneys' fees in an amount not to exceed one-third (33 1/3%) of the Settlement Fund, and reimbursement of reasonable expenses and costs incurred in connection with the prosecution of this Action. Such Fee and Expense Application is subject to the approval of the Court. Plaintiffs will seek up to $125,000

for each of the Lead Plaintiffs as reimbursement for their time and expenses in overseeing the prosecution of this Action ("Lead Plaintiffs' Reimbursement Award").  BlackBerry will take no position on Plaintiffs' application for a Lead Plaintiffs' Reimbursement Award.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within fourteen (14) days after the date the Court enters the Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment. In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Counsel shall be obligated to refund to the Escrow Account, within ten (10) business days from receiving notice from BlackBerry's counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Judgment with respect to the fee and expense award, including any accrued interest that had been paid as part of the award.  Plaintiffs' Counsel agree that their respective law firms are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph and are severally liable for repayment of attorneys' fees and expenses awarded by the Court.  Any amounts awarded by the Court to Lead Plaintiffs for reimbursement of their time and expenses shall not be paid from the Settlement Fund until after the Effective Date.

6.3    The Settlement is not contingent on the allowance or disallowance of any requested Fee and Expense Award, Plaintiffs' Fee and Expense Application, or any requested Lead Plaintiffs' Reimbursement Award.  Any such allowance or disallowance will not be grounds for terminating the Settlement. Any order or proceedings relating to the Fee and Expense Application, Plaintiffs' Fee and Expense Application, or Lead Plaintiffs' Reimbursement Award, or any appeal

from any order relating to any of the foregoing or reversal or modification of any of the foregoing, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or the Settlement (including the releases contained therein).

6.4     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to: any Fee and Expense Application that Plaintiffs' Counsel may file; any Plaintiffs' expenses application or Lead Plaintiffs' Reimbursement Award application that Plaintiffs' Counsel may file; any payments to Plaintiffs' Counsel pursuant to ¶¶ 6.1 and 6.2, above; or any Fee and Expense Award that the Court may make in the Action.

## VII.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

7.1     The Effective Date of the Stipulation and the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Settlement Amount has been paid into the Settlement Fund as required by ¶ 2.2 of this Stipulation;

(b)     the Court has entered the Preliminary Approval Order substantially in the form attached hereto as Exhibit A as referenced in ¶ 3.1 of this Stipulation;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto, which, *inter alia*, dismisses the Action with prejudice;

(d)     BlackBerry has not exercised its option under ¶ 7.6 of this Stipulation to terminate the Settlement and the time for doing so has expired; and

(e)     the Judgment has become Final.

7.2     Upon the occurrence of all the events referenced in ¶ 7.1 of this Stipulation, any and all remaining interest or right of Defendant BlackBerry in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all the conditions specified in ¶ 7.1 of this

Stipulation are not met, then the Stipulation shall be canceled and terminated subject to ¶ 7.4 of this Stipulation unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then within ten (10) business days after written notification of such event is received by Lead Counsel, the Settlement Fund (including accrued interest), including the Settlement Amount, plus the Class Notice and Administration Fund (including accrued interest), and the Net Settlement Fund, and all payments disbursed, including all expenses, costs, and any Fee and Expense Award and any Plaintiffs' time and expense allocations – excluding only administration costs which have already been incurred – shall be refunded by the Escrow Agent to Defendant BlackBerry or to other parties at the BlackBerry's direction.

7.4     In the event that the Settlement is not approved by the Court or is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of April 6, 2022. In such event, the terms and provisions of the Stipulation and any document executed pursuant to or in furtherance of the Stipulation or the Settlement, with the exception of ¶¶ 2.11, 7.3-7.5, and 8.4, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶ 2.10 of this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.10 and 7.3 of this Stipulation.

7.6     Simultaneously herewith, the Settling Parties, by and through their respective counsel, are executing a Supplemental Agreement, which shall remain confidential unless otherwise ordered by the Court, which gives Defendant BlackBerry the right, but not the obligation, to terminate the Settlement in the event that a certain portion of the Class delivers timely and valid requests for exclusion from the Class (the "Supplemental Agreement"). The Supplemental Agreement shall be made available for *in camera* review upon the Court's request.

## VIII.   MISCELLANEOUS PROVISIONS

8.1     The Settling Parties acknowledge that it is their intent to consummate this Settlement; and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the terms and conditions of the Stipulation.

8.2     Subject to the terms of this Stipulation, the Settling Parties intend this Settlement to be a full and complete resolution of all disputes that Plaintiffs and the Class have with the Released Defendant Parties, and that Defendant BlackBerry has with the Released Plaintiffs' Parties, with respect to the Released Claims and the Released Defendant Claims, respectively. The Settlement comprises claims which are contested and shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense.

8.3     The Judgment will contain a statement that during the course of the Action, Plaintiffs, Defendant BlackBerry, the Individual Defendants, and their respective counsel, at all times complied with the requirements of Federal Rule of Civil Procedure 11. In addition, Plaintiffs and the Class will not make applications against the Released Defendant Parties, and Defendant BlackBerry will not make applications against the Released Plaintiffs' Parties for fees, costs, or sanctions, pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of the Action. While denying any wrongdoing and/or liability, Defendant BlackBerry agrees that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties agree to refrain from making disparaging statements about the other in any press release, statements to the media, or other public communications (including statements made in court filings or in court) relating to the Settlement, including the claims to be released pursuant to the Settlement, including prior to the Effective Date. Nothing in this paragraph shall limit Defendant BlackBerry's ability to continue to publicly state that it denies wrongdoing as well as any liability for the claims made against Defendant BlackBerry.

8.4     Neither the Stipulation, nor the Settlement, nor any of their terms or provisions, nor any act performed or document executed pursuant to or in furtherance of them, nor any of the negotiations or proceedings connected with them: (a) is or may be deemed to be or may be used as, an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is, or may be deemed to be or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties

in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body. Any of the Released Defendant Parties may file the Stipulation and/or the Judgment in any action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or similar defense, argument, or counterclaim.

8.5    All agreements and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by reference. In the event there exists a conflict or inconsistency between the terms of the Stipulation, on the one hand, and any Exhibit on the other, the terms of this Stipulation shall govern.

8.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8    The Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, Plaintiffs shall not be responsible for any costs borne by Defendant BlackBerry or their counsel, and BlackBerry shall not be responsible for any costs borne by Plaintiffs or their counsel.

8.9    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to

effectuate its terms and are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Lead Counsel deem appropriate.

8.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    The Stipulation may be executed by electronic signature, in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Released Defendant Parties and the Released Plaintiffs' Parties.

8.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement. The Settling Parties agree that any action based on this Stipulation or to enforce any of its terms shall be brought in this Court.

8.14    Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

8.15    All terms of this Stipulation and the executed or so ordered versions of those ancillary documents which are attached hereto as Exhibits shall be governed by and interpreted according to the substantive laws of the State of New York, without giving regard or effect to its choice-of-law rules, except to the extent that federal law requires the application of federal law.

8.16    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.17    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Unless otherwise stated herein, any breach of any provision of this Stipulation by any Party hereto shall not constitute grounds for rescission of this Stipulation but shall constitute grounds only for a claim for specific performance for breach of this Stipulation.

IN WITNESS THEREOF, the Settling Parties hereto have caused the Stipulation to be executed effective this 7th day of June 2022.

**KAHN SWICK & FOTI, LLC**

Kim E. Miller
J. Ryan Lopatka
250 Park Ave., 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

-and-

Lewis S. Kahn
Craig J. Geraci, Jr.
1100 Poydras Street – Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Class Representatives and*
*Lead Plaintiffs and Co-Class Counsel*

**BROWER PIVEN**
 **A Professional Corporation**

David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Tel: (212) 501-9000

*Additional Counsel for Lead Plaintiffs*
*and Co-Class Counsel*

**MORRISON & FOERSTER LLP**     **BLACKBERRY LIMITED**

James J. Beha II
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000

Dan Marmalefsky
707 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 892-5200

Jordan Eth
425 Market Street
San Francisco, California 94105
(415) 268-7000

*Attorneys for Defendant BlackBerry Limited*

Steve Rai
Chief Financial Officer
BlackBerry Limited

**MORRISON & FOERSTER LLP**

                                       **BLACKBERRY LIMITED**

_____

James J. Beha II
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000

Steve Rai
Chief Financial Officer
BlackBerry Limited

Dan Marmalefsky
707 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 892-5200

Jordan Eth
425 Market Street
San Francisco, California 94105
(415) 268-7000

*Attorneys for Defendant BlackBerry Limited*