**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

MARVIN PEARLSTEIN, Individually and )
On Behalf of All Others Similarly Situated, )
                                   )
               Plaintiff, )
                                     )
       vs. )           **Case No. 1:13-CV-7060-CM**
                                     )
BLACKBERRY LIMITED (formerly known as )       **NOTICE OF PROPOSED**
RESEARCH IN MOTION LIMITED), )       **SETTLEMENT**
THORSTEN HEINS, BRIAN BIDULKA, )
and STEVE ZIPPERSTEIN, )       **EXHIBIT A-1**
                                     )
               Defendants. )

_____

## NOTICE OF PROPOSED SETTLEMENT,
## MOTION FOR ATTORNEYS' FEES AND SETTLEMENT HEARING

**If you purchased or otherwise acquired BlackBerry Limited common stock on the NASDAQ (ticker symbol "BBRY") between March 28, 2013 and September 20, 2013, inclusive, you could get a payment from a class action settlement.**[1]

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement resolves a federal class action lawsuit alleging that BlackBerry Limited ("BlackBerry" or the "Company") and certain of its officers and directors violated the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, by making materially false and misleading statements and omissions concerning BlackBerry's then-new BlackBerry 10 smartphones ("BB10s"), and the sufficiency of its accounting and public disclosures concerning the same, that maintained the price of BlackBerry's stock or otherwise prevented it from falling over the course of the Class Period.

- Defendants (as defined below) deny Plaintiffs' allegations. The Parties disagree on, among other things, whether Defendants violated any federal securities laws and whether the alleged violations actually caused any damages to the Class Members.

- The federal court has certified a Class consisting of all persons who purchased or otherwise acquired the common stock of BlackBerry Limited on the NASDAQ (ticker symbol "BBRY") in a Covered Transaction between March 28, 2013 and September 20, 2013 (the "Class Period"), and were damaged thereby, excluding any Person who purchased BlackBerry common stock from March 28, 2013 through April 10, 2013 and who sold all of their position prior to April 11, 2013, and excluding Defendants, officers, and directors of Defendants, members of their immediate families and their legal representative, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. "Covered Transaction" means: (i) a purchase of BlackBerry common stock in the United States; or (ii) a purchase of BlackBerry common stock on the NASDAQ stock exchange.

- The Settlement will provide a $165,000,000 cash Settlement Fund for the benefit of Class Members who purchased or otherwise acquired BlackBerry common stock between March 28, 2013, and September 20, 2013, inclusive. The average recovery per damaged share of BlackBerry common stock under the Settlement is $0.38 before deduction of fees and expenses. Your recovery from the Settlement Fund, however, will depend on a number of variables, including the number of shares of BlackBerry common stock you purchased during the Class Period, the timing of your purchases and any sales, and the number and amount of claims actually filed.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement, dated June 7, 2022.

1

- The Court-appointed Class Representatives are Todd Cox and Mary Dinzik ("Lead Plaintiffs" or "Plaintiffs"). The Defendants are BlackBerry and Thorsten Heins, Brian Bidulka, and Steve Zipperstein (the "Individual Defendants") (collectively, "Defendants"). The settling Defendant is BlackBerry.

- All claims against all Defendants will be dismissed upon the Effective Date of the Settlement.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____** | The only way to get a payment in this Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING AN OPT-OUT FORM BY _____** | Get no payment pursuant to this Settlement. This is the **only** option that allows you to be a part of any other lawsuit against the Defendants and their affiliates involving the claims released by this Settlement. Please note that if you exclude yourself from the Class and decide to pursue your own action individually, you may not be able to pursue certain claims due to the lapsing of certain applicable statutes of repose. |
| **OBJECT BY_____** | Write a letter to the Court objecting to the Settlement. You must still file a claim if you want to receive payment from the Settlement. |
| **GO TO A HEARING ON_____** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment from this Settlement. You will also be giving up your rights regarding all claims released by this Settlement and any other lawsuit as to the common stock. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals by Class Members are resolved.

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery Under the Settlement

Pursuant to the Settlement described herein, a $165,000,000 cash Settlement Fund has been established. Plaintiffs estimate that there were approximately 437.5 million BlackBerry common stock shares traded on the NASDAQ during the Class Period that may have been damaged. Plaintiffs estimate that the average recovery per damaged share of BlackBerry common stock under the Settlement is approximately $0.38 before deduction of fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund (defined below), determined by that Claimant's recognized loss (*i.e.*, a claim proved by timely submission of a valid Proof of Claim and Release form) as compared to the total recognized losses of all Class Members. This proportional allocation is called "proration." *See* the Plan of Allocation beginning on Page 12 for more information.

### Statement of Claims, Issues, Defenses, and Potential Outcome of Case

Plaintiffs allege that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by making materially false and misleading statements and omissions regarding the poor customer acceptance, high returns, sales and demand for the BB10s and the sufficiency of BlackBerry's accounting and public disclosures concerning the same.

Plaintiffs filed a First Consolidated Amended Class Action Complaint (the "FAC") on June 2, 2014, asserting claims against BlackBerry, Thorsten Heins, and Brian Bidulka. On July 29, 2014, BlackBerry, Thorsten Heins, and Brian Bidulka moved to dismiss the FAC, arguing that Plaintiffs did not adequately allege any valid claim under the federal securities laws. On March 13, 2015, the Honorable Judge Thomas P. Griesa granted the Motion to Dismiss and judgment was entered dismissing the FAC on March 17, 2015. On March 31, 2015, Plaintiffs moved for reconsideration of Judge Griesa's decision dismissing the FAC. On November 13, 2015, Judge Griesa denied Plaintiffs' motion for reconsideration. Plaintiffs appealed Judge Griesa's Orders to the United States Court of Appeals for the Second Circuit, which ultimately remanded the case to Judge Griesa for further proceedings.

Plaintiffs filed a Second Consolidated Amended Class Action Complaint (the "SAC") on September 29, 2017, asserting claims against BlackBerry, Thorsten Heins, Brian Bidulka, and Steve Zipperstein. On November 20, 2017, BlackBerry, Thorsten Heins, and Brian Bidulka moved to dismiss the SAC, again arguing that Plaintiffs did not adequately allege any valid claim under the federal securities laws. On December 1, 2017, Steve Zipperstein moved to dismiss the SAC, arguing that Plaintiffs did not adequately allege any valid claim against him under the federal securities laws and that the statute of limitations barred the claims against him. On December 13, 2017 the case was reassigned to the Honorable Judge Colleen McMahon. On March 19, 2018, the Court denied Defendants' Motions to Dismiss the SAC.

On June 8, 2020, Plaintiffs filed a Motion for Class Certification. The Court entered an Order certifying a Class on January 26, 2021. On September 10, 2021, the Court granted Plaintiffs'

Unopposed Motion for Approval of Notice of Pendency of Class Action and the approved Notice was distributed to Class Members on October 8, 2021.

Throughout the course of the litigation, Defendants produced approximately 11.5 million pages of documents, which were reviewed and analyzed by Plaintiffs. The Parties conducted approximately 36 depositions. The Parties presented a number of discovery disputes to Magistrate Judge Katharine H. Parker, who held conferences to resolve a variety of legal issues, including privilege log issues, redaction issues, and issues regarding the use and sufficiency of a validation protocol. The Parties collectively exchanged 7 expert reports on issues related to Class Certification and 10 expert reports on merits issues.

On April 19, 2021, Defendants moved for summary judgment. The Court denied Defendants' summary judgment motion in substantial part on January 3, 2022.

The Court held its Final Pre-Trial Conference on March 14, 2022. On April 6, 2022, one day before jury selection was scheduled to take place on April 7, 2022, a mediator's proposal was accepted by all Parties.

Had the case gone to trial, Defendants would have asserted a myriad of factual and legal defenses, including their argument that BlackBerry and the Individual Defendants fully complied with the federal securities laws and did not make any materially untrue or misleading statements or omissions. Defendants would also have contested: (1) the measure and amount of recoverable damages, if any; (2) the extent to which the statements that Plaintiffs alleged as materially false or misleading influenced (if at all) the trading prices of BlackBerry common stock during the relevant time period; and (3) whether any of them acted with scienter.

Furthermore, to the extent Plaintiffs succeeded on any claims, Defendants could have appealed, which could have resulted in additional years of litigation with no certainty as to outcome. Thus, had this Action continued, Plaintiffs and the Class would have faced the possibility of obtaining no recovery. This Settlement enables the Class to promptly recover a meaningful percentage of the alleged damages as calculated by Plaintiffs' Counsel in conjunction with their economic consultant, without incurring any additional risk. As a result, Plaintiffs and Plaintiffs' Counsel believe this Settlement is a fair, reasonable, and adequate recovery.

The Parties disagree on the amount of damages, if any, which would have been recoverable had Plaintiffs prevailed on any of their claims in this Action. Plaintiffs contend that the misrepresentations and omissions alleged in the Complaint were the direct cause of the artificial elevation and eventual decline in the price of BlackBerry's common stock and caused Plaintiffs and the Class to be damaged. Plaintiffs further contend that the alleged stock decline is fully attributable to the alleged misrepresentations and omissions set forth in the Complaint. Defendants contend that they made no misrepresentations or omissions and that the alleged misrepresentations and/or omissions set forth in the Complaint did not cause a decline in BlackBerry's common stock and, therefore, Plaintiffs and the Class are not entitled to any recovery.

## Statement of Attorneys' Fees and Costs Sought

Lead Counsel will move the Court to award (1) attorneys' fees in an amount not greater than one-third (33 1/3%) of the gross Settlement Fund, and (2) reimbursement of expenses incurred in connection with the prosecution of this Action not to exceed $4,500,000. The requested fees and expenses, which will be paid out of the gross Settlement Fund, would amount to an average of not more than $0.14 per damaged share in total for fees and expenses for BlackBerry common stock shares. *See* Questions 8-11 below for more information. Class Members are not personally liable for any such fees, expenses, or compensation.

**Further Information**

Further information regarding the Action and this Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Hearing (the "Notice") may be obtained by contacting Lead Counsel: Lewis S. Kahn, Esq., Kahn Swick & Foti, LLC, 1100 Poydras Street, Suite 3200, New Orleans, Louisiana 70163, Telephone: 504-455-1400.

**Reasons for the Settlement**

For Plaintiffs, the principal reason for the Settlement is the benefit to be provided to the Class at this time, compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future. Plaintiffs further considered, after conducting a substantial investigation into the facts of the case, including the review and analysis of approximately 12 million pages of documents and taking the depositions of dozens of fact and expert witnesses, the risks to proving liability and damages and to sustaining a certified class through trial. For Defendant BlackBerry, which denies all allegations of wrongdoing or liability, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM FORM

**1.      How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim and Release form ("Claim Form"). A Claim Form is being circulated with this Notice. You may also get a Claim Form on the Internet at www.BlackBerryUSSecuritiesLitigation.com. Read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____.

**2.      When would I get my payment?**

The Court will hold a hearing on _____, to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals by Class Members. Resolving appeals can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.

**3.      What am I giving up to get a payment?**

Unless you specifically exclude yourself, you will be treated as a member of this Class Action. This means that upon the Effective Date, you will relinquish all Released Claims against the Released Defendant Parties. These terms are defined below:

"Released Claims" means all claims (including but not limited to Unknown Claims), demands, losses, rights, liabilities, suits, debts, obligations, damages, judgments, matters, issues, and causes of action of any nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, whether class and/or individual in nature that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, by Plaintiffs, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys and agents, whether brought directly, indirectly, or derivatively against any of the Released Defendant Parties, which arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations or omissions involved, set forth, alleged or referred to in the Action, or which could have been alleged in the Action, including but not limited to the allegations, transactions, facts, matters, occurrences, disclosures, statements, filings, representations, events, or omissions that Plaintiffs or any other Class Member asserted in the Complaint, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of BlackBerry common stock, by any members of the Class during the Class Period, and/or any disclosures, public filings, registration statements, or other statements by BlackBerry or any Defendant based upon or arising out of any facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were asserted or could have been asserted in this Action or in any other action or forum, whether arising under federal, state, common or foreign law.

"Released Defendant Parties" means Defendant BlackBerry, its past, present and future direct and indirect parent entities, parent corporations, sister corporations, subsidiaries, related entities and affiliates, and, as applicable, their respective past and present general partners, limited partners, principals, shareholders, investors (however denominated), joint ventures, members, officers (including the Individual Defendants), directors, managers, managing directors, supervisors, employees, contractors, servants, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, assignors, legatees, devisees, estates, settlors, beneficiaries, heirs, executors, successors-in-interest, administrators, and any controlling person thereof.

The "Effective Date" will occur when an order entered by the Court approving the

Settlement becomes final and not subject to appeal.

If you remain a Member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Released Defendant Parties in some other lawsuit as to the Released Claims in this lawsuit, then you must take steps to remove yourself from this lawsuit. **If you exclude yourself from the Class and decide to pursue your own action individually, you may not be able to pursue certain claims due to the expiration of certain applicable statutes of repose. You may wish to consult with your own counsel before excluding yourself or "opting out" of the Settlement.** If more than a certain percentage of Class Members opt out or exclude themselves from the Settlement, Defendant BlackBerry may withdraw from and terminate the Settlement.

**4.      How do I exclude myself from the proposed settlement?**

To exclude yourself from the Settlement, you must send a signed letter by mail stating that you "request exclusion from the Class in *Pearlstein, et al. v. BlackBerry Limited, et al.*, Civil Action No. 1:13-cv-7060." Your letter should state the date(s), price(s), and number of shares of all your purchases and sales of BlackBerry common stock in Covered Transactions during the Class Period. In addition, be sure to include your name, address, telephone number, and signature. You must mail your exclusion request so that it is received no later than _____ to:

BlackBerry U.S. Securities Litigation          BlackBerry U.S. Securities Litigation
c/o JND Legal Administration                  c/o JND Legal Administration
P.O. Box 91399                               _____
Seattle, WA 98111                            _____, __ _____
(by regular or express mail)                 (by express delivery service)

You cannot exclude yourself by telephone or by email. If you ask to be excluded, you will not get any Settlement payment and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendant BlackBerry and the other Released Defendant Parties in the future. If you exclude yourself, do not send in a Claim Form to ask for any money.

**5.      If I do not exclude myself from the Settlement, can I sue BlackBerry and the other Released Defendant Parties later for the same alleged conduct?**

No. Unless you exclude yourself, you give up any rights to sue Defendant BlackBerry and the other Released Defendant Parties for any and all Released Claims. **If you exclude yourself from the Class, you may not be able to pursue certain claims due to the expiration of certain applicable statutes of repose.** Remember, the exclusion deadline is _____.

6.      **If I exclude myself from the Settlement, can I get money from the proposed settlement?**

No.

## IF YOU DO NOTHING

7.      **What happens if I do nothing?**

The judgment of the Court will be binding upon you if you do nothing. You will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendant BlackBerry and the other Released Defendant Parties about the Released Claims in this case, ever again. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 1). To start, continue, or be a part of any other lawsuit against Defendant BlackBerry and the other Released Defendant Parties about the Released Claims in this case, you must exclude yourself from this Class (*see* Question 4).

## THE LAWYERS REPRESENTING CLASS MEMBERS

8.      **Do I have a lawyer in this case?**

The Court ordered that Lead Counsel Kahn Swick & Foti, LLC ("KSF") and Brower Piven, A Professional Corporation ("Brower Piven") represent all Class Members. The Court also approved Beck Redden LLP ("Beck Redden") to serve the Class as Additional Trial Counsel. Collectively, these firms are called Plaintiffs' Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

9.      **How will Lead Counsel and Plaintiffs' Counsel be paid?**

Lead Counsel will move the Court to award Plaintiffs' Counsel's attorneys' fees from the gross Settlement Fund in a total amount not greater than one-third (33 1/3%) of the gross Settlement Fund. Lead Counsel also will move the Court to award Plaintiffs' Counsel reimbursement of their expenses in an amount no greater than $4,500,000, plus interest. Lead Counsel also intends to request the Court grant awards to each of the Lead Plaintiffs, in accordance with 15 U.S.C. § 78u-4(a)(4), not to exceed $125,000 each, as reimbursement for their time and expenses in overseeing the prosecution of this Action. Lead Counsel KSF has entered into fee and work sharing agreements with Brower Piven and Beck Redden, and Lead Counsel intends to share part of any attorneys' fees awarded by the Court with Brower Piven and Beck Redden in accordance with those firms' efforts in this litigation that were undertaken at the specific direction of Lead Counsel. All of these amounts will be paid out of the gross Settlement Fund.

10.     **How will the notice costs and expenses be paid?**

Lead Counsel is authorized by the Stipulation to pay the Claims Administrator's fees and

expenses incurred in connection with giving notice, administering the settlement, and distributing the settlement proceeds to the members of the Class. The Claims Administrator's fees and expenses will be paid out of the gross Settlement Fund. The Claims Administrator was selected through a competitive bidding process and multiple bids were reviewed and considered.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**11.      How do I object to the Settlement?**

If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection(s). You should state reasons why you think the Court should not approve any or all of the settlement terms or arrangements.

You must object in writing by sending a signed letter stating that you object to the proposed settlement in *Pearlstein, et al. v. BlackBerry Limited, et al.*, Civil Action No. 1:13-cv-7060 (S.D.N.Y.). Your objection must include a cover page identifying this case name and number and naming the hearing date of _____, at _____ in Courtroom 24A of the Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007. Be sure to include your name, address, telephone number, and signature; identify the date(s), price(s), and number of shares of all purchases and sales of BlackBerry common stock you made on the NASDAQ during the Class Period and state the reasons why you object to the Settlement. Your objection must be postmarked on or before _____ to the Court; Kahn Swick & Foti, LLC, on behalf of the Plaintiffs; and Counsel for the Defendants at the following addresses:

**COURT:**

Clerk of the Court
Daniel Patrick Moynihan U.S. Courthouse – Southern District of New York
500 Pearl Street
New York, NY 10007

**FOR CLASS REPRESENTATIVES AND LEAD PLAINTIFFS:**

Lewis S. Kahn
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, LA 70163

*Lead Counsel for Lead Plaintiffs and the Class*

**FOR DEFENDANTS:**

James J. Beha II
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019

*Counsel for Defendant BlackBerry Limited*

You do not need to go to the Settlement Hearing to have your written objection considered by the Court.

At the Settlement Hearing, any Class Member who has not previously submitted a request for exclusion from the Class may appear and be heard, to the extent allowed by the Court, to state any objection to the settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing. If you or your representative intend to appear in person but have not submitted a written objection postmarked by _____, it is recommended that you give advance notice to Lead Counsel and/or counsel for Defendants of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided above.

## 12.    What is the difference between objecting to the Settlement and excluding myself from the Settlement?

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## <u>THE COURT'S SETTLEMENT HEARING</u>

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

## 13.    When and where will the Court decide whether to approve the proposed settlement?

The Court will hold a Settlement Hearing on _____, at _____ in Courtroom 24A of the Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections mailed in accordance with the instructions in the answer to Question 11. The Court also will listen to people who seek to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. *See* Question 11 for more information about speaking at the hearing. The Court will also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve

the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing. The Court may also order the hearing to be held remotely. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

## GETTING MORE INFORMATION

### 14.   Are there more details about the proposed settlement?

This Notice summarizes the proposed settlement. More details are contained in a Stipulation of Settlement with Defendant BlackBerry dated June 7, 2022 (the "Stipulation"). You can get a copy of the Stipulation by writing to Lead Counsel at their address above.

You also can call the Claims Administrator toll-free at 1-888-691-2864; write to the Claims Administrator at BlackBerry U.S. Securities Litigation, c/o JND Legal Administration, P.O. Box 91399, Seattle, WA 98111; or visit the website at www.BlackBerryUSSecuritiesLitigation.com, where you will find a Claim Form, answers to common questions about the Settlement, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

### 15.   How do I get more information?

For more detailed information concerning the matters involved in this Action, you can inspect the pleadings, the Stipulation, the Orders entered by the Court, and the other papers filed in the Action at the Office of the Clerk, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, NY 10007, during regular business hours. You may also contact Lead Counsel.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

This Plan of Allocation has been prepared by Plaintiffs and Lead Counsel with the assistance of their economics consultant. Defendants dispute that any damages were suffered by any Members of the Class.

The $165,000,000 cash Settlement Amount and the interest earned thereon shall be the gross Settlement Fund. The gross Settlement Fund, less all taxes and approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Members of the Class who submit acceptable Claim Forms ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss. The recognized loss formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The recognized loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects the allegations in the Second Amended Consolidated Class Action Complaint (the "SAC") that Defendants made materially false and misleading statements and omissions regarding the poor customer acceptance, high returns, sales and demand for the BB10s and the sufficiency of BlackBerry's accounting and public disclosures concerning the same. The SAC alleges that these misrepresentations resulted in the artificial inflation of the prices of the Company's common stock during the Class Period from March 28, 2013 through September 20, 2013, inclusive. Defendants deny that they did anything wrong.

Each Authorized Claimant shall be paid based on the percentage of the Net Settlement Fund that each Authorized Claimant's recognized loss bears to the total of the recognized losses of all Authorized Claimants (the "Pro Rata Share").

Shares eligible for recognizable losses are those shares of BlackBerry's common stock purchased or otherwise acquired in Covered Transactions from March 28, 2013 through September 20, 2013, inclusive.

"Covered Transaction" means either: (i) a transaction in BlackBerry common stock in the United States; or (ii) a transaction in BlackBerry common stock on the NASDAQ stock exchange.

## PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects the allegations of the SAC and the advice of Plaintiffs' damages expert, including a review of publicly available information regarding BlackBerry and statistical analysis of the price movements of BlackBerry common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

2.      The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.

3.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts from March 28, 2013 through September 20, 2013, inclusive, that inflated the price of BlackBerry common stock. Plaintiffs argue that multiple corrective disclosures released to the market between April 11, 2013 and September 20, 2013 revealed the allegedly misrepresented information, impacted the market price of BlackBerry common stock, and partially removed alleged artificial inflation from the BlackBerry common stock price on April 11, 2013, June 28, 2013, and September 20, 2013.

4.     Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired BlackBerry common stock during the Class Period must have held those shares through at least one of the dates where Plaintiffs allege new corrective information was released to the market and partially removed the alleged artificial inflation from the price of BlackBerry common stock.

## CALCULATION OF RECOGNIZED LOSS

5.     A Recognized Loss Amount will be calculated for each share of BlackBerry common stock purchased or acquired during the Class Period from March 28, 2013, through September 20, 2013, inclusive. If the calculation of a Recognized Loss Amount for any particular share purchased or acquired during the Class Period results in a negative number, that number shall be set to zero.

6.     For each share of BlackBerry common stock purchased or otherwise acquired during the Class Period, and:

    i.    sold before April 11, 2013, the Recognized Loss Amount for each share shall be zero;

    ii.    sold from April 11, 2013, up to and including the halt of market trading at approximately 3:00 p.m. EST on September 20, 2013, the Recognized Loss Amount for each share is ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below **minus** the amount of artificial inflation per share on the date of sale as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** the sale price;

    iii.    sold from the resumption of market trading at approximately 3:36 p.m. EST on September 20, 2013 through and including the close of market trading on December 18, 2013, the Recognized Loss Amount for each share is ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; (ii) the purchase/acquisition price **minus** the average closing price between September 20, 2013 and the date of sale as

stated in Table 2 below;[2] or (iii) the purchase/acquisition price **minus** the sale price;

    iv.    held as of the close of market trading on December 18, 2013, the Recognized Loss Amount for each share is ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table 1 below; or (ii) the purchase/acquisition price **minus** $7.17, the average closing price of BlackBerry common stock between September 20, 2013 and December 18, 2013, as shown on the last line of Table 2 below.

## ADDITIONAL PROVISIONS

7.    The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

8.    If a Class Member has more than one purchase/acquisition or sale of BlackBerry common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

9.    Purchases or acquisitions of BlackBerry common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of BlackBerry common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these BlackBerry common stock shares for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of BlackBerry common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of BlackBerry common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of BlackBerry common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

10.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the BlackBerry common stock shares. The date of a "short sale" is deemed to be the date of sale of BlackBerry common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases/acquisition covering "short sales" is

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of BlackBerry common stock during the "90-day look-back period," September 20, 2013 through and including December 18, 2013. The mean (average) closing price for BlackBerry common stock during this 90-day look-back period was $7.17.

zero. In the event that a Claimant has an opening short position in BlackBerry common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

11.    With respect to BlackBerry common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

13.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20 or greater. If the prorated payment to any Authorized Claimant calculates to less than $20, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $20 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

15.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, or other agent designated by Lead Counsel, Defendants, Defendants' Counsel, or any other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all of Plaintiffs' Releasees or Defendants' Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination,

administration, calculation, or payment of any Claim or any actions taken (or not taken) by the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

16.     The Plan of Allocation set forth herein is the plan that is being proposed by the Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted to the website for this Settlement, www.BlackBerryUSSecuritiesLitigation.com.

**TABLE 1**

**Common Share Alleged Artificial Inflation**

| Transaction Date: | Alleged Artificial Inflation Per Share: |
|---|---|
| March 28, 2013 – April 10, 2013 | $5.89 |
| April 11, 2013 – June 27, 2013 | $4.72 |
| June 28, 2013 – August 9, 2013 | $0.81 |
| August 12, 2013 – September 20, 2013 (before trading halt) | $1.75 |

**TABLE 2**

**BlackBerry Common Share Price and Average 90-Day Look-Back Price
September 20, 2013– December 18, 2013**

| Date: | BlackBerry Common Stock Closing Price: | BlackBerry Common Stock Average Closing Price Between September 20, 2013 and Date Shown Closing Price: |
|---|---|---|
| September 20, 2013 | $8.73 | $8.73 |
| September 23, 2013 | $8.82 | $8.77 |
| September 24, 2013 | $8.53 | $8.69 |
| September 25, 2013 | $8.01 | $8.52 |
| September 26, 2013 | $7.95 | $8.41 |
| September 27, 2013 | $8.03 | $8.34 |
| September 30, 2013 | $7.95 | $8.29 |
| October 1, 2013 | $7.92 | $8.24 |
| October 2, 2013 | $7.96 | $8.21 |
| October 3, 2013 | $7.73 | $8.16 |
| October 4, 2013 | $7.69 | $8.12 |
| October 7, 2013 | $7.97 | $8.11 |
| October 8, 2013 | $7.98 | $8.10 |
| October 9, 2013 | $8.11 | $8.10 |
| October 10, 2013 | $8.20 | $8.10 |
| October 11, 2013 | $8.07 | $8.10 |
| October 14, 2013 | $8.14 | $8.10 |
| October 15, 2013 | $8.15 | $8.11 |
| October 16, 2013 | $8.13 | $8.11 |
| October 17, 2013 | $8.20 | $8.11 |
| October 18, 2013 | $8.38 | $8.13 |
| October 21, 2013 | $8.25 | $8.13 |
| October 22, 2013 | $8.24 | $8.14 |

| Date: | BlackBerry Common Stock Closing Price: | BlackBerry Common Stock Average Closing Price Between September 20, 2013 and Date Shown Closing Price: |
|---|---|---|
| October 23, 2013 | $8.15 | $8.14 |
| October 24, 2013 | $8.25 | $8.14 |
| October 25, 2013 | $8.23 | $8.14 |
| October 28, 2013 | $8.20 | $8.15 |
| October 29, 2013 | $8.32 | $8.15 |
| October 30, 2013 | $8.14 | $8.15 |
| October 31, 2013 | $7.93 | $8.14 |
| November 1, 2013 | $7.77 | $8.13 |
| November 4, 2013 | $6.50 | $8.08 |
| November 5, 2013 | $6.67 | $8.04 |
| November 6, 2013 | $6.66 | $8.00 |
| November 7, 2013 | $6.51 | $7.96 |
| November 8, 2013 | $6.56 | $7.92 |
| November 11, 2013 | $6.49 | $7.88 |
| November 12, 2013 | $6.48 | $7.84 |
| November 13, 2013 | $6.52 | $7.81 |
| November 14, 2013 | $6.48 | $7.77 |
| November 15, 2013 | $6.43 | $7.74 |
| November 18, 2013 | $6.17 | $7.70 |
| November 19, 2013 | $6.08 | $7.67 |
| November 20, 2013 | $6.08 | $7.63 |
| November 21, 2013 | $6.04 | $7.59 |
| November 22, 2013 | $6.24 | $7.56 |
| November 25, 2013 | $6.25 | $7.54 |
| November 26, 2013 | $6.36 | $7.51 |
| November 27, 2013 | $6.38 | $7.49 |
| November 29, 2013 | $6.33 | $7.47 |
| December 2, 2013 | $6.41 | $7.45 |
| December 3, 2013 | $6.30 | $7.42 |
| December 4, 2013 | $6.14 | $7.40 |
| December 5, 2013 | $5.90 | $7.37 |
| December 6, 2013 | $5.88 | $7.34 |
| December 9, 2013 | $5.75 | $7.32 |
| December 10, 2013 | $5.97 | $7.29 |
| December 11, 2013 | $5.97 | $7.27 |
| December 12, 2013 | $5.91 | $7.25 |
| December 13, 2013 | $6.08 | $7.23 |
| December 16, 2013 | $6.20 | $7.21 |
| December 17, 2013 | $6.11 | $7.19 |
| December 18, 2013 | $6.06 | $7.17 |

## <u>SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES</u>

If you purchased common stock of BlackBerry in a Covered Transaction from March 28, 2013 to September 20, 2013, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased BlackBerry common stock during such time period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of that BlackBerry common stock. If you choose to follow alternative procedure (b), the Court has directed that upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.05 for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

BlackBerry U.S. Securities Litigation  BlackBerry U.S. Securities Litigation
c/o JND Legal Administration    c/o JND Legal Administration
P.O. Box 91399            _____
Seattle, WA 98111         _____, __ _____
(by regular or express mail)     (by express delivery service)

If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

DATED: _____  _____
            THE HONORABLE COLLEEN MCMAHON
            UNITED STATES DISTRICT JUDGE
            SOUTHERN DISTRICT OF NEW YORK