UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, <br><br> Defendants. | Case No. 1:13-CV-7060-CM-KHP |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS DISTRIBUTION ORDER

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (*admitted PHV*)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

Lewis S. Kahn (*admitted PHV*)
Craig J. Geraci, Jr. (*admitted PHV*)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

*Lead Counsel for Lead Plaintiffs and Class Counsel*

**BROWER PIVEN**
 A Professional Corporation
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Tel: (212) 501-9000

*Additional Class Counsel*

Lead Plaintiffs and Class Representatives Todd Cox and Mary Dinzik ("Plaintiffs") submit this memorandum of law in support of their Motion for Class Distribution order ("Order") and respectfully request that the Court issue an order authorizing distribution of the Net Settlement Fund[1] in the form proposed and submitted herewith.

Based on the Claims Administrator's analysis of the Proofs of Claim submitted in this Action, 3,251 Claimants have submitted valid and properly documented claims ("Authorized Claimants"). Plaintiffs now seek to distribute the Net Settlement Fund to the Authorized Claimants on a *pro rata* basis.

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

## CLAIMS ADMINISTRATION

On September 29, 2022, the Court held a hearing to consider the proposed settlement. By Judgment and Order of Final Approval dated September 29, 2022 ("Final Order"), the Court approved the Parties' $165,000,000 settlement as fair, reasonable, and adequate, and directed the Parties to consummate the Stipulation in accordance with its terms and provisions.

Under the terms of the Stipulation, the Settlement Fund was established for the settlement of the claims asserted against Defendants. All Class Members wishing to participate in the Settlement were required to submit Proofs of Claim, postmarked no later than September 7, 2022, together with adequate supporting documentation for the transactions and holdings reported therein. *See* Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Class Distribution Order ("Distribution Decl.") filed herewith, at ¶ 4. As a result of a very effective

---

[1] Unless otherwise indicated, all initially capitalized terms used herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, fully executed on June 7, 2022 (ECF No. 837).

notice program, JND Legal Administration ("JND") – the Court-appointed Claims Administrator – received 12,148 Claim Forms as of February 15, 2023. *Id*. As demonstrated by the Distribution Declaration, JND reviewed all 12,148 submitted claims and, to the extent that a claim was deficient in any regard, JND notified the Claimant of the deficiency and advised the Claimant as to the possible ways to cure the deficiency. *Id.* at ¶¶ 20-30. Attached as Exhibit A to the Distribution Declaration is an example of the notice of rejection letter used to notify Claimants of the rejection of their claims in part or whole.

As a result of the claims handling process explained above, JND determined that 8,897 claims are ineligible to receive a distribution. Of those ineligible claims: (a) 3,193 did not fit the definition of the Class; (b) 2,710 did not result in a Recognized Claim (*i.e.,* a validly documented claim for which the trades resulted in a Recognized Loss) under the Court-approved Plan of Allocation; (c) 27 were duplicates; and (d) 95 were withdrawn. *See* Distribution Decl. at ¶ 41.[2]

JND has accepted 3,251 Claims (*i.e.*, 3,197 Timely Eligible Claims and 54 Late But Otherwise Eligible Claims) representing a total Recognized Loss amount of $114,664,880.64. *Id.* at ¶¶ 39-40. The total Recognized Loss Amount for the 54 Late but Otherwise Eligible Claims is $9,770,478.57, or less than 9% of the total Recognized Loss Amount. *Id.* at ¶ 40. Lead Counsel believes that no delay has resulted from the acceptance of these late claims. Moreover, Lead Counsel believes that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, Lead Counsel

---

[2] JND received three (3) requests for Court review from Claimants whose claims were rejected. *See* Distribution Decl. at ¶ 31. Through JND's deficiency process, all 3 Claims for which Court review was requested were resolved because of JND's explanation and discussions with the Claimants. Currently, there are no disputes that require Court review. *Id.*

respectfully requests that this Court approve the administrative determination not to reject claims submitted after the September 7, 2022 submission deadline because of lateness.

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this Motion would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an order directing that no claim received after February 15, 2023, be accepted for any reason whatsoever. *See id.* at ¶ 33. It is respectfully requested that the Court approve the administrative determinations accepting and rejecting claims as set forth herein.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Plaintiffs request an order approving payment of the remaining fees and expenses of the Claims Administrator. In accordance with JND's agreement with Lead Counsel to act as the Claims Administrator herein, JND was responsible for mailing Notice, maintaining a website and Claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and distributing the Net Settlement Fund to accepted Claimants. To date, JND has been reimbursed $92,490.80 for its fees and expenses. *Id.* at ¶ 46. JND's outstanding fees and expenses total $301,379.04, consisting of $271,394.25 in fees and expenses already incurred and currently owing, and $29,984.79 to be reserved in anticipation of the work that will be performed for the Initial Distribution, to satisfy all administration fees and expenses). *See* Distribution Decl. at ¶ 36 & Exhibit F thereto.

## DISTRIBUTION OF NET SETTLEMENT FUND

Plaintiffs also respectfully request that the Court enter an order directing and authorizing the Initial Distribution of the balance of the Settlement Fund plus interest accrued thereon (after deduction of fees and expenses previously awarded and requested herein and any taxes owing) to

the Class Members whose 3,251 claims have been accepted as set forth on the list of accepted claims submitted with the Distribution Declaration, in proportion to their Recognized Claims as shown therein. *See* Distribution Decl. at Exhibits C and D thereto. As indicated in the Distribution Declaration, the total Recognized Losses of all 3,251 eligible claims computed in accordance with the Plan of Allocation set forth in the Notice are $114,664,880.64. *Id.* at ¶¶ 39-40. This represents a net recovery of approximately **92.56%** for all valid claims.

If there is any balance remaining in the Net Settlement Fund after at least six (6) months after the Initial Distribution (whether by reason of tax refunds, uncashed checks, or otherwise), then, if Lead Counsel, in consultation with JND, determines that it is cost-effective to do so, JND will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). *See* Distribution Decl. at ¶ 47(d). Any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $20.00 from the Second Distribution. *Id.*

Additional distributions will continue if Lead Counsel, in consultation with JND, determines that such redistributions will be cost-effective, after deducting JND's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such further distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees. *Id.* at ¶ 46(e) At such time as Lead Counsel, in consultation with JND, determines that further redistribution of

the funds remaining in the Net Settlement Fund is not cost-effective, Plaintiffs will propose to the Court for its approval an appropriate 501(c)(3) non-profit organization(s) beneficiary. *Id.*

## RELEASE OF CLAIMS

To ensure the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, their counsel, Defendants, their counsel, the Claims Administrator, the Escrow Agent or any other person involved in the administration or taxation of the Settlement Fund or Net Settlement Fund, beyond the amounts allocated to such Class Member by this Court's Orders. *See In re Patriot Nat'l, Inc. Sec. Litig.*, No. 1:17-cv-01866-ER, 2021 WL 1040462 at *2 (S.D.N.Y. Mar. 18, 2021); *In re Merrill Lynch & Co., Inc. Sec., Deriv. and ERISA Litig.*, No. 07-cv-9633 (JSR)(DFE), 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).

## CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion for an Order for Distribution of the Net Settlement Fund.

5

DATED: February 28, 2023                    Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

*/s/ Kim E. Miller*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted PHV)
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn (admitted PHV)
Craig J. Geraci, Jr. (admitted PHV)
1100 Poydras St. Ste. 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com

*Lead Counsel for Lead Plaintiffs and Class Counsel*

**BROWER PIVEN**
 **A Professional Corporation**

*/s/ David A.P. Brower*
David A.P. Brower
136 Madison Avenue, 5th Floor
New York, NY 10016
Tel: (212) 501-9000

*Additional Class Counsel*

## CERTIFICATE OF SERVICE

On February 28, 2023, the foregoing document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kim E. Miller*
Kim E. Miller