UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN PEARLSTEIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:13-CV-7060-CM-KHP |
| BLACKBERRY LIMITED (formerly known as RESEARCH IN MOTION LIMITED), THORSTEN HEINS, BRIAN BIDULKA, and STEVE ZIPPERSTEIN, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### [PROPOSED] CLASS DISTRIBUTION ORDER

WHEREAS, by Judgment and Order of Final Approval, dated September 29, 2022 (the "Final Order"), this Court approved (i) the terms of the June 7, 2022 Stipulation and Agreement of Settlement (ECF No. 837) ("Stipulation"), settling this Action for $165,000,000; (ii) a Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of attorneys' fees and expenses, and compensatory awards to Lead Plaintiffs and Class Representatives (ECF No. 836).[1]

WHEREAS, the Court-approved Claims Administrator, JND Legal Administration ("JND"), has determined that 3,251 valid claims representing Recognized Losses of $114,664,880.64 were filed, representing a net recovery of approximately **92.56%**[2] for all valid

---

[1] Unless otherwise indicated, all initially capitalized terms used herein shall have the meanings ascribed to them in the Stipulation.

[2] The net recovery represents the total amount that will be available for distribution to valid claimants after deducting awarded fees and expenses, compensatory payments previously awarded to Plaintiffs, taxes to be paid from the Settlement Fund and the Claims Administrator's fees and expenses referenced herein, divided by total Recognized Claims, or the Net Settlement Fund divided by $114,664,880.64.

claims;[3]

WHEREAS, JND's remaining fees and expenses for the administration of the Settlement up to the Initial Distribution of the Net Settlement Fund ("Initial Distribution") amount to $271,394.25; the estimated cost of conducting the Initial Distribution is $29,984.79; and, therefore, the total amount requested from the Settlement Fund to be paid or reserved at this time is $301,379.04;

WHEREAS, this Court has authorized and directed the Parties to implement all of the terms and provisions of the Stipulation; and

WHEREAS, this Court has retained jurisdiction over this Action for the purpose of considering any further application or matter which may arise in connection with the administration and distribution of the Settlement;

NOW, THEREFORE, upon consideration of Plaintiffs' Motion for Class Distribution Order ("Motion"), the Memorandum of Law in Support of the Motion, the Declaration of Luiggy Segura in Support of Plaintiffs' Motion for Class Distribution Order ("Distribution Declaration"), upon all prior proceedings herein, and after due deliberation,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion is granted;
2. Distribution of the Net Settlement Fund will commence no later than 45 days after entry of this Order;
3. JND's determinations accepting valid claims, as indicated in Exhibits C and D of the Distribution Declaration are approved and such claims are hereby accepted;
4. JND's determinations rejecting claims, as indicated in Exhibit E of the Distribution Declaration, are approved and such claims are hereby rejected;
5. Any claims filed after February 15, 2023 are hereby barred, and JND shall not accept any additional documentation related to claims that were deficient as of February 15, 2023;

---

[3] This number includes 3,197 timely filed valid claims and 54 late but otherwise valid claims.

2

6. JND will conduct an initial distribution (the "Initial Distribution") of the Net Settlement Fund, after deducting all payments approved by the Court, and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 10% reserve to address any tax liability and claims administration-related contingencies that may arise, as further described in the Distribution Declaration.

7. The Court adopts the following procedures for residual funds that may remain in the Net Settlement Fund, from uncashed checks or otherwise: No earlier than six (6) months from the date of the Initial Distribution any unclaimed, residual balance in the Net Settlement Fund shall be used first to pay any remaining amounts due to the Claims Administrator, then if practicable to distribute to all Claimants who have cashed their checks from the first distribution and whose proportionate share of the remaining Net Settlement Fund is $20.00 or more, after reserving for the Claims Administrator the anticipated costs of a second distribution. If any sums remain unclaimed from a second distribution and Lead Counsel determines that another distribution would be cost-effective, any unclaimed, residual balance in the Net Settlement Fund shall be distributed to all Claimants who have cashed their checks from the first distribution and whose proportionate share of the remaining Net Settlement Fund is $20.00 or more. At such time as Lead Counsel determines that further distribution is impracticable, it will propose to the Court for approval an appropriate 501(c)(3) non-profit beneficiary;

8. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Court's order; and

9. This Court retains jurisdiction over any further application or matter that may arise in connection with the distribution of the Net Settlement Fund.

**SO ORDERED:**

DATED: _____

                                          _____
                                          UNITED STATES DISTRICT JUDGE
                                          HON. COLLEEN MCMAHON